**Nicholas J. Henderson, OSB#074027**
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Of Proposed Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>CHRISTIAN S. RADABAUGH, SR.<br><br>　　　　　Debtor. | Case No.<br><br>DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY BANKRUPTCY COUNSEL (MOTSCHENBACHER & BLATTNER, LLP) |

Christian S. Radabaugh, Sr. (the "Debtor"), as debtor-in-possession, hereby moves this Court for entry of an order authorizing him to employ Motschenbacher & Blattner, LLP ("M&B") as his general bankruptcy counsel in this case. In support of this application, the Debtor represents:

**BACKGROUND**

1. On December 7, 2018 (the "Petition Date"), the Debtor filed herein a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor is continuing in the management and possession of its business and properties as debtor in possession under sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been requested

or appointed in this case, and the United States trustee has not appointed an official committee of creditors.

2.      The Debtor is an individual who owns and operates a cattle ranch in Redmond, Oregon.  The Debtor's debts are not primarily consumer debts.

3.      M&B commenced rendering prepetition bankruptcy services to the Debtor on December 6, 2018. The details concerning M&B's engagement as bankruptcy counsel, and the payments made to M&B in connection with that engagement, are disclosed in the accompanying Rule 2014 Statement.

## JURISDICTION

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and LR 2100-1. Consideration of this application constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). The statutory predicates for the relief sought by this application are sections 327(a) and 1107 of the Bankruptcy Code. Venue is proper under 28 U.S.C. § 1408.

## RELIEF REQUESTED

5.      Debtor seeks entry of an order under 11 U.S.C. § 327 and 328, effective as of the Petition Date, authorizing it to employ M&B as its general bankruptcy counsel in this Chapter 11 case on the terms set forth in the attached Bankruptcy Attorney-Client Fee Agreement attached hereto as **Exhibit 1.**  The Agreement contemplates compensation on an hourly basis, but with a Chapter 7 Risk Fee in the amount of $8,200, which is earned upon receipt.

6.      A proposed form of order is attached as **Exhibit 2**.

/ / / / /

/ / / / /

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

# POINTS AND AUTHORITIES

7. Subject to further order of this Court, and without being exhaustive, the Debtor proposes to engage M&B for purposes of (i) consulting with it concerning the administration of the case, (ii) advising him with regard to its rights, powers and duties as a debtor in possession, (iii) investigating and, if appropriate, prosecuting on behalf of the estate claims and causes of action belonging to the estate, (iv) advising it concerning alternatives for restructuring its debts and financial affairs pursuant to a plan or, if appropriate, liquidating its assets, and (v) preparing the bankruptcy schedules, statements and lists required to be filed by the Debtor under the Bankruptcy Code and applicable

procedural rules.

8. The Debtor has selected M&B for the reason that it believes the firm is well qualified to represent it in this case. M&B has substantial expertise in matters relating to bankruptcy and business reorganizations.

9. The proposed rate of compensation, subject to this Court's approval, is the customary hourly rates in effect when services are performed by the attorneys and other firm personnel who provide professional services to the Debtor. The hourly rates for those persons presently designated to work on this case are as follows:

| Name | Title | Hourly Rate (Current) | Hourly Rate (Effective 1/1/19) |
|---|---|---|---|
| Anthony J. Motschenbacher | Partner | $375.00 | $395.00 |
| Christopher C. S. Blattner | Partner | $375.00 | $395.00 |
| Nicholas J. Henderson | Partner | $375.00 | $395.00 |
| Gregory J. Englund | Partner | $375.000 | $395.00 |
| Alex C. Trauman | Partner | $375.00 | $395.00 |

Page 3 – DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY BANKRUPTCY COUNSEL

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

| Name | Title | Hourly Rate (Current) | Hourly Rate (Effective 1/1/19) |
|---|---|---|---|
| Troy G. Sexton | Associate | $335.00 | $350.00 |
| Jeremy Tolchin | Associate | $315.00 | $335.00 |
| Sean Glinka | Associate | $315.00 | $315.00 |
| Legal Assistants and Paralegals | Legal Assistant | $80.00 to $150.00 | $80.00 to $150.00 |

10.     To the best knowledge of the Debtor, except as disclosed in the accompanying Rule 2014 Verified Statement, M&B does not have any connections with the Debtor, creditors, any other party in interest, their respective attorneys or accountants, the United States trustee or any person employed in the office of the United States trustee, or any District of Oregon bankruptcy judge.

11.     To the best knowledge of the Debtor, M&B is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code and does not represent or hold any interest adverse to the interests of the estate or of any class of creditors or equity security holders.

