Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Proposed Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Bankruptcy Case No. 18-34244-pcm11 |
|---|---|
| CHRISTIAN S. RADABAUGH, SR. | DEBTOR'S SECOND MOTION FOR AUTHORITY TO SELL ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS |
| Debtor-in-Possession. | **(Expedited Hearing Requested)** |

Pursuant to 11 USC §§ 105(a) and 363, Debtor-in-Possession, Christian S. Radabaugh Sr. ("Debtor") renews his motion to the Court for entry of an order approving the sale of certain of the Debtor's assets outside the ordinary course of business, and on shortened notice.[1] This motion is supported by the Declaration of Christian S. Radabaugh Sr. (the "Radabaugh Decl."), and the Declaration of Brad Peek (the "Peek Decl.") filed herewith.

In further support of this motion, Debtor represents as follows:

---

[1] Simultaneously with the filing of this Motion, Debtor is filing a separate motion to shorten the notice period for the proposed sale.

Page 1 of 10    SECOND MOTION FOR AUTHORITY TO SELL ASSETS
OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230175:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/13/18

## JURISDICTION

1. The United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court") has jurisdiction over the above-captioned bankruptcy case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on December 7, 2018, in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court").

4. Debtor remains in possession of his assets and continues to manage his affairs as debtor-in-possession pursuant to § § 1107(a) and 1108 of the Bankruptcy Code.

5. Debtor is an individual residing in Redmond, Oregon. Debtor is in the business of, among other things, raising livestock for sale.

6. Debtor's livestock is encumbered by a security interest granted to GP, LLC, which was perfected on April 13, 2017, by the filing of a Farm Products Financing Statement Standard Form, EFS-1 No. 91156751 and a UCC-1 Financing Statement filed on April 13, 2017, No. 91156100.

7. As of the date of the petition, the Debtor owes GP, LLC approximately two million dollars ($2,000,000). The exact amount Debtor owes to GP can be determined by reference to that certain judgment and money award entered against Debtor and in favor of GP, LLC in Crook County Circuit Court Case No. 18CV52765. Interest continues to accrue on the judgment at the rate of 10 percent per annum.

Page 2 of 10   SECOND MOTION FOR AUTHORITY TO SELL ASSETS
OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230175:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/13/18

8. During the two-week period prior to the filing of the petition, at the request of GP, LLC, Debtor agreed to sell approximately 542 head of cattle through a video auction conducted by Shasta Livestock Auction Yard in Cottonwood, California. The video auction was conducted, and agreements were reached to sell the cattle to buyers, for agreed-upon prices.

9. Pursuant to the Court's prior order {ECF No. 24], the Debtor delivered cattle on Tuesday, December 11th, and Wednesday, December 12th, 2018, to satisfy sales that occurred prior to the petition. Radabaugh Decl., ¶ 4.

10. Additionally, just prior to the filing of the petition, Debtor agreed to let GP, LLC remove 305 head of cattle, primarily mother cows, and ship such livestock to the Shasta Livestock Auction Yard for sale. The cattle were scheduled to be sold on Friday, December 14, 2018. Radabaugh Decl., ¶ 5.

11. The auction scheduled for December 14th has been actively promoted and advertised by Shasta through emails, internet posting, Facebook posts, personal telephone calls, and newspaper advertising. Peek Decl., ¶ 7. Representatives of Shasta anticipate good attendance at the December 14th auction, because it will be one of the last auctions held in 2018. *Id*.

12. If the Debtor's cattle are not sold at the December 14th auction, the next available auction at Shasta is December 21, 2018, just four days before Christmas. Peek Decl., ¶ 9. In Shasta's experience, auctions held that close to the Christmas holiday have low bidder participation, resulting in reduced bidding and depressed purchase prices. *Id*. This is in part because cattle purchased at the December 21st auction will have to be removed from the auction yard the week of Christmas, when it is difficult to find labor and the labor that can be found will demand higher wages, thus effectively adding to the cost to purchase the cattle, and reducing the return to the seller. *Id*. In addition, purchasers may have logistical issues even getting transportation and labor to process the

Page 3 of 10    SECOND MOTION FOR AUTHORITY TO SELL ASSETS
OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230175:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/13/18

cattle prior to Christmas Eve, and some purchasers won't do anything on Sunday, December 23rd. *Id*. Shasta believes that an auction on December 21, 2018 will create a disincentive for purchasers to buy or pay fair value for the cattle. *Id*.

13. Shasta plans to close down around Christmas and New Year's, and does not have a feeder scheduled during that time period. Peek Decl., ¶ 10. Shasta would have to incur increased labor costs to bring someone in to feed cattle during the holidays. *Id*. Livestock must be fed every day, and Shasta believes it will upset its employees by scheduling them to work on Christmas Day. *Id*. Any Shasta employees willing to come in would have to be paid a premium for working on the holiday. *Id*. Shasta's yard is scheduled to be empty between Christmas Day and New Year's Day. *Id*. Shasta does not have an auction scheduled for December 28, 2018. Peek Decl., ¶ 11.

14. The next available auction after December 21, 2018, is January 4, 2019. Peek Decl., ¶ 12. The Debtor's cattle cannot economically, safely, or humanely remain at Shasta until January 4, 2019. *Id*. The minimum cost to keep the 292 head of Livestock at Shasta for that 21-day period is approximately $3.50 per day, per animal. This minimum cost per day totals approximately $1,022. Thus, for the 21-day period from December 14, 2018 through January 4, 2019, the cost will be in excess of $21,000, assuming Shasta can get employees to do the work over the holidays. Peek Decl., ¶ 13.

15. More importantly, Shasta believes it would be inhumane and cruel to keep that many animals penned up for that long a period of time. The Debtor's cattle will be unduly stressed and will face a higher risk of infection, injury, and death. Besides the consequences to the cattle--some will lose weight, others will require veterinary care, and some may die---these facts will adversely affect the purchase price at auction, increase the carrying costs, and reduce the net return to the Debtor. Peek Decl., ¶ 14.

Page 4 of 10    SECOND MOTION FOR AUTHORITY TO SELL ASSETS
OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230175:1}

Case 19-60230-pcm11    Doc    Filed 12/13/18

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

16. Shasta is unwilling to let the Debtor's cattle remain at the auction yard for such an extended period of time, and would require the cattle be shipped elsewhere pending the auction. Peek Decl., ¶ 15. Shasta believes that conducting the auction on December 14th will realize a higher price due to the extensive advertising performed, and would enable the Debtor to avoid incurring additional costs. Peek Decl., ¶ 16; Radabaugh Decl., ¶ 6.

17. The Debtor does not have consent or a court order to use cash collateral to move the cattle in the event the December 14th auction does not occur. Radabaugh Decl., ¶ 7.

18. The sale at Shasta Livestock scheduled for Friday December 14, 2018 will be an arms-length transaction and will be conducted by Shasta Livestock. Radabaugh Decl., ¶ 8. Debtor believes the auction processed used by the Shasta Livestock Auction Yard is a reasonable process designed to obtain reasonable market value for livestock, and that the sale procedures used by the auction yard are standard for the cattle industry. Debtor believes that the prices that will be obtained for the cattle are fair market prices. *Id*.

19. Debtor believes that the proposed sale of livestock will enable him to significantly pay down the judgment owed to GP, LLC, and will also provide him with cash needed to pay for business and living expenses during the initial months of these bankruptcy proceedings.

## RELIEF REQUESTED

20. The relief requested herein by Debtor is based on the Court's authority pursuant to 11 USC § 105(a) and 11 USC § 363.

21. Debtor requests entry of an order in the form attached hereto as **Exhibit 1**, authorizing the sale, on December 14, 2018, of cattle that were shipped to Shasta Livestock Auction Yard prior to the filing of the petition.

22.

Page 5 of 10    SECOND MOTION FOR AUTHORITY TO SELL ASSETS
                OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230175:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/13/18

# ARGUMENT

23. Section 363(b) of the Bankruptcy Code provides, in relevant part, that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

24. The debtor must articulate a business justification for the sale. *In re Walter*, 83 B.R. 14, 19–20 (9th Cir. BAP 1988). Whether the articulated business justification is sufficient "depends on the case," in view of "all salient factors pertaining to the proceeding." *Id*. at 19–20.

25. The salient factors pertaining to the proceeding are as follows:

   a. GP, LLC, the only secured creditor with a security interest in the cattle, consents to the sale.

   b. The cattle are scheduled to be sold at an auction that has been actively promoted and advertised, and is to be conducted by the largest volume auction yard west of the Rocky Mountains;

   c. If the sale does not occur on December 14th, the next available sale is December 21st, but the auction yard expects much lower bidder attendance and participation, resulting in depressed prices for the cattle;

   d. The sales are being conducted at arms-length, to non-insiders.

   e. If the cattle are not sold on either December 14th or December 21st, the cattle would need to be shipped elsewhere, as Shasta Livestock Auction Yard is not scheduled to be open, and will not be staffing feeders for the cattle, which require feeding every day.

   f. Debtor does not have cash or authority to use cash collateral to transport the cattle.

   g. Payment of the debt owed to GP, LLC will significantly reduce the amount of interest that accrues on the debt each month. Additionally, without the cash that is expected to be generated from the cattle sales, Debtor does not believe he will have sufficient cash flow to operate his business and pay for living expenses.

26. Based on the evidence submitted herein, there is good cause to authorize the sale on shortened notice.

Page 6 of 10   SECOND MOTION FOR AUTHORITY TO SELL ASSETS
OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230175:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/13/18

WHEREFORE, Debtor requests the Court enter the order attached hereto as **Exhibit 1**, authorizing the sale of cattle scheduled for December 14, 2018.

DATED: December 13, 2018

                                            MOTSCHENBACHER & BLATTNER LLP

                                            By:/s/Nicholas J. Henderson
                                               Nicholas J. Henderson, OSB #074027
                                               Proposed Attorneys for Debtor-in-Possession
                                          Christian S. Radabaugh Sr.

Page 7 of 10    SECOND MOTION FOR AUTHORITY TO SELL ASSETS
OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230175:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11   Doc   Filed 12/13/18

**EXHIBIT 1**
PROPOSED ORDER

{00230175:1}

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Bankruptcy Case No. 18-34244-pcm11 |
|---|---|
| CHRISTIAN S. RADABAUGH, SR. | ORDER GRANTING DEBTOR'S SECOND MOTION FOR AUTHORITY TO SELL ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS |
| Debtor-in-Possession. | |

This matter came before the Court on Debtor's Emergency Motion for Authority to Sell Assets Outside the Ordinary Course of Business [ECF No. ____] (the "Motion"). The Court, having reviewed the Motion and the supporting declaration, and, having heard arguments of counsel, hereby ORDERS as follows:

1. Debtor's MOTION is GRANTED;

2. Debtor is authorized to sell cattle that have been transported to the Shasta Livestock Auction Yard for a sale scheduled for Friday, December 14, 2018; and

3. All proceeds from the sale shall be held in trust by Debtor's counsel pending further order of the Court. Shasta Livestock Auction Yard is directed to immediately deliver all

{00230175:1}

proceeds from the authorized sales to Debtor's Counsel, with checks made payable to

"Motschenbacher & Blattner LLP Client Trust Account."###

I certify that I have complied with the requirements of LBR 9021-1 (a)(2)(A).

Presented by:

Motschenbacher & Blattner LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Email: nhenderson@portlaw.com
Phone: (503) 417-0508

**PARTIES TO SERVE**

ECF Electronic Service:

- SARAH FLYNN    sarah.flynn@usdoj.gov
- HOWARD M LEVINE    hlevine@sussmanshank.com, jhume@sussmanshank.com, ecf.howard.levine@sussmanshank.com, howard-levine-5487@ecf.pacerpro.com
- NICHOLAS J HENDERSON    nhenderson@portlaw.com, tsexton@portlaw.com; mperry@portlaw.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov