Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Proposed Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Bankruptcy Case No. 18-34244-pcm11 |
|---|---|
| CHRISTIAN S. RADABAUGH, SR. | DEBTOR'S MOTION FOR ENTRY OF ORDER SHORTENING TIME FOR NOTICE OF DEBTOR'S SECOND MOTION FOR AUTHORITY TO SELL ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS |
| Debtor-in-Possession. | |
| | **(Expedited Hearing Requested)** |

Pursuant to 11 U.S.C. §§ 105(a) and 363, and Fed. R. Bankr. P. 9006(a), Debtor-in-Possession, Christian S. Radabaugh Sr. ("Debtor") moves this Court for entry of an order in the form attached hereto shortening the notice period required by Fed. R. Bankr. P. 2002(a)(2) in two respects relating to the Debtor's Second Motion for Authority to Sell Assets Outside the Ordinary Course of Business [ECF No. 25] (the "Sale Motion"). First, the Debtor requests that the 21 day notice period required by Fed. R. Bankr. P. 2002(a)(2) be shortened to allow for a sale on December 14, 2018. Second, Debtor requests the Court allow a hearing on Thursday, December 13, 2018, with respect to the relief sought in the Sale Motion.

Page 1 of 10   EMERGENCY MOTION FOR AUTHORITY TO SELL ASSETS
OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230182:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/13/18

In support of this motion to shorten notice (this "Motion"), the Debtor relies on the Declaration of Brad Peek (the "Peek Decl.") and the Declaration of Christian S. Radabaugh Sr. in Support of Motion to Shorten Notice (the "Radabaugh Decl.") filed herein. Additionally, Debtor respectfully states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court") has jurisdiction over the above-captioned bankruptcy case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on December 7, 2018, in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court").

4. Debtor remains in possession of his assets and continues to manage his affairs as debtor-in-possession pursuant to § § 1107(a) and 1108 of the Bankruptcy Code.

5. Debtor is an individual residing in Redmond, Oregon. Debtor is in the business of, among other things, raising livestock for sale.

6. Debtor's livestock is encumbered by a security interest granted to GP, LLC, which was perfected on April 13, 2017, by the filing of a Farm Products Financing Statement Standard Form, EFS-1 No. 91156751 and a UCC-1 Financing Statement filed on April 13, 2017, No. 91156100.

Page 2 of 10   EMERGENCY MOTION FOR AUTHORITY TO SELL ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230182:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/13/18

7. As of the date of the petition, the Debtor owes GP, LLC approximately two million dollars ($2,000,000). The exact amount Debtor owes to GP can be determined by reference to that certain judgment and money award entered against Debtor and in favor of GP, LLC in Crook County Circuit Court Case No. 18CV52765. Interest continues to accrue on the judgment at the rate of 10 percent per annum.

8. During the two-week period prior to the filing of the petition, at the request of GP, LLC, Debtor agreed to sell approximately 542 head of cattle through a video auction conducted by Shasta Livestock Auction Yard in Cottonwood, California. The video auction was conducted, and agreements were reached to sell the cattle to buyers, for agreed-upon prices. Following a hearing on December 11, 2018, Debtor delivered the cattle on Tuesday, December 11th, and Wednesday, December 12th, 2018. The net proceeds from those sales, totaling $428,793.17, were deposited into Debtor's Counsel's trust account. Radabaugh Decl., ¶ 4.

9. Additionally, just prior to the filing of the petition, Debtor agreed to let GP, LLC remove 305 head of cattle, primarily mother cows, and ship such livestock to the Shasta Livestock Auction Yard ("Shasta") for sale. The cattle were scheduled to be sold on Friday, December 14, 2018. Radabaugh Decl., ¶ 5.

10. At the hearing held on December 11, 2018, the Court denied Debtor's request to proceed with the December 14th auction, without prejudice.

11. The auction scheduled for December 14th has been actively promoted and advertised by Shasta through emails, internet posting, Facebook posts, personal telephone calls, and newspaper advertising. Peek Decl., ¶ 7. Representatives of Shasta anticipate good attendance at the December 14th auction, because it will be one of the last auctions held in 2018. *Id.*

Page 3 of 10     EMERGENCY MOTION FOR AUTHORITY TO SELL ASSETS
                 OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230182:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/13/18

12. If the Debtor's cattle are not sold at the December 14th auction, the next available auction at Shasta is December 21, 2018, just four days before Christmas. Peek Decl., ¶ 9. In Shasta's experience, auctions held that close to the Christmas holiday have low bidder participation, resulting in reduced bidding and depressed purchase prices. *Id*. This is in part because cattle purchased at the December 21st auction will have to be removed from the auction yard the week of Christmas, when it is difficult to find labor and the labor that can be found will demand higher wages, thus effectively adding to the cost to purchase the cattle, and reducing the return to the seller. *Id*. In addition, purchasers may have logistical issues even getting transportation and labor to process the cattle prior to Christmas Eve, and some purchasers won't do anything on Sunday, December 23rd. *Id*. Shasta believes that an auction on December 21, 2018 will create a disincentive for purchasers to buy or pay fair value for the cattle. *Id*.

13. Shasta plans to close down around Christmas and New Year's, and does not have a feeder scheduled during that time period. Peek Decl., ¶ 10. Shasta would have to incur increased labor costs to bring someone in to feed cattle during the holidays. *Id*. Livestock must be fed every day, and Shasta believes it will upset its employees by scheduling them to work on Christmas Day. *Id*. Any Shasta employees willing to come in would have to be paid a premium for working on the holiday. *Id*. Shasta's yard is scheduled to be empty between Christmas Day and New Year's Day. *Id*. Shasta does not have an auction scheduled for December 28, 2018. Peek Decl., ¶ 11.

14. The next available auction after December 21, 2018, is January 4, 2019. Peek Decl., ¶ 12. The Debtor's cattle cannot economically, safely, or humanely remain at Shasta until January 4, 2019. *Id*. The minimum cost to keep the 292 head of Livestock at Shasta for that 21-day period is approximately $3.50 per day, per animal. This minimum cost per day totals approximately $1,022. Thus, for the 21-day period from December 14, 2018 through January 4, 2019, the cost will be in

Page 4 of 10   EMERGENCY MOTION FOR AUTHORITY TO SELL ASSETS
OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230182:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11   Doc   Filed 12/13/18

excess of $21,000, assuming Shasta can get employees to do the work over the holidays. Peek Decl., ¶ 13.

15. More importantly, Shasta believes it would be inhumane and cruel to keep that many animals penned up for that long a period of time. The Debtor's cattle will be unduly stressed and will face a higher risk of infection, injury, and death. Besides the consequences to the cattle--some will lose weight, others will require veterinary care, and some may die---these facts will adversely affect the purchase price at auction, increase the carrying costs, and reduce the net return to the Debtor. Peek Decl., ¶ 14.

16. Shasta is unwilling to let the Debtor's cattle remain at the auction yard for such an extended period of time, and would require the cattle be shipped elsewhere pending the auction. Peek Decl., ¶ 15. Shasta believes that conducting the auction on December 14th will realize a higher price due to the extensive advertising performed, and would enable the Debtor to avoid incurring additional costs. Peek Decl., ¶ 16.

17. The Debtor does not have consent or a court order to use cash collateral to move the cattle in the event the December 14th auction does not occur. Radabaugh Decl., ¶ 7.

18. The sale at Shasta Livestock scheduled for Friday December 14, 2018 will be an arms-length transaction and will be conducted by Shasta Livestock. Radabaugh Decl., ¶ 8.

**RELIEF REQUESTED**

19. Debtor seeks entry of an order shortening the notice period in connection with the auction scheduled for December 14, 2018, and to allow a hearing on Debtor's Second Motion for Authority to Sell Assets Outside the Ordinary Course of Business [ECF No.25] (the "Sale Motion") to proceed on December 13, 2018. A proposed order is attached hereto as **Exhibit 1**.

Page 5 of 10    EMERGENCY MOTION FOR AUTHORITY TO SELL ASSETS
OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230182:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/13/18

20. Debtor submits that the foregoing facts and circumstances establish just and proper cause for relief under Fed. R. Bankr. P. 2002(a)(2) and Fed. R. Bank. P. 9006(c).

## NOTICE

21. The Debtor has provide notice of this motion to: (a) the Office of the United States Trustee; (b) the entities listed on the Amended List of Creditor Holding the 20 Largest Unsecured Claims; (c) GP, LLC, the only secured creditor holding a security interest in the cattle, and (d) counsel for GP, LLC.

22. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

## ARGUMENT

**A. Because of the risk of injury to the cattle, good cause exists to shorten the notice period.**

Under Federal Rule of Bankruptcy Procedure 6004(a), "[n]otice of a proposed use, sale, or lease of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002." That rule, in turn, requires "at least 21 days' notice" of "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a). Good cause exists to shorten the notice period for the Debtor's proposed sale.

As described above, there is serious risk of diminution of value of the cattle if they are not sold by Shasta at the December 14th auction. The auction has been widely advertised, is more likely than not to generate competitive bidding, and will more likely than not obtain fair market values for the Debtor's cattle. Because Shasta expects reduced attendance and participation at the December 21st auction, delaying the sale until that date is not in the best interests of the estate.

Page 6 of 10    EMERGENCY MOTION FOR AUTHORITY TO SELL ASSETS
OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230182:1}

Case 19-60230-pcm11    Doc    Filed 12/13/18

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

More importantly, there is serious risk to the cattle at Shasta if they are not sold on December 14, 2018, due to the fact that Shasta cannot care for the animals during the holidays. If the cattle are not sold at the December 14th auction, the best thing to do would be to transport the cattle back to the Debtor's property. Unfortunately, the Debtor does not have the funds or the ability to use cash collateral to pay for those expenses.

WHEREFORE, Debtor requests the Court enters an order in the form attached hereto as **Exhibit 1**, shortening the notice period for the sale of Debtor's cattle that are located at Shasta Livestock Auction Yard.

DATED: December 13, 2018

MOTSCHENBACHER & BLATTNER LLP

By:/s/Nicholas J. Henderson
   Nicholas J. Henderson, OSB #074027
   Proposed Attorneys for Debtor-in-Possession
  Christian S. Radabaugh Sr.

Page 7 of 10    EMERGENCY MOTION FOR AUTHORITY TO SELL ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230182:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/13/18

**EXHIBIT 1**
PROPOSED ORDER

Page 8 of 10  ORDER SHORTENING NOTICE PERIOD FOR SALE OF DEBTOR'S ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230182:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/13/18

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Bankruptcy Case No. 18-34244-pcm11 |
|---|---|
| CHRISTIAN S. RADABAUGH, SR.<br><br>Debtor-in-Possession. | ORDER GRANTING DEBTOR'S MOTION TO SHORTEN NOTICE PERIOD FOR SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS |

This matter came before the Court on Debtor's Motion for Entry of Order Shortening Time for Notice of Debtor's Second Motion for Authority to Sell Assets Outside the Ordinary Course of Business [ECF No. ___] (the "Motion"). The Court, having reviewed the Motion and the supporting declaration, and, having heard arguments of counsel, hereby ORDERS as follows:

1. Debtor's MOTION is GRANTED;

2. Good cause exists to shorten the notice period set forth in Fed. R. Bankr. P. 2002(a), to allow the Debtor's cattle located at Shasta Livestock Auction Yard to be sold on December 14, 2018.

### 

Page 9 of 10    ORDER SHORTENING NOTICE PERIOD FOR SALE OF DEBTOR'S ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230182:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/13/18

I certify that I have complied with the requirements of LBR 9021-1 (a)(2)(A).

Presented by:

Motschenbacher & Blattner LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Email: nhenderson@portlaw.com
Phone: (503) 417-0508

**PARTIES TO SERVE**

ECF Electronic Service:

- SARAH FLYNN    sarah.flynn@usdoj.gov
- HOWARD M LEVINE    hlevine@sussmanshank.com, jhume@sussmanshank.com, ecf.howard.levine@sussmanshank.com, howard-levine-5487@ecf.pacerpro.com
- NICHOLAS J HENDERSON    nhenderson@portlaw.com, tsexton@portlaw.com; mperry@portlaw.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

Page 10 of 10  ORDER SHORTENING NOTICE PERIOD FOR SALE OF DEBTOR'S ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS

{00230182:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/13/18