UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
)
) **Notice of Preliminary Hearing on Motion**
)    ☐ **For Use of Cash Collateral**
)    ☐ **To Obtain Credit**
Debtor(s) ) **(Check One)**

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, _____, filed a Motion ☐ For Use of Cash Collateral ☐ To Obtain Credit (check one). The motion is attached and it includes (1) the statement required by Local Bankruptcy Form (LBF) 541.5 and (2) the following allegations:

   a. The immediate and irreparable harm that will come to the estate pending a final hearing is _____
   _____
   _____.

   b. The amount of ☐ cash collateral ☐ credit (check one) necessary to avoid the harm detailed above prior to the final hearing is _____.

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____.

3. A preliminary hearing on the motion will be held as follows:

   **Date:** _____ **Time:** _____ **Location:** _____

   Testimony will be received if offered and admissible.

4. If you wish to object to the motion, you must do one or both of the following:

   a. attend the preliminary hearing.

   b. file a written response, which states the facts upon which you will rely, with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401.

   If the response is filed within three business days before the hearing, notify the judge's chambers by telephone immediately after filing the document, as required by Local Bankruptcy Rule (LBR) 9004-1(b).

5. I certify that on _____ this notice and the motion were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7004 on the debtor(s), any debtor's attorney, any trustee, any trustee's attorney, members of any committee appointed under 11 U.S.C. § 1102 or elected pursuant to 11 U.S.C. § 705 or its authorized agent [or, if no committee in a chapter 11 case, on all creditors listed on the list filed pursuant to FRBP 1007(d)], any creditors' committee attorney, the U.S. Trustee, and all entities with any interest in the cash collateral subject to this motion, whose names and addresses used for service are as follows:

_____
Signature of Moving Party or Attorney                                                    OSB #

_____
(If debtor is movant) Debtor's Address & Last 4 Digits of Taxpayer ID#(s)

541.1 (12/1/2018)                    Page 2 of 2

Case 19-60230-pcm11    Doc    Filed 12/18/18

**Nicholas J. Henderson, OSB#074027**
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Of Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>CHRISTIAN S. RADABAUGH,<br><br>                Debtor. | Case No. 18-34244-pcm11<br><br>MOTION FOR INTERIM ORDER UNDER SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE, AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION NUNC PRO TUNC |

  Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001, and LBR 4001-1(c), Christian S. Radabaugh (the "Debtor"), as debtor-in-possession, hereby moves this Court for entry of interim and final orders authorizing it to use cash collateral as defined by Section 363 of the Bankruptcy Code (the "Cash Collateral") for the purpose and on the terms set forth herein. In support, the Debtor represents and states as follows:

  1. On December 7, 2018, the Debtor commenced a Chapter 11 case by filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

  2. Pursuant to Sections 1107 and 1108 of the United States Bankruptcy Code, the Debtor is authorized to possess the Debtor's property and operate and manage the Debtor's business as debtor-in-possession.

PAGE 1 - DEBTOR'S MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR
    TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION
{00229019:1}

Case 19-60230-pcm11  Doc  Filed 12/18/18

## DEBTOR'S BUSINESS

3. Debtor is an individual residing in Redmond, Oregon. Debtor operates a cattle ranching and breeding business, operates and leases a rock quarry, and provides custom haying and hauling services. Debtor also intends to grow crops for sale in the future. Debtor seeks immediate interim authority to use cash collateral to transport cattle from Shasta Livestock Auction Yard to the Debtor's property in Redmond, and to pay for administrative expenses such as feed and cattle care incurred since the petition date. As set forth in the Declarations of Christian S. Radabaugh [ECF No. 26] and Brad Peek [ECF No. 27] (together, the "Radabaugh and Peek Declarations"), the Debtor's cattle would be greatly jeopardized if the Debtor is unable to pay for transportation expenses for the cattle.

## PARTIES WITH POTENTIAL INTERESTS IN COLLATERAL

4. The following entities ("Lien Creditor") may claim liens in the Cash Collateral, which consist of proceeds from the sale of cattle, and from rock quarry proceeds:

| Lien Creditor | Approx. Amount Owing | Brief Collateral Description | Collateral Value |
|---|---|---|---|
| GP, LLC | $2,000,000 | 1) Cattle, offspring and proceeds; 2) Quarried rock, products, proceeds; 3) Trust Deed, Debtor's Real Property, 15334 NE O'Neil Hwy, Redmond, OR 97756 | 1) $700,000 2) Unknown 3) $6,250,000 TOTAL: *at least* $6,950,000 |

5. Other than the Lien Creditor, Debtors are not aware of any parties holding an interest in Cash Collateral. The parties below have filed UCC financing statements with the Oregon Secretary of State, or have otherwise asserted security interests against the Debtor's property, but Debtors contend none of the parties below have an interest in the Cash Collateral:

| Lien Creditor | UCC No. | Brief Collateral Description |
|---|---|---|
| Edward P. Fitch | 4916865 / 6066768 | Equipment |
| U.S. Bank N.A., as Custodian/Trustee for Fed. Ag. Mortgage Corp. Programs | 91028605 | Irrigation Apparatus and Equipment |

PAGE 2 -   DEBTOR'S MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR
              TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION
{00229019:1}

Case 19-60230-pcm11    Doc    Filed 12/18/18

| Lien Creditor | UCC No. | Brief Collateral Description |
|---|---|---|
| Agco Finance LLC | 5256516 | Baler, Tractor, Equipment |
| Shasta Livestock Auction Yard, Inc. ("Shasta") | n/a | Asserted possessory agricultural services lien against 305 head of livestock held at Shasta |

6. Debtor requires the use of Cash Collateral to transport his cattle from Shasta Livestock Auction Yard, and to pay for insurance and other business expenses. The amount of $19,550 is needed on an interim basis to avoid the immediate and irreparable harm detailed in the Radabaugh and Peek Declarations.

7. In order to formulate a plan of reorganization, Debtor requires the use of Cash Collateral for the payment of operating expenses. Debtor proposes to use Cash Collateral of $102,200 over the period commencing December 17, 2018, through April 22, 2019, on the terms set forth in the proposed Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A**. Debtors projected 120-day operating expense budget is attached to **Exhibit A** marked **Exhibit 1** (the "Budget").

8. Debtor is currently unable to obtain necessary financial accommodations for the expenses shown in the Budget from any source. Furthermore, after reasonable efforts, Debtor is unable, pursuant to §364(a) or (b), to obtain unsecured credit allowable under §503(b)(1) as an administrative expense.

9. Allowing Debtor to use Cash Collateral on the terms set forth in the proposed Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A** will maximize the value of the Debtor's assets for the estate, will increase the probability of successful reorganization, and is in the best interests of the creditors and this estate.

10. Without the use of Cash Collateral, Debtor has insufficient funds to meet Debtor's expenses as itemized in the Budget. Debtor has an immediate need for Cash Collateral to pay for transportation costs to return cattle from Shasta to Debtor's ranch, and to pay Debtor's operating

PAGE 3 - DEBTOR'S MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION
{00229019:1}

Case 19-60230-pcm11    Doc    Filed 12/18/18

expenses, including providing deposits to utilities as needed under 11 U.S.C. §366, all of which will preserve the value of Debtor's business.

11. The proposed order on this motion does not contain any of the "disfavored provisions" listed in LBF #541.7.

## PROPOSED TERMS OF CASH COLLATERAL ORDER

12. Debtor further proposes that Debtor's authority to use Cash Collateral be limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the aggregate budget variance shall not exceed ten percent (10%) of the total projected expenditures under the Budget for that Budget period.

## PROPOSED ADEQUATE PROTECTION

13. Notwithstanding anything to the contrary contained in Section 552(a) of the Code, as adequate protection for, and to secure payment of, an amount equal to the aggregate diminution (from the Petition Date) in the value of the property of Debtor to which any of the liens of the parties identified in paragraph 4 herein shall have attached, and as security for and an inducement to said parties to permit use of Cash Collateral, Debtor proposes to grant to Lien Creditor the following protection, effective as of December 14, 2018:

    a. A replacement lien on all of the post-petition property of the same nature and kind in which each of them has a pre-petition line or security interest. The replacement liens shall have the same relative priority vis-à-vis one another as existed on the petition date with respect to the original liens.

    b. Debtors shall timely perform and complete all actions necessary and appropriate to protect Lien Creditors' collateral against diminution in value.

A significant equity cushion is in and of itself sufficient adequate protection to support a debtor's request or use of cash collateral. *See In re Mellor*, 734 F2d 1396 (9th Cir, 1984) where the Court implied that an equity cushion of 10% is sufficient to adequately protect a secured

PAGE 4 -   DEBTOR'S MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR
           TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION
{00229019:1}

Case 19-60230-pcm11    Doc    Filed 12/18/18

creditor for use of the secured creditor's cash collateral. Relying on *Mellor*, the Ninth Circuit Bankruptcy Appellate Panel has found that adequate protection existed where an 11.45% equity cushion existed: *See In re Boulders on the River, Inc.*, 164 B.R. 99 (9th Cir. B.A.P. 1994).

14. Here, the secured creditor holding an interest in Cash Collateral also has a Deed of Trust recorded against the Debtor's real property. The Debtor estimates that the value of his real property is sufficient to provide a $2,000,000 equity cushion *over and above* the liens of Lien Creditor and senior lienholders. Thus, GP, LLC enjoys a substantial equity cushion, far in excess of the *Mellor* standard, and is adequately protected by virtue of the equity cushion alone.

15. Lien Creditor will be adequately protected by receiving a replacement lien on future offspring and proceeds produced by its collateral, with the same relative priority as existed on the petition date. The Debtor's cash proceeds from the sale of cattle will be used to preserve the remaining cattle, which will produce offspring necessary to generate future revenue. As demonstrated by the Budget, the overall balance of Debtor's cash will accumulate over the budget period.

**NOTICE**

16. No creditors committee under § 1102 of the Code has yet been appointed by the U.S. Trustee, but Debtor has given notice, as required by Bankruptcy Rule 4001, of this motion or pending requisite notice of such motion.

WHEREFORE, Debtor moves the Court for:

1. An Order Authorizing the Use of Cash Collateral and Granting Adequate Protection on the terms set forth in **Exhibit A** attached hereto.

2. That the Order and each of its terms shall be effective as of December 14, 2018, and the automatic stay of judgment provisions of FRBP 8017(a) shall not apply;

DATED December 18, 2018

MOTSCHENBACHER & BLATTNER, LLP

PAGE 5 -   DEBTOR'S MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR
              TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION
{00229019:1}

Case 19-60230-pcm11    Doc    Filed 12/18/18

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Of Attorneys for Debtor in Possession

PAGE 6 -  DEBTOR'S MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR
TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION
{00229019:1}

# EXHIBIT A

# PROPOSED ORDER

{00229019:1}

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re: | Case No. 18-34244-pcm11 |
|---|---|
| CHRISTIAN S. RADABAUGH,<br><br>Debtor. | INTERIM ORDER UNDER SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE, AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION |

This matter came before the Court on the Motion For Interim Order Under Sections 361 and 363 of the Bankruptcy Code, Authorizing Debtor to Use Cash Collateral and to Grant Adequate Protection [ECF Doc #___] filed by Christian S. Radabaugh (the "Debtor"), as debtor-in-possession. Based on the entire record of this case, the Court makes the following findings of fact and conclusions of law:

Page 1 of 4 – ORDER AUTHORIZING USE OF CASH COLLATERAL
{00229019:1}

Case 19-60230-pcm11    Doc    Filed 12/18/18

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

A. On December 7, 2018 (the "Petition Date"), the Debtor filed herein a voluntary petition under Chapter 11 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been requested or appointed and no official committee of creditors has been appointed.

B. The following creditors (each a "Secured Creditor" and collectively the "Secured Creditors") may claim a lien in the Debtor's cash collateral (as defined in § 363(a)), as follows:

| Lien Creditor | Approx. Amount Owing | Collateral Value | Brief Collateral Description |
|---|---|---|---|
| GP, LLC | $2,000,000 | $6,950,000 | Proceeds from Sale of Cattle |

C. The relief requested in the motion (i) is necessary to avoid immediate and irreparable harm to Debtor's property.

D. Absent authority to use cash collateral, the Debtor's property will be immediately and irreparably harmed. The Debtor's use of cash collateral will enable it to maintain the going concern value of its business and the value of Debtor's cattle.

E. Lien Creditor has consented to the use of cash collateral under the terms of this Order. The adequate protection offered to the Secured Creditors in the motion is reasonable and appropriate in the circumstances.

Based on the foregoing, it is hereby ORDERED that:

1. The Debtor is authorized to use $19,550 of cash collateral for the period of December 17, 2018, through and including January 17, 2019 (the "Interim Budget Period") in accordance with the attached Exhibit 1 (the "Budget"). Debtor's authority to use Cash Collateral is limited to the uses set forth in the Budget, together with a 10% aggregate variance.

2. As adequate protection, the Lien Creditor is granted replacement liens upon all post-petition assets of the Debtor which are of the identical description to its pre-petition collateral, with the same relative priority that existed as of the Petition Date.

3. Debtor will timely perform and complete all actions necessary and appropriate to protect Lien Creditors' collateral against diminution in value.

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 19-60230-pcm11    Doc    Filed 12/18/18

4. Nothing in this Order shall be construed to (a) grant a security interest in the Debtor's avoidance powers; (b) convert any pre-petition obligations into post-petition obligations; (c) require payment of any obligations on confirmation of a plan of reorganization, except as otherwise provided under the Bankruptcy Code; (d) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or its assets or (e) enhance the secured position of any creditor as of the Petition Date. Further, nothing in this order shall preclude Lien Creditor from asserting claims for any further amounts that may be owed by the Debtor.

5. Debtor is authorized to execute and deliver to Lien Creditor such instruments considered by each Lien Creditor to be necessary or desirable to perfect the secured interests and liens given to the Lien Creditor, and the Lien Creditor is authorized to receive, file, and record the same.

6. Nothing contained in this Order shall constitute a determination as to the amount, validity, or priority of any pre-petition obligation, security interest, or lien and all rights of parties in interest to claim that any pre-petition lien or security interest in Debtor's property is unperfected, unenforceable, invalid, or voidable, are reserved. Additionally, nothing in this Order shall constitute an admission or acknowledgement by Debtor that any party has a valid or perfected lien in the cash of Debtor now existing or subsequently received, and the references herein to "Cash Collateral" are without prejudice to all rights, defenses, and claims of Debtor to contend that any party does not have a perfected lien or security interest in such collateral.

7. This Order does not grant authority to the Debtors to pay any pre-petition obligation, expense, or debt or to pay any administrative expense claims under Section 503(b)(9). Debtors may only pay such administrative expense claims upon further order of this Court after the filing of an appropriate motion and notice of the same.

/ / / / /

/ / / / /

/ / / / /

Page 3 of 4 – ORDER AUTHORIZING USE OF CASH COLLATERAL
{00229019:1}

Case 19-60230-pcm11    Doc    Filed 12/18/18

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

8. The final hearing on Debtors' Motion shall be held in Courtroom 1 of the United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, #700, Portland, Oregon 97204, on _____, 2018 at \_\_\_:\_\_\_ \_\_.m.

9. A copy of this Order and Notice of the final hearing on Debtors' Motion shall be served within two (2) days of entry of this Order pursuant to FRBP 7004 upon: (a) Debtors' 20 largest unsecured creditors; (b) any known creditors claiming a security interest in or lien on Cash Collateral; (c) the U.S. Trustee; and (d) all persons who have requested notice pursuant to Bankruptcy Rule 2002. Objections, if any, to the relief requested in the motion shall be in writing, shall state the name of the objecting party and the nature of the claim or interest of such party, shall state with particularity the reasons for the objections to the relief requested, and shall be served upon counsel for Debtor, Nicholas J Henderson, Motschenbacher & Blattner, LLP, 117 SW Taylor St., Ste. 300, Portland, Oregon 97204 and filed, together with proof of service, with the Court no later than the deadline provided in the Notice (LBF 541.1) which accompanies this Order when served.

###

I certify that I have complied with the requirements of LBR 9021-1 (a)(2)(A).

Order Presented by:

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
117 SW Taylor Street, Suite 300
Portland, OR 97204
Telephone: 503-417-0500
Facsimile: 503-417-0508
E-mail: nhenderson@portlaw.com
Of Attorneys for Debtor

**Service List:**

First Class Mail:
See Attached List.

Electronic Mail:
The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system.

Page 4 of 4 – ORDER AUTHORIZING USE OF CASH COLLATERAL
{00229019:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 19-60230-pcm11    Doc    Filed 12/18/18

# EXHIBIT 1

# CASH COLLATERAL BUDGET

{00229019:1}

|  | Beginning | 12/10/2018 | 12/17/2018 | 12/24/2018 | 12/31/2018 | 1/7/2019 | 1/14/2019 | 1/21/2019 |
|---|---|---|---|---|---|---|---|---|
| **Cash on hand (beginning of week)** | $ 500.00 | $ 500.00 | $ 426,293.17 | $ 409,743.17 | $ 404,293.17 | $ 398,843.17 | $ 402,893.17 | $ 395,643.17 |
| **CASH RECEIPTS** | | | | | | | | |
| Sales of livestock | | $ 428,793.17 | | | | $ 15,000.00 | | |
| Crop sales | | | | | | | | |
| Agricultural program payments | | | | | | | | |
| Crop Sales - Radabaugh Ranch, LLC | | | | | | | | |
| Rock sales | | | | | | | | |
| Trucking custom hauling | | | | | | | | |
| Custom haying | | | | | | | | |
| **TOTAL CASH RECEIPTS** | | $ 428,793.17 | | | | $ 15,000.00 | | |
| Financing (loans, line of credit, etc) | | | | | | | | |
| **Total cash available** | $ 500.00 | $ 429,293.17 | $ 426,293.17 | $ 409,743.17 | $ 404,293.17 | $ 413,843.17 | $ 402,893.17 | $ 395,643.17 |
| **CASH PAID OUT** | | | | | | | | |
| Car and truck expenses | | $ 500.00 | | | | $ 500.00 | | |
| Feed | | | | | | | | |
| Fertilizers and lime | | | | $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 |
| Freight and trucking | | | $ 12,000.00 | | | | | |
| Gasoline, fuel, and oil | | | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Insurance (other than health) | | | $ 1,800.00 | | | | $ 1,800.00 | |
| Contract Labor | | | | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |
| Rent or lease | | | | | | | | |
| Repairs and maintenance | | | | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 |
| Seeds and plants | | | | | | | | |
| Storage and warehousing | | | | | | | | |
| Supplies | | | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 |
| Taxes | | | | | | | | |
| Utilities | | | | | | $ 2,500.00 | | |
| Veterinary, breeding, and medicine | | | | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 | |
| Other expenses and misc. | | | | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| **SUBTOTAL** | | $ 500.00 | $ 14,550.00 | $ 5,450.00 | $ 5,450.00 | $ 8,450.00 | $ 7,250.00 | $ 2,950.00 |
| GP, LLC | | | | | | | | |
| Shasta Livestock Auction Yard (Feed and other admin expenses) | | | $ 2,000.00 | | | | | |
| Capital purchases | | | | | | | | |
| Owner Living Expenses (See Schedule J) | | $ 2,500.00 | | | | $ 2,500.00 | | |
| **TOTAL CASH PAID OUT** | | $ 3,000.00 | $ 16,550.00 | $ 5,450.00 | $ 5,450.00 | $ 10,950.00 | $ 7,250.00 | $ 2,950.00 |
| **Cash on hand (end of month)** | $ 500.00 | $ 426,293.17 | $ 409,743.17 | $ 404,293.17 | $ 398,843.17 | $ 402,893.17 | $ 395,643.17 | $ 392,693.17 |

| 1/28/2019 | 2/4/2019 | 2/11/2019 | 2/18/2019 | 2/25/2019 | 3/4/2019 | 3/11/2019 | 3/18/2019 | 3/25/2019 | 4/1/2019 | 4/8/2019 |
|---|---|---|---|---|---|---|---|---|---|---|
| $ 392,693.17 | $ 389,743.17 | $ 382,543.17 | $ 377,793.17 | $ 374,843.17 | $ 371,893.17 | $ 424,193.17 | $ 419,443.17 | $ 416,493.17 | $ 413,543.17 | $ 583,343.17 |
|  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  | $ 150,000.00 |  |
|  |  |  |  |  | $ 32,500.00 |  |  |  |  |  |
|  |  | $ 1,750.00 |  |  | $ 3,500.00 |  |  |  | $ 3,500.00 |  |
|  |  |  |  |  | $ 17,000.00 |  |  |  | $ 17,000.00 |  |
|  |  | $ 3,250.00 |  |  | $ 6,500.00 |  |  |  | $ 6,500.00 |  |
|  |  |  |  |  | $ 59,500.00 |  |  |  | $ 177,000.00 |  |
| $ 392,693.17 | $ 389,743.17 | $ 382,543.17 | $ 377,793.17 | $ 374,843.17 | $ 431,393.17 | $ 424,193.17 | $ 419,443.17 | $ 416,493.17 | $ 590,543.17 | $ 583,343.17 |
|  |  |  |  |  |  |  |  |  |  |  |
|  | $ 500.00 |  |  |  | $ 500.00 |  |  |  | $ 500.00 |  |
| $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 |
| $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
|  | $ 1,800.00 |  |  |  | $ 1,800.00 |  |  |  | $ 1,800.00 |  |
| $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |
| $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 |
| $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 |
|  | $ 1,250.00 |  |  |  | $ 1,250.00 |  |  |  | $ 1,250.00 |  |
| $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| $ 2,950.00 | $ 4,700.00 | $ 4,750.00 | $ 2,950.00 | $ 2,950.00 | $ 4,700.00 | $ 4,750.00 | $ 2,950.00 | $ 2,950.00 | $ 4,700.00 | $ 4,750.00 |
|  |  |  |  |  |  |  |  |  |  |  |
|  | $ 2,500.00 |  |  |  | $ 2,500.00 |  |  |  | $ 2,500.00 |  |
| $ 2,950.00 | $ 7,200.00 | $ 4,750.00 | $ 2,950.00 | $ 2,950.00 | $ 7,200.00 | $ 4,750.00 | $ 2,950.00 | $ 2,950.00 | $ 7,200.00 | $ 4,750.00 |
| $ 389,743.17 | $ 382,543.17 | $ 377,793.17 | $ 374,843.17 | $ 371,893.17 | $ 424,193.17 | $ 419,443.17 | $ 416,493.17 | $ 413,543.17 | $ 583,343.17 | $ 578,593.17 |