**Nicholas J. Henderson, OSB#074027**
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Of Attorneys for Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>CHRISTIAN S. RADABAUGH, SR.<br><br>Debtor-in-Possession, | Case No. 18-34244-pcm11<br><br>DEBTOR'S FIRST AMENDED MOTION FOR: (1) ORDER GRANTING SHASTA LIVESTOCK AUCTION YARD ADEQUATE PROTECTION IN RELATION TO TURNOVER OF PROPERTY, (2) AUTHORITY TO SELL PROPERTY OUTSIDE THE ORDINARY COURSE OF BUSINESS, AND (3) ORDER SHORTENING TIME REGARDING NOTICE OF SALE |

Pursuant to Sections 105(a), 361, 362, 363 and 542 of the United States Bankruptcy Code, Christian S. Radabaugh, Sr. (the "Debtor"), as debtor-in-possession, hereby moves this Court for entry of an order granting adequate protection to Shasta Livestock Auction Yard, Inc. in relation to the turnover of certain of the Debtor's property, and further requests that the Court enter an order authorizing the sale of 35 head of cattle, and shortening the notice period for the sale. In support of this motion, Debtor relies on the Declarations of Christian S. Radabaugh [ECF No. 26] (the "Radabaugh Decl.") and Brad Peek [ECF No. 27] (the "Peek Decl."). Additionally, Debtor represents and states as follows:

Page 1 of 6    FIRST AMENDED MOTION FOR ADEQUATE PROTECTION,
               AUTHORITY TO SELL ASSETS, AND SHORTENED NOTICE
{00230956:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/19/18

1. On December 7, 2018, the Debtor commenced a Chapter 11 case by filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

2. Pursuant to Sections 1107 and 1108 of the United States Bankruptcy Code, the Debtor is authorized to possess the Debtor's property and operate and manage the Debtor's business as debtor-in-possession.

3. Debtor is an individual residing in Redmond, Oregon. The Debtor operates a cattle ranching and breeding business. The Debtor also operates and leases a rock quarry, and provides custom haying and hauling services. The Debtor also intends to grow crops for sale in the future.

4. During the two-week period prior to the filing of the petition, GP, LLC removed 305 head of cattle, primarily mother cows, and shipped such livestock to Shasta Livestock Auction Yard ("Shasta") for sale. The cattle were scheduled to be sold on Friday, December 14, 2018. *See* Radabaugh Decl., ¶ 5.

5. The Court held a hearing on December 14, 2018, regarding Debtor's Second Motion for Authority to Sell Property Outside the Ordinary Course of Business. That motion was denied, and Debtor was not authorized to sell the cattle at the December 14th auction.

6. Following the hearing, Debtor and GP, LLC, came to an agreement regarding the use of cash collateral to pay up to $8,000 for transportation expenses to move the cattle from Shasta to the Debtor's location. Debtor began making arrangements to transport the cattle back to Oregon. However, before Shasta would release the cattle, Shasta indicated that it held a possessory agricultural services lien against the 305 head of cattle that were being held for auction, and refused to release the animals until it was paid approximately $40,000 for freight, feed, storage, labor, and other expenses allegedly incurred to preserve the cattle.

7. Debtor disputes a portion of Shasta's asserted lien and its claim to be paid approximately $40,000 and, in any event, did not have the ability to use cash collateral to pay Shasta as of Friday, December 14th. The Debtor and Shasta, with the support of GP, LLC

Page 2 of 6 FIRST AMENDED MOTION FOR ADEQUATE PROTECTION, AUTHORITY TO SELL ASSETS, AND SHORTENED NOTICE

{00230956:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/19/18

reached a compromise with Shasta, through its counsel, regarding turnover of the cattle for their return to Oregon, and to provide Shasta with adequate protection in relation to its asserted lien. The terms of the parties' compromise is as follows:

   a. Debtor would pay, subject to Court approval, the sum of $2,000 to Shasta from GP, LLC's cash collateral held in the Debtor's counsels' trust account, to be applied to Shasta's claim for feed and other services;

   b. Shasta would turnover 270 head of cattle to Debtor, consisting of Debtors' youngest, higher-value animals;

   c. Shasta would retain possession of 32 head of open cows, and 3 additional animals that Shasta believed to be too poor of a condition to make the trip back to Oregon: 2 single-bred cows, and one motherless calf.

   d. Debtor would seek authority to sell the cattle left behind at Shasta at an auction scheduled for December 21, 2018, on the following conditions:

      i. All sale proceeds would be delivered by wire transfer to a trust account maintained by Debtor's counsel;

      ii. No distributions would be made to Shasta on account of its asserted lien, until Shasta's claim is allowed by the Court.

   e. Debtor stipulated and agreed to seek an order granting Shasta adequate protection to preserve Shasta's asserted possessory agricultural services lien, in the form of a continued lien against the 270 head of animals released back to the Debtor in the same priority and validity as existed on the Petition Date.

8. As of the date of this Motion, the 270 head of cattle released by Shasta have been transported back to the Debtor's location in Oregon.

9. The Debtor will file a separate motion for authorization to use GP, LLC's cash collateral and to grant GP, LLC adequate protection, nunc pro tunc to December 14, 2018.

Page 3 of 6

FIRST AMENDED MOTION FOR ADEQUATE PROTECTION, AUTHORITY TO SELL ASSETS, AND SHORTENED NOTICE

{00230956:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/19/18

## RELIEF SOUGHT

10. Debtor seeks an order, in the form attached hereto as **Exhibit 1**, to:

    a. Provide adequate protection to Shasta by it retaining it agricultural services lien in the same priority and validity as existed on the date it turned over the cattle to the Debtor, in order to preserve whatever lien it may have, if any, against 270 head of cattle released back to the Debtor, pending the determination of Shasta's claim;

    b. Granting Debtor the authority to sell the cattle left behind at Shasta for Shasta to apply the proceeds to its claim, and;

    c. For an order shortening the notice period for the sale, so that the sale can take place on December 21, 2018.

## ARGUMENT

**A. The Court may provide a continuing lien to Shasta as adequate protection for turning over possession of the cattle.**

11. Under Section 542 of the Bankruptcy Code, a creditor must promptly turnover property in which the debtor retains an interest and which the debtor can use under § 363, regardless of the fact that the creditor rather than the debtor had the right to possession when the case commenced. 11. U.S.C. § 542(a); *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983). The creditor can then seek adequate protection for its secured interest "rather than [relying on] the nonbankruptcy remedy of possession." *Id*. at 204.

12. Prior to turnover, a creditor in possession of the Debtor's property has the right to demand adequate protection. *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 20, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995).

13. Under Section 361 of the Bankruptcy Code, the Court is authorized to provide an entity with an additional or replacement lien to the extent a Debtor's use of property results in a decrease in the value of such entity's interest in such property, or may grant other relief to allow the entity to realize the indubitable equivalent of such entity's interest in the property. 11 U.S.C. §§ 361(2)-(3).

Page 4 of 6    FIRST AMENDED MOTION FOR ADEQUATE PROTECTION, AUTHORITY TO SELL ASSETS, AND SHORTENED NOTICE

{00230956:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/19/18

### B. The Court may authorize the sale of the remaining cattle on shortened notice.

14. Section 363(b) of the Bankruptcy Code provides, in relevant part, that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

15. The debtor must articulate a business justification for the sale. *In re Walter*, 83 B.R. 14, 19–20 (9th Cir. BAP 1988). Whether the articulated business justification is sufficient "depends on the case," in view of "all salient factors pertaining to the proceeding." *Id*. at 19–20.

16. The salient factors pertaining to the proceeding are as follows:

   a. The remaining 35 head of cattle left at Shasta are not the Debtor's more valuable stock, nor are they the younger cows that will provide the Debtor with long-term use as breeding cattle. *See* Radabaugh Supplemental Declaration, ¶ 4.

   b. Debtor does not believe that the sale of the remaining cattle will materially impact the Debtor's business operations, or negatively impact the Debtor's ability to propose a plan of reorganization. *Id*.

   c. Shasta asserts a possessory agricultural services lien against the remaining cattle, for feed and other expenses incurred before and after the Petition Date. If the cattle are not sold at the December 21st auction, the costs to be incurred for feed and transportation will outweigh the benefit that could be obtained by the estate if the cattle are sold at a later date. *Id*.

   d. GP, LLC, the only other party in interest holding a lien against the cattle, consents to the proposed sale on the terms set forth herein.

   e. The cattle would be sold at an auction conducted by the largest volume auction yard west of the Rocky Mountains; and

   f. The sales are being conducted at arms-length, to non-insiders.

17. Based on the evidence submitted herein, there is good cause to authorize the sale on shortened notice.

Page 5 of 6    FIRST AMENDED MOTION FOR ADEQUATE PROTECTION, AUTHORITY TO SELL ASSETS, AND SHORTENED NOTICE

{00230956:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/19/18

## NOTICE

18.     The Debtor has provide notice of this motion to: (a) the Office of the United States Trustee; (b) the entities listed on the Amended List of Creditor Holding the 20 Largest Unsecured Claims; (c) GP, LLC, (d) counsel for GP, LLC, (e) Shasta Livestock Auction Yard, Inc., and (f) counsel for Shasta Livestock Auction Yard, Inc.

19.     In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

WHEREFORE, Debtor requests the Court enter the order attached hereto as **Exhibit 1**, authorizing the sale of cattle scheduled for December 21, 2018, shortening the notice period for the sale, and granting adequate protection to Shasta.

DATED December 19, 2018

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Of Attorneys for Debtor-in-Possession

Page 6 of 6     FIRST AMENDED MOTION FOR ADEQUATE PROTECTION, AUTHORITY TO SELL ASSETS, AND SHORTENED NOTICE

{00230956:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/19/18

# EXHIBIT 1

# PROPOSED ORDER

{00230956:2}

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>CHRISTIAN S. RADABAUGH, SR.<br><br>Debtor-in-Possession. | Bankruptcy Case No. 18-34244-pcm11<br><br>ORDER GRANTING DEBTOR'S FIRST AMENDED MOTION FOR: (1) GRANTING SHASTA LIVESTOCK AUCTION YARD ADEQUATE PROTECTION IN RELATION TO TURNOVER OF PROPERTY, (2) AUTHORITY TO SELL PROPERTY OUTSIDE THE ORDINARY COURSE OF BUSINESS, AND (3) ORDER SHORTENING TIME REGARDING NOTICE OF SALE |

This matter came before the Court on Debtor's First Amended Motion for: (1) Order

Granting Shasta Livestock Auction Yard Adequate Protection in Relation to Turnover of

Property, (2) Authority to Sell Property Outside the Ordinary Course of Business, and (3) Order

Shortening Time Regarding Notice of Sale [ECF No. ___] (the "Motion").

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

The Court, having reviewed the Motion and the supporting declaration, and, having heard arguments of counsel, hereby ORDERS as follows:

1. Debtor's MOTION is GRANTED;

2. Good cause exists to shorten the notice period set forth in Fed. R. Bankr. P. 2002(a), to allow the Debtor's cattle located at Shasta Livestock Auction Yard ("Shasta") to be sold on December 21, 2018.

3. Debtor is authorized to sell the cattle located at Shasta at auction on December 21, 2018. Shasta must deliver all gross proceeds from the sale to Debtor's counsel, by check or wire transfer, and such proceeds will be held in trust until further order of the Court is entered regarding the amount, validity and priority of Shasta's asserted agricultural services lien.

4. Shasta is granted the following adequate protection:

   a. Shasta shall have a continuing lien against the 270 head of cattle turned over to the Debtor, in the same amount and priority as existed as of the date of the turnover; and

   b. Debtor is authorized to pay $2,000 to Shasta from the cash collateral proceeds currently held by Debtor's counsel.

5. Nothing in this Order shall be construed to (a) alter, improve, limit or impair the rights, if any, of Shasta against the Debtor or his assets, nor (b) enhance or otherwise improve the validity of Shasta's asserted security interest as of the date of the turnover, if any; nor (c) prejudice any of GP, LLC's rights, liens, or claims. Further, nothing in this order shall preclude any party in interest from asserting claims for any further amounts that may be owed by the Debtor.

###

Page 2 of 3    ORDER GRANTING ADEQUATE PROTECTION,
               AUTHORIZING SALE, AND SHORTENING NOTICE PERIOD

{00230956:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/19/18

I certify that I have complied with the requirements of LBR 9021-1 (a)(2)(A).

Presented by:

Motschenbacher & Blattner LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Email: nhenderson@portlaw.com
Phone: (503) 417-0508

**PARTIES TO SERVE**

ECF Electronic Service:

- SARAH FLYNN    sarah.flynn@usdoj.gov
- HOWARD M LEVINE    hlevine@sussmanshank.com, jhume@sussmanshank.com, ecf.howard.levine@sussmanshank.com, howard-levine-5487@ecf.pacerpro.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

Page 3 of 3    ORDER GRANTING ADEQUATE PROTECTION, AUTHORIZING SALE, AND SHORTENING NOTICE PERIOD

{00230956:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/19/18

# CERTIFICATE OF SERVICE

I certify, under penalty of perjury, that the foregoing **DEBTOR'S FIRST AMENDED MOTION FOR: (1) ORDER GRANTING SHASTA LIVESTOCK AUCTION YARD ADEQUATE PROTECTION IN RELATION TO TURNOVER OF PROPERTY, (2) AUTHORITY TO SELL PROPERTY OUTSIDE THE ORDINARY COURSE OF BUSINESS, AND (3) ORDER SHORTENING TIME REGARDING NOTICE OF SALE** was served on the following parties via the Court's electronic CM/ECF process:

- SARAH FLYNN    sarah.flynn@usdoj.gov
- HOWARD M LEVINE    hlevine@sussmanshank.com, jhume@sussmanshank.com,ecf.howard.levine@sussmanshank.com,howard-levine-5487@ecf.pacerpro.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

The aforementioned was served on the following parties via mail:

Howard Levine
Sussman Shank LLP
1000 SW Broadway Ste 1400
Portland OR  97205
Fax: 503 248-0130


DATED December 19, 2018.        /s/ Mary Perry
                                Mary Perry, Legal Assistant
                                Of Attorneys for Debtor-in-Possession

Page 1 of 1    CERTIFICATE OF SERVICE

{00230956:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/19/18