UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                     )
                          )    Case No. _____
                          )
                          )    **Notice of Final**
                          )    **Hearing on Motion**
                          )        **For Use of Cash Collateral**
                          )        **To Obtain Credit**
Debtor(s)                 )    (Check One)

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, _____, filed a Motion ☐ For Use of Cash Collateral ☐ To Obtain Credit (check one). The motion is attached and includes the statement required by Local Bankruptcy Form (LBF) 541.5.

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____
_____.

3. A final hearing on the motion will be held as follows:

**Date:** _____ **Time:** _____ **Location:** _____

Testimony will be received if offered and admissible.

4. If you wish to object to the motion, you must, within 14 days of the service date shown in paragraph 5 below, file with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401: (1) a written response which states the facts upon which you will rely, and (2) a certificate showing the response has been served on the U.S. Trustee and the party named in paragraph 2 above.

5. On _____ this notice and the motion were served pursuant to FRBP 7004 on the debtor(s); any debtor's attorney; any trustee; any trustee's attorney; members of any committee elected pursuant to 11 U.S.C. § 705; any creditors' committee chairperson [or, if none, on all creditors listed on the list filed pursuant to FRBP 1007(d)]; any creditors' committee attorney; the U.S. Trustee; and all affected lienholders whose names and addresses used for service are as follows:

_____

    Signature of Moving Party or Attorney          OSB #

_____

(If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

In re: Christian S. Radabaugh Sr.
Bankruptcy Case No. 18-34244-pcm11

Service List

**First Class Mail:**

3 Springs Ranch
6661 S 3 Springs Ranch Rd
Powell Butte, OR 97753

Agco Finance, LLC
PO Box 2000
Johnston, IA 50131

Alves Family Trust
2312 Condor Dr.
Redmond, OR 97756

Bank Of America
4909 Savarese Circle
Fl1-908-01-50
Tampa, FL 33634

Capital Bank
Attn: Bankruptcy
1 Church St. # 300
Rockville, MD 20850

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

Central Oregon Ranch Supply
PO Box 103
Redmond, OR 97756

Chase Card Services
Correspondence Dept
Po Box 15298
Wilmington, DE 19850

Coleen Severence
15334 NE O'Neill HWY
Redmond, OR 97756

Crook County Property Taxes
200 NE 2nd St Ste 100
Prineville, OR 97754-4000

Edward Fitch
Fitch Law Group
210 SW 5th St., Ste. #2
Redmond, OR 97756

Edward P. Fitch
210 SW 5th Street, Suite 2
Redmond, OR 97756

Federal Ag. Mortgage Corp.
Programs
500 Fifth Street
Ames, IA 50010

Francis Hansen & Martin
Attn: Martin Hansen
1148 NW Hill St
Bend, OR 97703

GP LLC
8611 NE Ochoco Hwy
Prineville, OR 97754

Harvey C. Thun
3790 SW Gene Sarazan Dr.
Redmond, OR 97756

IRS
Attn: Attorney General of
United States
10th Constitution NW #4400
Washington, DC 20530

IRS
Centralized Insolvency
Operation
PO Box 7346
Philadelphia, PA 19114-7346

Jacolyn Alves
2312 Condor Dr.
Redmond, OR 97756

Les Schwab Tires
PO Box 646
Riley, OR 97758

Mid Oregon Fcu
Po Box 6479
Bend, OR 97708

Midstate Fertilizer
120 SW Glacier Ave.
Redmond, OR 97756

ODR Bkcy
955 Center NE, #353
Salem, OR 97301-2553

Synchrony Bank/Lowes
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896

Terrence B O'Sullivan
Merrill O Sullivan, LLP
805 SW Industrial Way, Suite 5
Bend, OR 97702

Wells Fargo Bank
Attn: Bankruptcy Dept
Po Box 6429
Greenville, SC 29606

Western Heavy Haul
PO Box 672
Prineville, OR 97754

Zions Agricultural Finance
500 5th Street
Ames, IA 50010

**Electronic Mail:**

All CM/ECF participants were served through the Court's Case Management/Electronic Case File system.

Page 1 of 1 – SERVICE LIST
{00232698:1}

**Nicholas J. Henderson, OSB#074027**
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Of Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re: | Case No. 18-34244-pcm11 |
|---|---|
| CHRISTIAN S. RADABAUGH, | MOTION FOR FINAL ORDER UNDER SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE, AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION NUNC PRO TUNC |
| Debtor. | |

Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001, and LBR 4001-1(c), Christian S. Radabaugh (the "Debtor"), as debtor-in-possession, hereby moves this Court for entry of a final order authorizing it to use cash collateral as defined by Section 363 of the Bankruptcy Code (the "Cash Collateral") for the purpose and on the terms set forth herein. In support, the Debtor represents and states as follows:

1. On December 7, 2018, the Debtor commenced a Chapter 11 case by filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2. Pursuant to Sections 1107 and 1108 of the United States Bankruptcy Code, the Debtor is authorized to possess the Debtor's property and operate and manage the Debtor's business as debtor-in-possession.

PAGE 1 -  DEBTOR'S MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR
TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION
{00232559:1}

## DEBTOR'S BUSINESS

3.  Debtor is an individual residing in Redmond, Oregon. Debtor operates a cattle ranching and breeding business, operates and leases a rock quarry, and provides custom haying and hauling services. Debtor also intends to grow crops for sale in the future.

## PARTIES WITH POTENTIAL INTERESTS IN COLLATERAL

4.  The following entities ("Secured Creditor") may claim liens in the Cash Collateral, which consist of proceeds from the sale of cattle, and from rock quarry proceeds:

| Secured Creditor | Approx. Amount Owing | Brief Collateral Description | Collateral Value |
|---|---|---|---|
| GP, LLC | $2,000,000 | 1) Cattle, offspring and proceeds;<br>2) Quarried rock, products, proceeds;<br>3) Trust Deed, Debtor's Real Property, 15334 NE O'Neil Hwy, Redmond, OR 97756 | 1) $700,000<br>2) Unknown<br>3) $6,250,000<br><br>TOTAL:<br>   *at least* $6,950,000 |

5.  Other than the Secured Creditor, Debtor is not aware of any parties holding an interest in Cash Collateral. The parties below have filed UCC financing statements with the Oregon Secretary of State, or have otherwise asserted security interests against the Debtor's property, but Debtor contends none of the parties below have an interest in the Cash Collateral:

| Secured Creditor | UCC No. | Brief Collateral Description |
|---|---|---|
| Edward P. Fitch | 4916865 / 6066768 | Equipment |
| U.S. Bank N.A., as Custodian/Trustee for Fed. Ag. Mortgage Corp. Programs | 91028605 | Irrigation Apparatus and Equipment |
| Agco Finance LLC | 5256516 | Baler, Tractor, Equipment |
| Shasta Livestock Auction Yard, Inc. ("Shasta") | n/a | Asserted possessory agricultural services lien against 305 head of livestock held at Shasta |

6.  In order to formulate a plan of reorganization, Debtor requires the use of Cash Collateral for the payment of operating expenses. Debtor proposes to use Cash Collateral of $100,200 over the period commencing December 17, 2018, through April 14, 2019, on the terms

PAGE 2 -   DEBTOR'S MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR
             TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION
{00232559:1}

Case 19-60230-pcm11    Doc    Filed 12/24/18

set forth in the proposed Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A**. Debtor's projected 120-day operating expense budget is attached to **Exhibit A**, and is marked **Exhibit 1** (the "Budget").

7. Debtor is currently unable to obtain necessary financial accommodations for the expenses shown in the Budget from any source. Furthermore, after reasonable efforts, Debtor is unable, pursuant to §364(a) or (b), to obtain unsecured credit allowable under §503(b)(1) as an administrative expense.

8. Allowing Debtor to use Cash Collateral on the terms set forth in the proposed Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A** will maximize the value of the Debtor's assets for the estate, will increase the probability of successful reorganization, and is in the best interests of the creditors and this estate.

9. Without the use of Cash Collateral, Debtor has insufficient funds to meet Debtor's expenses as itemized in the Budget. Debtor has an immediate need for Cash Collateral to pay for transportation costs to return cattle from Shasta to Debtor's ranch, and to pay Debtor's operating expenses, including providing deposits to utilities as needed under 11 U.S.C. §366, all of which will preserve the value of Debtor's business.

10. The proposed order on this motion does not contain any of the "disfavored provisions" listed in LBF #541.7.

## PROPOSED TERMS OF CASH COLLATERAL ORDER

11. Debtor further proposes that Debtor's authority to use Cash Collateral be limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the aggregate budget variance shall not exceed ten percent (10%) of the total projected expenditures under the Budget for that Budget period.

/ / / / /

/ / / / /

PAGE 3 -   DEBTOR'S MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR
            TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION
{00232559:1}

Case 19-60230-pcm11    Doc    Filed 12/24/18

## PROPOSED ADEQUATE PROTECTION

12. Notwithstanding anything to the contrary contained in Section 552(a) of the Code, as adequate protection for, and to secure payment of, an amount equal to the aggregate diminution (from the Petition Date) in the value of the property of Debtor to which any of the liens of the parties identified in paragraph 4 herein shall have attached, and as security for and an inducement to said parties to permit use of Cash Collateral, Debtor proposes to grant to Secured Creditor the following protection, effective as of December 14, 2018:

   a. A replacement lien on all of the post-petition property of the same nature and kind in which each of them has a pre-petition line or security interest. The replacement liens shall have the same relative priority vis-à-vis one another as existed on the petition date with respect to the original liens.

   b. Debtor shall timely perform and complete all actions necessary and appropriate to protect Secured Creditors' collateral against diminution in value.

A significant equity cushion is in and of itself sufficient adequate protection to support a debtor's request or use of cash collateral. *See In re Mellor*, 734 F2d 1396 (9th Cir, 1984) where the Court implied that an equity cushion of 10% is sufficient to adequately protect a secured creditor for use of the secured creditor's cash collateral. Relying on *Mellor*, the Ninth Circuit Bankruptcy Appellate Panel has found that adequate protection existed where an 11.45% equity cushion existed: *See In re Boulders on the River, Inc.*, 164 B.R. 99 (9th Cir. B.A.P. 1994).

13. Here, the secured creditor holding an interest in Cash Collateral also has a Deed of Trust recorded against the Debtor's real property. The Debtor estimates that the value of his real property is sufficient to provide a $2,000,000 equity cushion *over and above* the liens of Secured Creditor and senior lienholders. Thus, GP, LLC enjoys a substantial equity cushion, far exceeding the *Mellor* standard, and is adequately protected by virtue of the equity cushion alone.

14. Secured Creditor will be adequately protected by receiving a replacement lien on future offspring and proceeds produced by its collateral, with the same relative priority as existed

PAGE 4 - DEBTOR'S MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR
         TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION
{00232559:1}

Case 19-60230-pcm11    Doc    Filed 12/24/18

on the petition date. The Debtor's cash proceeds from the sale of cattle will be used to preserve the remaining cattle, which will produce offspring necessary to generate future revenue. As demonstrated by the Budget, the overall balance of Debtor's cash will accumulate over the budget period.

## NOTICE

15. No creditors committee under § 1102 of the Code has yet been appointed by the U.S. Trustee, but Debtor has given notice, as required by Bankruptcy Rule 4001, of this motion or pending requisite notice of such motion.

WHEREFORE, Debtor moves the Court for:

1. An Order Authorizing the Use of Cash Collateral and Granting Adequate Protection on the terms set forth in **Exhibit A** attached hereto.

2. That the Order and each of its terms shall be effective as of December 14, 2018, and the automatic stay of judgment provisions of FRBP 8017(a) shall not apply;

DATED December 24, 2018

MOTSCHENBACHER & BLATTNER, LLP

 /s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Of Attorneys for Debtor in Possession

PAGE 5 -   DEBTOR'S MOTION FOR INTERIM ORDER AUTHORIZING DEBTOR
           TO USE CASH COLLATERAL AND TO GRANT ADEQUATE PROTECTION
{00232559:1}

Case 19-60230-pcm11    Doc    Filed 12/24/18

# EXHIBIT A

# PROPOSED ORDER

{00232559:1}

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re:

CHRISTIAN S. RADABAUGH,

                Debtor.

Case No. 18-34244-pcm11

FINAL ORDER USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

This matter came before the Court on the Motion For Interim Order Under Sections 361 and 363 of the Bankruptcy Code, Authorizing Debtor to Use Cash Collateral and to Grant Adequate Protection [ECF Doc #___] filed by Christian S. Radabaugh (the "Debtor"), as debtor-in-possession. Based on the entire record of this case, the Court makes the following findings of fact and conclusions of law:

      A.      On December 7, 2018 (the "Petition Date"), the Debtor filed herein a voluntary petition under Chapter 11 of the Bankruptcy Code. As of the date hereof, Debtor continues in possession of his property and management of his business as debtor-in-possession, in

Page 1 of 5 – ORDER AUTHORIZING USE OF CASH COLLATERAL
{00232559:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 19-60230-pcm11    Doc    Filed 12/24/18

accordance with 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been requested or appointed and no official committee of creditors has been appointed. The Court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334. Venue of this case is properly in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §157(b), 11 U.S.C. §§ 105(a) and 363 of the Code, FRBP 4001 and LBR 4001-1.D.

B. Without the use of Cash Collateral, Debtor asserts he has insufficient funds to meet his expenses and other payments set forth in the Budget.

C. The following creditors (each a "Secured Creditor" and collectively the "Secured Creditors") may claim a lien in the Debtor's cash collateral (as defined in § 363(a)), as follows:

| Secured Creditor | Approx. Amount Owing | Collateral Value | Brief Collateral Description |
|---|---|---|---|
| GP, LLC | $2,000,000 | $6,950,000 | Proceeds from Sale of Cattle |

D. Secured Creditor has consented to the use of cash collateral under the terms of this Order. The adequate protection offered to the Secured Creditors in the motion is reasonable and appropriate in the circumstances.

Based on the foregoing, it is hereby ORDERED that:

1. The Debtor is authorized to use $100,200 of cash collateral for the period of December 10, 2018, through and including April 14, 2019 (the "Budget Period") in accordance with the attached Exhibit 1 (the "Budget"). Debtor's authority to use Cash Collateral is limited to the uses set forth in the Budget, together with a 10% aggregate variance.

2. As adequate protection, the Secured Creditor is granted replacement liens upon all post-petition assets of the Debtor which are of the identical description to its pre-petition collateral, with the same relative priority that existed as of the Petition Date.

3. Debtor will timely perform and complete all actions necessary and appropriate to protect Secured Creditors' collateral against diminution in value.

Page 2 of 5 – ORDER AUTHORIZING USE OF CASH COLLATERAL
{00232559:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 19-60230-pcm11    Doc    Filed 12/24/18

4. The Debtor will maintain and make available to Secured Creditor invoices and other evidence that justifies all expenditures.

5. This Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect in states where the Debtor (a) is domiciled, (b) operates its business, and (c) maintains its principal place of business. The Replacement Lien granted hereby shall be a valid, perfected and enforceable security interest and lien on the property of the Debtor and the Debtor's estate without further filing or recording of any document or instrument or any other action, but only to the extent of the enforceability of Secured Creditor's security interests in the Prepetition Collateral. Notwithstanding the foregoing, the Debtor is authorized and directed to execute and deliver to Secured Creditor(s) such financing statements, instruments and other documents as Secured Creditor(s) may deem necessary or desirable from time to time. To the extent necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362 is hereby modified and lifted to permit the granting of the Replacement Lien as set forth herein.

6. Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including Debtor) to contest the validity, priority or extent of the liens or security interests of any party in any collateral or in the proceeds thereof, as of, on or after the Petition Date; (b) grant a security interest in the debtor-in-possession or trustee's avoidance powers; (c) convert any pre-petition obligations into post-petition obligations; (d) require payment of any obligations on confirmation of a plan of reorganization; (e) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or Debtor's assets or (f) enhance the secured position of any creditor as of the Petition Date; (g) preclude Secured Creditor from asserting claims for any further amounts that may be owed by the Debtor; (h) preclude Debtor from disputing or objecting to Secured Creditor's claim; or (i) waiving any defenses that Secured Creditor may have to Debtor's objections.

7. Debtor is authorized to execute and deliver to Secured Creditor such instruments considered by each Secured Creditor to be necessary or desirable to perfect the secured interests

Page 3 of 5 – ORDER AUTHORIZING USE OF CASH COLLATERAL
{00232559:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 19-60230-pcm11    Doc    Filed 12/24/18

and liens given to the Secured Creditor, and the Secured Creditor is authorized to receive, file, and record the same.

8. Absent further Order of the Court, Debtor's authority to use cash collateral shall terminate at 5:00 pm on April 14, 2019, or upon the occurrence of any of the following: (a) the violation of the any of the terms of this Order, (b) the entry of an Order converting this case to a case under Chapter 7 of the Bankruptcy Code, (c) the termination, lapse, expiration or reduction of insurance coverage on Lien Creditors' collateral for any reason, or (d) the appointment of a trustee in this case.

9. Nothing contained in this Order shall constitute a determination as to the amount, validity or priority of any pre-petition obligation, security interest or lien and all rights or parties in interest to claim that any pre-petition lien or security interest in Debtor's property is unperfected, unenforceable, invalid or voidable, are reserved. Additionally, nothing in this Order shall constitute an admission or acknowledgment by Debtor that any party has a valid or perfected lien in the cash of Debtor now existing or subsequently received, and the references herein to "Cash Collateral" is without prejudice to all rights, defenses and claims of Debtor to contend that any party does not have a perfected lien or security interest in such cash.

10. The provisions hereof and the effect of any actions taken hereunder shall survive issuance and entry of any order: (a) confirming any plan of reorganization or liquidation; (b) appointing a trustee or examiner for the Debtor; (c) converting Debtor's case to one under Chapter 7 of the Code; or (d) dismissing Debtor's case. The priorities, liens and security interests granted herein shall continue in these or any superseding cases under the Code, and any such liens and security interests shall maintain their priority as provided herein until satisfied and discharged subject to the Code.

11. In the event any or all of the provisions of this Order are hereafter modified, amended or vacated by a subsequent order of this or any other court, no such modification, amendment or vacation shall affect the validity and enforceability of any lien or priority authorized or created hereby. Notwithstanding any such modification, amendment or vacation,

Page 4 of 5 – ORDER AUTHORIZING USE OF CASH COLLATERAL
{00232559:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 19-60230-pcm11    Doc    Filed 12/24/18

any claim granted hereunder arising prior to the effective date of such modification, amendment or vacation shall be governed in all respects by the original provisions of this Order.

12. This Order does not grant authority to the Debtor to pay any pre-petition obligation, expense, or debt or to pay any administrative expense claims under Section 503(b)(9). Debtor may only pay such administrative expense claims upon further order of this Court after the filing of an appropriate motion and notice of the same.

13. Debtor's authority to use Cash Collateral may be extended beyond the amount in Paragraph 1 or the Budget Period by mutual agreement of the Debtor and Secured Creditor. In the event of such agreement, Debtor may submit a further order allowing the use of Cash Collateral without an additional motion or hearing. Notice of the proposed extension, including the applicable Budget, shall be provided to the U.S. Trustee and any Creditors' Committee with 14 days for filing objections thereto. If no objections are received, the extension order will take effect upon its stated date of commencement.

### 

I certify that I have complied with the requirements of LBR 9021-1 (a)(2)(A).

Order Presented by:

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
117 SW Taylor Street, Suite 300
Portland, OR 97204
Telephone: 503-417-0500
Facsimile: 503-417-0508
E-mail: nhenderson@portlaw.com
Of Attorneys for Debtor

**Service List:**

First Class Mail:
See Attached List.

Electronic Mail:
The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system.

Page 5 of 5 – ORDER AUTHORIZING USE OF CASH COLLATERAL
{00232559:1}

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 19-60230-pcm11    Doc    Filed 12/24/18

# EXHIBIT 1

# CASH COLLATERAL BUDGET

In re: Christian S. Radabaugh Sr.  
Case No.: 18-34244-pcm11  

Exhibit 1: Projected Cash Flow Budget

| | Beginning | 12/10/2018 | 12/17/2018 | 12/24/2018 | 12/31/2018 | 1/7/2019 | 1/14/2019 | 1/21/2019 |
|---|---|---|---|---|---|---|---|---|
| **Cash on hand (beginning of week)** | $ 500.00 | $ 500.00 | $ 426,293.17 | $ 411,743.17 | $ 406,293.17 | $ 400,843.17 | $ 412,893.17 | $ 405,643.17 |
| **CASH RECEIPTS** | | | | | | | | |
| Sales of livestock | | $ 428,793.17 | | | | $ 23,000.00 | | |
| Crop sales | | | | | | | | |
| Agricultural program payments | | | | | | | | |
| Crop Sales - Radabaugh Ranch, LLC | | | | | | | | |
| Rock sales | | | | | | | | |
| Trucking custom hauling | | | | | | | | |
| Custom haying | | | | | | | | |
| **TOTAL CASH RECEIPTS** | | $ 428,793.17 | | | | $ 23,000.00 | | |
| Financing (loans, line of credit, etc) | | | | | | | | |
| **Total cash available** | $ 500.00 | $ 429,293.17 | $ 426,293.17 | $ 411,743.17 | $ 406,293.17 | $ 423,843.17 | $ 412,893.17 | $ 405,643.17 |
| **CASH PAID OUT** | | | | | | | | |
| Car and truck expenses | | $ 500.00 | | | | $ 500.00 | | |
| Feed | | | | | | | | |
| Fertilizers and lime | | | | $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 | $ 400.00 |
| Freight and trucking | | | $ 10,000.00 | | | | | |
| Gasoline, fuel, and oil | | | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Insurance (other than health) | | | $ 1,800.00 | | | | $ 1,800.00 | |
| Contract Labor | | | | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |
| Rent or lease | | | | | | | | |
| Repairs and maintenance | | | | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 |
| Seeds and plants | | | | | | | | |
| Storage and warehousing | | | | | | | | |
| Supplies | | | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 |
| Taxes | | | | | | | | |
| Utilities | | | | | | $ 2,500.00 | | |
| Veterinary, breeding, and medicine | | | | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 | |
| Other expenses and misc. | | | | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| **SUBTOTAL** | | $ 500.00 | $ 12,550.00 | $ 5,450.00 | $ 5,450.00 | $ 8,450.00 | $ 7,250.00 | $ 2,950.00 |
| GP, LLC | | | | | | | | |
| United States Trustee Quarterly Fees | | | | | | | | |
| Shasta Livestock Auction Yard (Feed and other admin expenses) | | | $ 2,000.00 | | | | | |
| Capital purchases | | | | | | | | |
| Owner Living Expenses (See Schedule J) | | $ 2,500.00 | | | | $ 2,500.00 | | |
| **TOTAL CASH PAID OUT** | | $ 3,000.00 | $ 14,550.00 | $ 5,450.00 | $ 5,450.00 | $ 10,950.00 | $ 7,250.00 | $ 2,950.00 |
| **Cash on hand (end of month)** | $ 500.00 | $ 426,293.17 | $ 411,743.17 | $ 406,293.17 | $ 400,843.17 | $ 412,893.17 | $ 405,643.17 | $ 402,693.17 |

EXHIBIT 1 - Page 1 of 2

In re: Christian S. Radabaugh Sr.  
Case No.: 18-34244-pcm11

Exhibit 1: Projected Cash Flow Budget

| | 1/28/2019 | 2/4/2019 | 2/11/2019 | 2/18/2019 | 2/25/2019 | 3/4/2019 | 3/11/2019 | 3/18/2019 | 3/25/2019 | 4/1/2019 | 4/8/2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | $402,693.17 | $399,418.17 | $392,218.17 | $387,468.17 | $384,518.17 | $381,568.17 | $433,868.17 | $429,118.17 | $426,168.17 | $423,218.17 | $593,018.17 |
| | | | | | | | | | | $150,000.00 | |
| | | | | | $32,500.00 | | | | | | |
| | | $1,750.00 | | | | $3,500.00 | | | | $3,500.00 | |
| | | | | | | $17,000.00 | | | | $17,000.00 | |
| | | $3,250.00 | | | | $6,500.00 | | | | $6,500.00 | |
| | | | | | | $59,500.00 | | | | $177,000.00 | |
| | $402,693.17 | $399,418.17 | $392,218.17 | $387,468.17 | $384,518.17 | $441,068.17 | $433,868.17 | $429,118.17 | $426,168.17 | $600,218.17 | $593,018.17 |
| | | $500.00 | | | | $500.00 | | | | $500.00 | |
| | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 | $400.00 |
| | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| | | | $1,800.00 | | | | $1,800.00 | | | | $1,800.00 |
| | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 |
| | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 |
| | | $1,250.00 | | | | $1,250.00 | | | | $1,250.00 | |
| | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| | $2,950.00 | $4,700.00 | $4,750.00 | $2,950.00 | $2,950.00 | $4,700.00 | $4,750.00 | $2,950.00 | $2,950.00 | $4,700.00 | $4,750.00 |
| | $325.00 | | | | | | | | | | |
| | | $2,500.00 | | | | $2,500.00 | | | | $2,500.00 | |
| | $3,275.00 | $7,200.00 | $4,750.00 | $2,950.00 | $2,950.00 | $7,200.00 | $4,750.00 | $2,950.00 | $2,950.00 | $7,200.00 | $4,750.00 |
| | $399,418.17 | $392,218.17 | $387,468.17 | $384,518.17 | $381,568.17 | $433,868.17 | $429,118.17 | $426,168.17 | $423,218.17 | $593,018.17 | $588,268.17 |

EXHIBIT 1 - Page 2 of 2

Case 19-60230-pcm11    Doc    Filed 12/24/18