WHEREFORE, the Debtor requests entry of an order, effective as of the Petition Date, authorizing it to employ M&B as its general bankruptcy counsel in this Chapter 11 case on the terms set forth in the materials attached hereto as **Exhibit 1**, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as the Court may allow under sections 330 and 331 of the Bankruptcy Code.

Dated: <u>December 7, 2018.</u>                    <u>/s/ Christian S. Radabaugh Sr.</u>
                                                              Christian S. Radabaugh Sr.

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

# EXHIBIT 1
## ENGAGEMENT MATERIALS




Nicholas J. Henderson
Admitted in Oregon and Washington
Direct:  503-417-0508
nhenderson@portlaw.com
www.portlaw.com

December 6, 2018

<u>VIA EMAIL ONLY</u>

Christian Radabaugh
15334 NE Oneil Hwy
Redmond, OR 97756
Email: radabaughranch65@gmail.com

 Re: New Client Information; Chapter 11 Engagement Materials

Dear Christian:

 Thank you for choosing me to represent you in connection with your Chapter 11 Bankruptcy. I appreciate this opportunity to serve your legal needs, and I look forward to working with you during the course of this representation. This letter addresses general terms of engagement as well as legal ethics issues that require discussion.

 This letter, the attached Fee Agreement and the enclosed "Information for Clients" explains our fee structure, policies, and office procedures. By retaining this office, you agree to be bound by the terms set forth in these enclosures. I have also enclosed a document titled "Attorney-Client Privilege," which contains information on the preservation of the confidential nature of our relationship with you. Please note that the terms discussed in this letter and its attachments are meant to supplement the enclosed Bankruptcy Attorney-Client Fee Agreement (the "Fee Agreement").  To the extent this letter or the enclosures conflict with the Fee Agreement, the Fee Agreement controls.

 Effective January 1, 2019, my time will be charged at $395.00 per hour and hourly rates for associates range from $315.00 to $350.00. The hourly rates for legal assistants range from $80.00 to $125.00. I will utilize associates and legal assistants as much as appropriate to keep your legal bill as low as possible. Additional information about my firm's hourly rates and expense policy is included in the Bankruptcy Attorney-Client Fee Agreement.  Please note that the Bankruptcy Attorney-Client Fee Agreement controls if there is any conflict between that Agreement and the terms and conditions contained in this letter or other attached materials.

My direct dial telephone number is 503-417-0508. That number will always reach me or my voice mailbox. You can leave messages at that number at any time. If you reach my voice mailbox but would prefer to speak to an operator, press 0. I do my best to return all telephone calls within 24 hours. Again, please feel free to contact me on my cell phone if you cannot reach me at the office.

If I am unavailable and you need immediate help, please call my assistant, Mary, and she will try to reach me or arrange for another attorney in the firm to contact you. Mary's direct dial number is 503-417-0511. Mary also has access to my calendar and can schedule appointments for you.

As we discussed, we require a $10,000.00 retainer deposit from you in connection with this matter. A total of $8,200 of that retainer will be allocated as a "Risk Fee" that will be considered earned upon receipt and is intended to pay for the fees that will be incurred if your Chapter 11 case is converted to one under Chapter 7. Further information on this component of my representation is found in the Fee Agreement.

The unearned remainder of the retainer will be placed in our client trust account, and we will draw against the funds on deposit to pay our invoices for fees and expenses only after obtaining approval from the Bankruptcy Court. Additional information on our client trust account procedures is enclosed.

It is my understanding that $8,000 of the retainer deposit will be paid by Darla Radabaugh, who is your mother. The Oregon Rules of Professional Conduct prohibit me from accepting payment from anyone other than you unless: (1) the client gives informed consent; (2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and (3) information related to the representation of a client is protected. I believe that I can satisfy the second and third requirements, as we will keep all of your information confidential. However, for the first requirement, it is necessary for you to consider the situation and other options, and then sign this letter if you consent to my firm's acceptance of payment from Pattie.

The rule prohibiting the acceptance of payment from another person is designed to protect against undue influence by a non-client. While I do not believe that there will be any undue influence in this matter, you should consider whether acceptance of payment could possibly affect the "zealousness" or eagerness with which my firm represents you. The Oregon ethical rules governing an Oregon attorney conduct require that I recommend that you seek independent counsel to determine whether you should consent to my acceptance of payment. Whether or not you consult independent counsel, however, is up to you.

If you are willing to consent to my acceptance of the retainer deposit from your mother, please sign and return the consent statement below. Also, if the terms and conditions of our representation are acceptable, please sign the attached Bankruptcy Attorney-Client Fee

Agreement, and return it to my office. I will follow up with additional correspondence about the records and materials we will need to prepare and file the bankruptcy case.

We have found that our effective representation of a client's interest is critically dependent upon a foundation of mutual trust and confidence. If there is ever a concern regarding the progress of any matter we are handling, or if anyone has any questions regarding our statements, please do not hesitate to contact me.

Very truly yours,

MOTSCHENBACHER & BLATTNER LLP

Nicholas J. Henderson

NJH/mep
Enclosures

---

I hereby consent to Motschenbacher & Blattner LLP's acceptance of a retainer deposit in the amount of $8,000 from Darla Radabaugh, my mother. I have been informed of the benefits and risks of my attorneys accepting payments from a third-party, and I consent to the payment in this instance.

| /s/ Christian S. Radabaugh Sr. | 12/7/2017 |
| --- | --- |
| Christian Radabaugh | Date |

# ATTORNEY-CLIENT PRIVILEGE

Communications between lawyers and their clients are generally privileged. Disclosure of confidential communications between a lawyer and client cannot be compelled at trial or in a deposition.

The evidentiary privilege attaching to attorney-client communications is a significant advantage in open communications with our clients. Neither you nor we can be compelled to testify regarding privileged communications, and in most cases we are ethically prohibited from disclosing your secrets and confidences without your consent.

You should be aware, however, that the attorney-client privilege is easily lost. **Any voluntary disclosure of a significant part of a privileged communication will waive the privilege**. For example, if you show a letter from your lawyer to a non-client business associate or relative, the privilege may be destroyed and the communication could become subject to discovery and examination at trial. Oral disclosure or forwarding an e-mail may also destroy the privilege.

In order to preserve the privilege, we and you must take reasonable precautions to avoid disclosure. We therefore discourage discussion of confidential information over cellular or portable telephones (including retrieval of confidential voice mail messages by cellular telephone). Our office voice mail system is secure, but caution requires that voice mail messages not include confidential information. Internet communications (e-mail) should be encrypted or limited to non-confidential matters.

We are ethically and legally obligated to maintain your confidences and keep your secrets. We will do so. Attorney-client confidentiality is second nature to those of us in the business of providing legal services. This memorandum is to ensure that you, too, are aware of the importance of maintaining our communications in confidence in order to preserve the privilege and ensure that disclosure of our communications cannot be compelled.

Please let us know if you have questions about the nature of the attorney-client privilege.

# INFORMATION FOR CLIENTS

**MOTSCHENBACHER & BLATTNER LLP** is pleased to have the opportunity to serve you. This memorandum contains information about our standard client service practices and billing procedures that will apply to your account unless we have agreed otherwise in writing. Your request of legal services from MOTSCHENBACHER & BLATTNER LLP indicates your acceptance of these terms. We strive to ensure that legal services are delivered effectively, efficiently, and professionally and that all billings are accurate and understandable. Please feel free to call us with any questions you may have.

## Personnel

One lawyer will be assigned primary responsibility for your legal needs. Additional lawyers may assist from time to time when appropriate. We assign lawyers and other personnel on the basis of experience, expertise, and the nature and scope of the issues. This provides you with an appropriate level of expertise within the firm while minimizing the cost to you. We also utilize law clerks, paralegals, and legal assistants to perform routine services, such as information gathering, form preparation, and research. These services are supervised by an experienced attorney, but can be billed at substantially lower rates.

## Conflicts of Interest

The ethical rules governing the conduct of attorneys include specific limitations relating to conflicts of interest. We will always comply with all ethical rules and will undertake our role with the highest integrity. As a result, we have performed a name check of our other clients to determine if our representation of you would create such a conflict of interest. That check was done using your name and other names you provided before we commenced working with you. Please inform us immediately if you use other names or have affiliated companies that you want entered into our conflicts system.

## Basis for Fees

Our fees are based upon a variety of factors, depending on the nature of the representation. The principal factor is usually time spent on the matter. You should expect to be charged for all time devoted to the initial consultation through the conclusion of the project, including office conferences, telephone discussions, correspondence, review of documents and correspondence, research, travel, and any other time expended on your behalf. Other factors, in addition to time, can include the novelty and difficulty of the questions involved; the experience,

reputation, and abilities of the lawyers serving you; past investment in developing files and data; the amount at issue; the results obtained; and time limitations imposed by you or by the circumstances of the matter. Hourly rates of our lawyers and legal assistants reflect fees generally charged in the Northwest based on the lawyers' experience and expertise. Premium rates will apply to rush projects. We may modify our rates from time to time and will provide you notice of any change. A statement of rates is available at any time upon request.

## Costs and Expenses

M&B may from time to time advance or incur costs and expenses on your behalf that we will charge to you. Examples include court filing fees, deposition or transcript fees, investigator's fees and expenses, consulting or expert witness fees and expenses, title company reports, long distance telephone charges, photocopying, printing, computerized legal research, travel expenses, messenger services, project staff, legal assistant overtime, postage, and other similar costs. We do not seek to profit on these types of expenses, but rather charge on a cost (including labor and overhead) recovery basis only. Out-of-pocket expenses paid to third parties on behalf of our clients are charged to the client without markup except as may be necessary to recover related labor and overhead. Although out-of-pocket expenses are your responsibility and we assume no liability for payment, M&B may act on your behalf by advancing payment to these providers if your account is current. We will consult with you prior to entering into any commitments for substantial expense items.

For administrative convenience, if a client has multiple matters open with our firm, costs and expenses may be charged to the general matter account unless other arrangements are requested.

## Estimates

Clients sometimes request estimates of the fees and costs, and we are pleased to provide a good faith estimate of the amounts that are likely to be involved. However, most legal work is inherently unpredictable, and the total time, fees and costs that will be required to complete a project is subject to many factors beyond our control. Our estimates, therefore, are not binding bids or limitations on the fees and expenses involved. Any fixed fee or other fee limitation agreement must be in writing.

## Retainer Deposits

Retainer deposits are required for various types of representation to partially secure payment of fees and expenses. Retainer deposit moneys received from you will be placed in our client trust account, which conforms to the rules and regulations of the Oregon and Washington State Bars relating to IOLTA-Interest on Lawyer's Trust Accounts. If you have a retainer on deposit with us, we will draw against it to satisfy our monthly statements for legal services rendered and out-of-pocket expenses. We reserve the right to request additional retainer deposits as needed. If a request for an additional retainer deposit is not satisfied within the time specified, we reserve the right to withdraw from representing you.

## Privacy Policy

Attorneys, like other professionals who advise on personal financial matters, are now required by federal law to inform clients of their policies regarding privacy of client information. Attorneys are bound by professional standards of confidentiality that are even more stringent than those required by this new law. Therefore, we always protect your right to privacy.

In the course of providing our clients with financial and tax advice, we receive significant personal financial information from our clients. All information that we receive from you is held in confidence, and is not released to people outside the firm, except as agreed to by you, or as required under an applicable law.

We retain records relating to professional services that we provide so that we are better able to assist you with your professional needs and, in some cases, to comply with professional guidelines. In order to guard your nonpublic personal information, we maintain physical, electronic, and procedural safeguards that comply with our professional standards.

## Credit Reports

We retain the right to intermittently obtain credit reports on you and your company and to inform credit-reporting agencies regarding your account with us.

## Personal Guaranty

All fees and costs incurred on behalf of clients that are entities are personally guaranteed by the owners of the entity.

## Monthly Invoices

M&B typically bills monthly, with our monthly billing cycle ending on the last day of each calendar month. Our statements are mailed shortly thereafter and are payable in full upon receipt. Other billing arrangements must be specifically provided for in advance in our retainer agreement. A statement of account will be forwarded to you automatically each month if you have any outstanding invoices. For matters involving multiple clients (*e.g.* husband and wife) responsibility for payment is joint and several. If you have any questions about the status of your account, please contact us immediately.

For most of our clients, our invoices include the date and description of the services provided and the amount charged based upon the time equivalent value of the task accomplished. Time charges are calculated in tenths of an hour, with a minimum charge of 0.2 hour. We attempt to provide a reasonable amount of detail; however, we do not undertake to provide precise and exhaustive detailing of each and every act on behalf of a client. Please feel free to talk with us about the amount of detail and format you desire for your invoices.

## Payment for Services

Payment for services rendered is due upon receipt of our statement for services. M&B accepts payment in cash or check and also accepts payment by Visa or Mastercard credit cards. If payment or a retainer deposit is made by credit card, a 3% service charge will be applied to payments or deposits in excess of $1,000.00.

## Delinquent Accounts

M&B, like other businesses, has substantial cash demands that require the firm to borrow money if its accounts are not paid promptly. Thus, we add a late payment charge to accounts not paid within thirty days of the invoice date. The late payment charge is currently assessed at a standard rate of 1.5% per month (18% annual rate) on any unpaid balance. In the event that an account becomes delinquent, the

firm must employ the same prudent collection procedures used by other businesses. We will cease providing legal services for any client having an outstanding balance for 60 days or more. If any suit, action, arbitration or other proceeding is commenced to collect from you, the prevailing party will be entitled to an award against the other party for reasonable attorney fees and costs incurred in collection. We reserve all liens and security interests allowed by law and reserve the right to disclose your personal financial information to third parties to collect a delinquent account.

## Governing Law

The parties agree that any suit, action, arbitration, or other claims filed for collection or otherwise shall be brought and construed in accordance with the laws of the State of Oregon and the parties submit to the exclusive jurisdiction of any state or federal court located in Oregon.

## Termination of Services

You may terminate the employment of our firm at any time, subject to the payment of any outstanding fees and costs. Likewise, we retain the right to cease performing legal services and to terminate our representation of you for any reason consistent with the applicable ethical rules, including unanticipated conflicts of interest or nonpayment of legal fees and expenses incurred on your behalf. In the event of termination, we may obtain a lien upon any of your documents in our possession, or upon the proceeds of any judgment or settlement entered in your favor, until payment in full is received.

## File Retention

When we have completed work on a legal matter, we will close the matter, electronically store the paper file, and then destroy the paper file unless you provide other disposition instructions at the time of closing the matter. Closed paper and electronic files will not be stored indefinitely.

# STATEMENT OF POLICY CONCERNING FEDERAL TAX ADVICE

Federal legislation and implementing regulations have established substantial penalties for taxpayers who fail to report on a special form tax return items arising from so-called "reportable transactions." "Reportable transactions" are transactions, events, plans, or other arrangements identified by Congress or the Treasury Department as including elements associated with potentially abusive tax shelters. However, it is well accepted that many legitimate transactions may also include such elements and, therefore, may also be classified as "reportable transactions."

The "reportable transaction" rules also impose duties upon law firms that provide tax advice or services relating to such "reportable transactions." Consequently, it is possible that MOTSCHENBACHER & BLATTNER LLP may become subject to these rules in connection with advice or services provided to you regarding a legitimate transaction or arrangement. If so, MOTSCHENBACHER & BLATTNER LLP will be obliged to notify the Internal Revenue Service that it has provided services in connection with what may be a "reportable transaction." MOTSCHENBACHER & BLATTNER LLP will also be required to maintain a file containing information and documents relating to the transaction or arrangement in question for production to the Internal Revenue Service upon written request. The existence of the attorney-client privilege is no excuse for non-compliance with these rules, although specific items of otherwise disclosable information may be privileged. Prior to taking any steps that may be required under the "reportable transaction" rules, MOTSCHENBACHER & BLATTNER LLP will consult with you concerning the possibility that a given transaction or arrangement may be a "reportable transaction" and, as appropriate, coordinate its disclosure and record-maintenance efforts with any taxpayer reporting obligations to which you may be subject. We will also discuss with you, as appropriate, the possible invocation of the attorney-client privilege. Because these consultations and related reporting and record-maintenance activities can sometimes involve a substantial effort by our attorneys and paralegals and because, by law, they are a necessary consequence of assisting you in connection with a transaction or arrangement that includes one or more elements making it a "reportable transaction," absent special arrangements to the contrary, MOTSCHENBACHER & BLATTNER LLP will treat them as an additional component of its engagement by you, for which you agree to compensate MOTSCHENBACHER & BLATTNER LLP in accordance with this policy unrelated to any special fee arrangements that may otherwise apply.

Independent from the "reportable transaction" rules, the Department of the Treasury has issued regulations that govern practitioners, including MOTSCHENBACHER & BLATTNER LLP attorneys, who provide advice or services to clients in matters that may have federal tax consequences. Congressional legislation enacted in 2004 has confirmed the authority of the Treasury to implement these regulations. One consequence of these regulations is that a practitioner may not provide written advice, including electronic mail messages, upon which a taxpayer may rely for tax penalty protection purposes, unless the practitioner has engaged in a careful review of all potentially relevant facts and has evaluated all of the reasonably applicable tax issues, including judicial doctrines. In addition, under these regulations, certain categories of written advice (so-called "Covered Opinions"), including many opinions intended for penalty protection, must satisfy certain additional requirements. Among other things, Covered Opinions must describe in detail each of the facts and any reasonable assumptions being relied upon, must address every reasonably applicable federal tax issue, including judicial doctrines, and must include, depending upon the circumstances, a variety of mandatory disclosures.

Because of the time, effort, and expense involved in preparing written advice that will satisfy the requirements applicable to Covered Opinions, MOTSCHENBACHER & BLATTNER LLP has adopted a policy now becoming common among many accounting and law firms: MOTSCHENBACHER & BLATTNER LLP will not undertake the special efforts required to comply with the Covered Opinion rules unless you have expressly requested written advice for the specific purpose of tax penalty protection. For this reason, you may expect to receive written documents, including electronic mail messages, stating that any tax advice or recommendation included in the text of the document is not intended for tax penalty protection and that you may not rely upon it for that purpose. This disclaimer is not intended to limit MOTSCHENBACHER & BLATTNER's obligation to you to provide competent tax advice. Its only purpose is to avoid the necessity of complying with the Covered Opinion rules unless you have specifically requested a Covered Opinion for tax penalty protection purposes.

Case 19-60230-pcm11    Doc    Filed 12/11/18

# BANKRUPTCY ATTORNEY-CLIENT FEE AGREEMENT
## (Chapter 11)

**CLIENT:**           **Christian Radabaugh**

**ATTORNEY:**      **Nicholas J. Henderson**

**FIRM:**              **Motschenbacher & Blattner, LLP ("Firm")**

**DATED:**            **December 6, 2018**

Client desires to retain Attorney for, but not limited to, the purposes described in this Agreement and agrees to be responsible for payment of the Attorney's fees and costs as established in this Agreement. Attorney agrees to represent Client under the terms and conditions of this Agreement and to be compensated at the rates set forth in this Agreement.

Client requests and the Attorney agrees to render professional services, including (a) giving the Client legal advice with respect to its business operations; (b) assisting the Client in any proposed reorganization of its business; (c) if authorized, filing an appropriate petition for relief under Title 11 of the United States Bankruptcy Code; (d) giving the Client legal advice with respect to its powers and duties in any proceeding in bankruptcy; (e) proposing on behalf of the Client all necessary applications, answers, orders, reports or other legal papers; and (f) performing for the Client any and all other legal services which may be necessary in connection with the filing of any petition or proceeding in bankruptcy.

Client and Attorney agree that the Attorney's compensation for services performed pursuant to this Agreement shall be the Attorney's customary hourly rates in effect at the time the services are performed for the Attorneys, legal assistants, and staff who provide services for the Client. At the time of the execution of this Agreement, the current hourly rates are as follows:

| NAME | RATE |
|------|------|
| Nicholas J. Henderson | $395.00/hr |
| Alexander C. Trauman | $395.00/hr |
| Troy G. Sexton | $335.00/hr |
| Jeremy Tolchin | $315.00/hr |
| Sean Glinka | $315.00/hr |
| Bankruptcy Assistants | $180.00/hr |
| Legal Assistants | $80.00-125.00/hr |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law. Attorney's time and paralegal time is billed in minimum 0.10 hour increments. Client will be provided with itemized monthly statements for services rendered and expenses incurred, which will be mailed on approximately the 10th of each calendar month.

**Fees**.    Attorney and Client agree that the actual fees to be incurred in the case are difficult to predict, because of a variety of factors, many of which are not within the control of Attorney or Client. Attorney and Client acknowledge that the Bankruptcy Court is entitled to review Attorney's fees for reasonableness. The Bankruptcy Court may reduce the amount of the fees billed in such amount that it determines reasonable based on the totality of the circumstances, including a consideration of the reasonableness of the fees based on the circumstances which existed at the time the employment began, as well as a consideration of the reasonableness of the fee after the services have been rendered and the representation has concluded. If the Bankruptcy Court requires a reduction in the amount of any fees charged, Attorney and Client agree that all other terms and conditions of this fee agreement shall continue to apply.

Attorney and Client agree that the existence of this Agreement shall be adequately disclosed to the Court and other interested parties, including but not limited to the United States Trustee. The retainer amount shall be **$10,000.00**, which includes the amount of the filing fee for Chapter 11. As set forth elsewhere in this Agreement, Attorney shall have the option to require Client to perform various mailings and advance other significant costs as they become due from the Client's ongoing income.

In recognition of the risk that the Chapter 11 case may not be successful and, if not successful, that the case will be converted to Chapter 7, and in further recognition that Attorney will have the obligation to provide services to the Client during the course of a Chapter 7 case in the event of conversion to Chapter 7, Client desires to provide payment for such risk in advance. Client and Attorney acknowledge that current bankruptcy law prohibits payment of the Attorney for Chapter 7 services from the funds of a Chapter 7 bankruptcy estate. Client and Attorney reasonably agree and project that the fees likely to be incurred by Attorney in a converted Chapter 7 case will likely not be less than $8,200.00. In recognition of such potential future liability, Client and Attorney agree that a sum of $8,200.00 is reasonable advance compensation to Attorney for the risk assumed by Attorney of services to be performed in a possible future Chapter 7 case. Attorney and Client further agree that the sum of $8,200.00 shall be allocated from the retainer paid to compensate Attorney for the risk of providing services in a future Chapter 7 case, and that such $8,200.00 shall be deemed earned on receipt by Attorney as payment for the risk of having to perform services in a potential future Chapter 7 case.

Furthermore, upon the occurrence of the Effective Date of any confirmed plan of reorganization in the Debtor's case, the "Risk Fee" shall be credited to any approved but unpaid Chapter 11 fees owing to Attorney.

In addition to the foregoing hourly rates, Client agrees to be responsible for payment of all costs incurred in representing the Client. Examples of such costs include filing fees, court reporter fees, long distance telephone, photocopies (whether made in the Attorney's office or an outside printing service), etc. The Attorney's "Expense Policy Statement" is attached as Exhibit "A." A quarterly fee based on disbursements is assessed by the Office of the US Trustee on all Chapter 11 debtors. A copy of the US Trustee's fee schedule is attached. Client is responsible for payment of the quarterly fees.

Client has been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by the Client to the Attorney.

All professionals must also be approved by the Bankruptcy Court before starting work, or the Court will deny payment to the professional. Client acknowledges it has been informed of the Court's rule requiring the filing of a "Monthly Operating Report" (Rule 2015 Report) on the Court's form by the 21st day of each succeeding month. The form of such report will be separately provided to the Client. The Client assumes all responsibility for completing said form and delivering it to the Attorney's office not later than the 14th day of the calendar month. Failure to timely file these reports can result in dismissal of the Chapter 11 proceeding.

Attorney shall have the option, but not the duty, to proceed with representing Client prior to payment of the above described retainer. If Attorney performs services prior to receipt of the retainer, the Attorney may withdraw from representing the Client at any time prior to payment of the agreed retainer.

Client agrees to cooperate with Attorney, to complete all forms requested by the Attorney and to provide the Attorney with all information necessary to enable the Attorney to represent the Client's best interests. If Client unreasonably declines to cooperate, or should knowingly provide the Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, the Client agrees that Attorney shall have the right to immediately resign. If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable Attorney's fees both before trial, at trial or after appeal, as determined by the Court, will be borne by the losing party.

Client acknowledges that Attorney has advised that the actual Attorney's fees and expenses, considering the size and complexity of case, will be substantial. Client acknowledges that the Attorney has advised that under the rules of the Bankruptcy Court, the Attorney has the right to submit an application for payment of fees to the court in accordance with the court's rules, which will be done as frequently as court rules permit. Such petitions for fees, when approved, will be paid from the Client's post-petition income.

Attorney strives to keep Client informed of the work Attorney is performing, and Attorney stands ready to explain its services and invoices to Client's satisfaction. If Client ever has questions regarding Attorney's charges, please let Attorney know immediately so that Attorney can attempt to resolve any concerns fairly and without delay. Also, if Client has a particular need relative to Attorney's invoicing (e.g., the billing format or timing of delivery), please let Attorney know and Attorney will try to accommodate the Client.

Client may terminate the attorney/client relationship at any time and for any reason by delivering to Attorney a written notice of termination.  Attorney also reserves the right to terminate the attorney/client relationship, by delivering to Client a written notice, if Client fails to pay Attorney when due any amount Client owes Attorney, if Client fails to cooperate with Attorney or to disclose to Attorney material information, or if for any other reason Attorney feels Attorney is unable to continue an effective attorney/client relationship, in each case, to the extent

permitted by the applicable rules of professional conduct, and subject to any applicable rules requiring notice and Court approval. Upon any termination, Client will remain liable for all fees, costs and expenses incurred prior to the termination of the attorney/client relationship. Upon termination, Attorney will provide Client with the original or a copy of all Client's files in Attorney's possession, retaining a copy for Attorney in Attorney's discretion and at Attorney's cost. Once Attorney's representation is terminated, Attorney will have no obligation to inform Client of due dates, subsequent developments or the like, or to maintain any documents or dockets relating to Client's matters.

Attorney appreciates the opportunity to serve as Client's attorney and anticipates a productive and harmonious relationship. If, however, Client becomes dissatisfied for any reason with the services Attorney has performed or Client disputes any of the fees, costs or expenses charged by Attorney, Attorney encourages Client to bring that dissatisfaction or dispute to Attorney's attention at the earliest possible time. Most problems should be rectifiable through such communication. However, should a dispute arise between Attorney and/or Client which cannot be resolved in that manner, then the Bankruptcy Court will resolve the dispute.

A solid attorney/client relationship is a two-way street. Lawyers need timely and complete cooperation and assistance from their clients just as clients need timely and complete cooperation and assistance from their lawyers. Attorney will therefore endeavor to keep Client informed of Client's matters as they progress. Similarly, Client agrees to provide Attorney with timely responses to requests for documentation and information and to make available to Attorney personnel so that Attorney may effectively carry out its function as Client's attorneys. Bear in mind that if Attorney does not obtain such cooperation, the quality of Attorney's representation may suffer and Attorney may feel constrained to withdraw from any further work.

**THE ATTORNEY DOES NOT UNDERTAKE TO GIVE THE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT ITS OWN ACCOUNTANT OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.**

DATED: _____December 7, 2018_____

ATTORNEY:                                          CLIENT:
MOTSCHENBACHER & BLATTNER, LLP


By: _/s/ Nicholas J. Henderson_____      _/s/ Christian S. Radabaugh Sr._____
    Nicholas J. Henderson, Partner              Christian Radabaugh

Attachments:                                       Initial If Rec'd:

    A.   Expense Policy Statement (Exhibit A)      _CSR_____

    B.   U.S. Trustee Quarterly Fee Schedule (Page 6
        of the Chapter 11 Guidelines)              _CSR_____

EXHIBIT "A"

Attorney's Expense Policy Statement

Photocopies:        $0.10 per page (in house)

Fax:                Incoming No Charge; outgoing (including long distance) at actual
                    telephone charges.

Outside Services:   All outside entity bills are charged at actual cost.

Postage:            Postage, express mail and other overnight delivery or air courier services
                    are charged at actual cost.

Long Distance:      Long distance telephone charges are billed to Clients at actual cost.

Computerized
Research:           Actual (i.e., invoiced) cost. Time associated with computerized research to
                    be specifically identified on attorney time detail.

Travel:             Travel expenses are actual and Air fare is coach or economy class only.
                    Other expenses are actual and do not include limos. Mileage is charged at
                    the rate of allowed for federal tax deductions.

Other Personnel
Charges:            Secretarial overtime is charged to Clients at $30.00 per hour if the
                    overtime work is due to time constraints mandated by the case or the
                    Client, not to exceed the employee's actual hourly compensation cost to
                    the firm.

Pacer:              Actual cost ($0.10 per page).

Other:              Any charges not mentioned above will be charged in accordance with the
                    applicable U.S. Bankruptcy Court Cost Guidelines contained in
                    Bankruptcy Rule 2016.

**EXHIBIT 2**
**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re:

CHRISTIAN S. RADABAUGH,

                Debtor.

Case No. 18-34244-pcm11

ORDER AUTHORIZING EMPLOYMENT OF
BANKRUPTCY COUNSEL FOR DEBTOR
(MOTSCHENBACHER & BLATTNER LLP)

       THIS MATTER having come before the Court on the application of Christian S. Radabaugh, Debtor-in-Possession ("Debtor"), for an order authorizing him to employ Motschenbacher & Blattner, LLP as attorneys for Debtor; the Court having reviewed the motion and accompanying 2014 statement, and being otherwise duly advised; now, therefore,

       IT IS HEREBY ORDERED as follows:

1)      Debtor's Application to Employ Counsel is APPROVED;

/ / / / /

/ / / / /

Page 1 of 2     ORDER AUTHORIZING EMPLOYMENT OF BANKRUPTCY
COUNSEL (MOTSCHENBACHER & BLATTNER LLP)

{00229695:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

2)      Debtor is authorized to employ the law firm of Motschenbacher & Blattner, LLP as of the Petition Date as Debtor's Chapter 11 counsel to represent Debtor in conducting the case, on the terms and conditions set forth on Exhibit 1 to the Application to Employ Counsel; and

3)      The Debtor shall pay said attorneys for their services, and shall reimburse expenses incurred by said attorneys, only upon the entry of an order of the Court approving such fees and expenses under 11 U.S.C § 330, and other applicable provisions of the Bankruptcy Code and Local Bankruptcy Rules.

4)      The "Chapter 7 Risk Fee" described in the Application to Employ Counsel is approved, provided, however, that the risk fee is subject to disgorgement until final allowance of Debtor's Counsel's fees by the Court.

# # #

Order Presented by:

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Telephone: 503-417-0500
E-mail: nhenderson@portlaw.com
Of Attorneys for Debtor

## PARTIES TO SERVE

ECF Electronic Service:

- SARAH FLYNN    sarah.flynn@usdoj.gov
- NICHOLAS J HENDERSON    nhenderson@portlaw.com, tsexton@portlaw.com; mperry@portlaw.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/11/18

In re ⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀ )
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀ ) ⠀Case No. _____
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀ )
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀ ) ⠀RULE 2014 VERIFIED STATEMENT
Debtor(s) ⠀⠀⠀⠀⠀⠀ ) ⠀FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1.  The applicant is not a creditor of the debtor except:

2.  The applicant is not an equity security holder of the debtor.

3.  The applicant is not a relative of the individual debtor.

4.  The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5.  The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6.  The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7.  The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8.  The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9.  The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)).  Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant