# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No.: 18-34244-pcm11 |
| Christian S. Radabaugh, Sr., | NOTICE OF MOTION |
| Debtor-in-Possession. | **(Expedited Hearing Requested)** |

### NOTICE  - LBR 9019-1(B)

PLEASE TAKE NOTICE: If you oppose the proposed course of action or relief sought in the attached motion, you must file a written objection with the bankruptcy court as soon as possible, as the Debtor has requested expedited consideration of the motion.  In the event expedited consideration of this motion, a written objection must be filed within 21 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case.

The objection must be received by the clerk of court at United States Bankruptcy Court, 1050 SW 6th Avenue #700, Portland, OR 97204 by the deadline specified above or it may not be considered. You must also serve the objection on Nicholas J. Henderson, Motschenbacher & Blattner LLP, 117 SW Taylor Street, Suite 300, Portland, OR 97204 within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

**Nicholas J. Henderson, OSB# 074027**
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Of Attorneys for Debtor-in-Possession Christian S. Radabaugh, Sr.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No.: 18-34244-pcm11 |
| Christian S. Radabaugh, Sr., | NOTICE OF INTENT, MOTION FOR ORDER AUTHORIZING INTERIM DISTRIBUTIONS OF SALE PROCEEDS; AND MOTION TO SHORTEN TIME |
| Debtor-in-Possession. | **(Expedited Hearing Requested)** |

Debtor-in-Possession, Christian S. Radabaugh Sr. ("Debtor") provides notice of his intent to, and moves this Court for an order authorizing the Debtor to, make a payment to secured creditor GP, LLC ("Secured Creditor") from proceeds received from the sales of Secured Creditor's collateral in the form of cattle, that occurred just prior to the filing of Debtor's voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Debtor further moves the Court for an order shortening the notice period for his intended payment to Secured Creditor. requests that the Debtor's motion is based on 11 U.S.C. §§ 105, Fed. Rules of Bankr. Proc. 2002(a)(2) and 9006(c), LBR 2002-1(b), and the record herein. A proposed order on this Motion is attached hereto as <u>Exhibit A</u>.

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

In support of this Motion, Debtor relies on the Declaration of Christian S. Radabaugh (the "Radabaugh Decl.") and the Declaration of Nicholas J. Henderson (the "Henderson Decl.") filed concurrently herein.  In further support of this Motion, the Debtor asserts the following:

1.	On December 7, 2018 (the "Petition Date"), Debtor filed his voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2.	Debtor remains in possession of his assets and continue to operate his business as debtor-in-possession pursuant to § § 1107(a) and 1108 of the Bankruptcy Code.

3.	On December 11, 2018 Debtor filed an Emergency Motion for Authority to Sell Assets Outside the Ordinary Course of Business [Dkt. No. 16] (the "Sale Motion").  The Sale Motion sought, among other things, authority to deliver to purchasers cattle that were sold at auctions that occurred prior to the Petition Date. The cattle sold and described in the Sale Motion were collateral that secured Debtor's obligations to Secured Creditor.

4.	On December 12, 2018, the Court entered an Order Re: Debtor's Emergency Motion for Authority to Sell Assets Outside the Ordinary Course of Business [Dkt No. 24] (the "Sale Order").  The Sale Order approved the Debtor's delivery of the cattle sold at auction prior to the Petition Date, and provided that "[a]ll proceeds from the sale shall be held in trust by Debtor's counsel pending further order of the Court."

5.	Following entry of the Sale Order, Debtor delivered the cattle.  Counsel for Debtor received two checks totaling $428,793.17, which were deposited into Counsel's trust account.  Henderson Decl., ¶ 3.

6.	Debtor was subsequently authorized to use cash collateral on an interim basis, in amounts up to $39,400, plus 10% if needed for emergencies.  Counsel wired $39,400 to Debtor.

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

The remainder of the sale proceeds, in the amount of $389,393.17, remain in trust (the "Remaining Proceeds"). Henderson Decl., ¶ 4.

7.    The Remaining Proceeds are encumbered by a lien in favor of Secured Creditor. Specifically, until the closing occurred, Secured Creditor held a first-position security interest in Debtor's cattle pursuant to that certain Security Agreement dated April 13, 2017, by and between Debtor and GP, LLC, as evidenced by the Farm Products Financing Statement Standard Form (EFS-1) filed with the Oregon Secretary of State on April 13, 2017, as Lien No. 91156751. Radabaugh Decl., ¶ 3; Exhibit 1. Secured Creditor also has a security interest in the Debtor's real property, pursuant to a Trust Deed recorded on April 16, 2017, as instrument number 2018-286539 in the real property records of Crook County. *Id.* Secured Creditor also holds a security interest in rock quarried from Debtor's real property, as evidenced by the UCC-1 financing statement filed with the Oregon Secretary of State on April 17, 2018, as filing no. 91520775. *Id.*

8.    As of the Petition Date, the unpaid amount owed to Secured Creditor was $2,062,670.96. Debtor believes that Secured Creditor's claim is fully secured by the real property alone. Debtor believes that the value of his real property is $6,250,000. Radabaugh Decl., ¶ 4. Liens against the real property that have priority over Secured Creditor's claim total approximately $2,945,000. *Id.*[1]

9.    Secured Creditor disputes Debtor's valuation of the real property and his assertion that the real property collateral alone fully secures Secured Creditor's claim, but does not dispute that Secured Creditor is over-secured due its liens on all of its collateral. Secured Creditor asserts that the collateral's value leaves Secured Creditor with a relatively small equity cushion.

_____

[1] Nothing in this Motion constitutes an admission as to the validity or exact amount of Secured Creditor's claim, or Secured Creditor's asserted security interests. Debtor reserves the right to object to Secured Creditor's asserted claim and security interest at a later date.

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

10.    As a result of the fact that Secured Creditor's claim is over-secured, Secured

Creditor claims, and the Debtor believes that interest is accruing on Secured Creditor's claim at

the rate of $540.11 per day, or roughly $16,200 per month.  Therefore, Debtor believes it is in

the best interest of the estate to pay Secured Creditor as much as is possible of the Remaining

Proceeds in order to minimize the amount of interest that will accumulate on Secured Creditor's

claim that the Debtor will need to pay later. The Remaining Proceeds are not encumbered by any

security interests other than the lien of the Secured Creditor.  It is in the best interest of the estate

and its creditors to pay down Secured Creditor's claim from the excess cash available to the

Debtor.  Radabaugh Decl., ¶ 5.

11.    Furthermore, based on the Debtor's cash collateral budget, Debtor will have cash

available to it from sources other than Secured Creditor's collateral with which to operate its

business and therefore does not have a need to use the Remaining Proceeds.

12.    Pursuant to Fed. R. Bankr. P. 9006(c), Debtor requests that the Court shorten the

notice period for Debtor's proposed action.  As stated above, interest accrues at a significant rate,

which will only increase the amount the Debtor must pay later.  As also stated above, based on

the Debtor's cash collateral budget, Debtor does not have a need to use the Remaining Proceeds.

Therefore, Debtor believes there is good cause to shorten the notice period.

WHEREFORE, Debtor respectfully requests that an Order be entered authorizing an

interim distributions as specifically set forth above

DATED December 31, 2018.

MOTSCHENBACHER & BLATTNER LLP

By:/s/Nicholas J. Henderson
     Nicholas J. Henderson, OSB #074027
     Of Attorneys for Debtor-in-Possession
     Christian S. Radabaugh Sr.

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

# EXHIBIT A

{00232800:4}

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No.: 18-34244-pcm11 |
| Christian S. Radabaugh Sr. | ORDER GRANTING MOTION FOR ORDER AUTHORIZING INTERIM DISTRIBUTIONS OF SALE PROCEEDS |
| Debtor-in-Possession. | |

THIS MATTER came before the Court on Debtor's Motion for Order Authorizing

Interim Distributions of Sale Proceeds [Docket No. ___] (the "Motion").

Based on 11 USC §§105, Bankruptcy Rules 2002(a)(2), LBR 2002-1(b), and Debtor's

Motion, and the court finding that the Debtor has provided appropriate notice and that no timely

objections have been filed,

IT IS HEREBY ORDERED as follows:

1) The Debtor's Motion is GRANTED;

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

2) The Debtor is authorized to immediately pay GP, LLC from the proceeds of pre-petition cattle sales (the "Sale Proceeds'), in the amount of $375,000.

3) The remaining Sale Proceeds shall be held by Debtor until further order of this Court.

# # #

Order Presented by:

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
117 SW Taylor Street, Suite 300
Portland, OR 97204
Telephone: 503-417-0500
Facsimile: 503-417-0508
E-mail: nhenderson@portlaw.com
Attorneys for Debtor

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0528

Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Proposed Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>CHRISTIAN S. RADABAUGH, SR.<br><br>Debtor-in-Possession. | Bankruptcy Case No. 18-34244-pcm11<br><br>DECLARATION OF CHRISTIAN S. RADABAUGH SR. IN SUPPORT OF DEBTOR'S MOTION FOR ORDER AUTHORIZING INTERIM DISTRIBUTIONS OF SALE PROCEEDS |

I, Christian S. Radabaugh Sr., hereby declare the following under penalty of perjury:

1.      I am the Debtor in the above-captioned bankruptcy proceedings. I make this declaration in support of my Motion for Order Authorizing Interim Distributions of Sale Proceeds.

2.      I make this declaration based on my personal knowledge, and if called to testify, I would testify as to the facts set forth in this declaration.

3.      On April 13, 2017, I executed a promissory note in the amount of $1,490,000 in favor of GP, LLC (the "Note").  To secure the Note, I executed a Security Agreement dated April 13, 2017, to give GP, LLC a security interest against my cattle. Subsequently, the Note was modified on October 13, 2017, and was later replaced by a Substituted Promissory Note dated April 13, 2018 (the

{00233746:1}

DECLARATION OF CHRISTIAN S. RADABAUGH SR.
IN SUPPORT OF DEBTOR'S MOTION FOR ORDER
AUTHORIZING INTERIM DISTRIBUTIONS

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

"Substituted Note"). To secure the Substituted Note, I executed and delivered a Trust Deed dated April 13, 2018, to grant GP, LLC a security interest in my real property located at 15334 NE Oneil Hwy, Redmond, OR. The Trust Deed was recorded in the real property records of Crook County on April 16, 2017, as instrument number 2018-286539. At that time, I also executed a Modification of Security Agreement dated April 13, 2018 (the "Modified Security Agreement"), by which GP, LLC obtained a security interest in rock quarried from my real property. GP, LLC perfected that security interest by filing a UCC-1 financing statement filed with the Oregon Secretary of State on April 17, 2018, as Lien No. 91156751. True and correct copies of the Substituted Note, the Modified Security Agreement, and the Trust Deed are attached hereto as <u>Exhibit 1</u>.

4.      As of the date of filing of the bankruptcy petition, the unpaid amount I owed to GP, LLC was $2,062,670.96. I currently have liens against the property by creditors who have priority over GP LLC's claim that total approximately $2,945,000. Nevertheless, I believe GP LLC's claim is fully secured by the value of my real property, which I estimate to be approximately $6,250,000.

5.      It is my understanding that GP LLC's is accruing interest on its claim at approximately $540.11 per day, or $16,200 per month. I believe it is in the best interests of the bankruptcy estate as well as its creditors to pay GP, LLC as much as is possible out of the remaining proceeds from the cattle auction so as to minimize the amount of interest that will need to be paid on GP, LLC's claim moving forward. The remaining proceeds are not encumbered by any security interests other than the lien of GP, LLC.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

{00233746:1}

DECLARATION OF CHRISTIAN S. RADABAUGH SR.
IN SUPPORT OF DEBTOR'S MOTION FOR ORDER
AUTHORIZING INTERIM DISTRIBUTIONS

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE AND CORRECT

TO THE BEST OF MY KNOWLEDGE AND BELIEF AND UNDERSTAND THAT IT IS MADE

FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY OF PERJURY IN THE

UNITED STATES.

DATED:  December 28, 2018

By: /s/ Christian S. Radabaugh, Sr.
Christian S. Radabaugh, Sr.

DECLARATION OF CHRISTIAN S. RADABAUGH SR.
IN SUPPORT OF DEBTOR'S MOTION FOR ORDER
AUTHORIZING INTERIM DISTRIBUTIONS

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc    Filed 12/31/18

# MODIFICATION OF SECURITY AGREEMENT

THIS MODIFICATION of Security Agreement ("Modification") is executed effective April 13, 2018, by and between **Christian Radabaugh ("Radabaugh")** and **Radabaugh Ranch LLC ("LLC")**, collectively "Borrowers" and **GP LLC**, an Oregon limited liability company, ("GP").

RECITALS:

A.      Borrowers executed in favor of GP a Promissory Note dated April 13, 2017, in the amount of $1,490,000 (the "Note"). To secure the Note, on April 13, 2017 Borrowers executed in favor of GP a Security Agreement ("Security Agreement") granting GP a security interest in Borrowers' cattle.

B.      A balloon payment on the Note was due April 1, 2018, and Borrowers desire to extend such balloon payment from April 1, 2018, to October 1, 2018.

C.      As part of the extension of the balloon payment on the Note, Borrowers will execute, as a substitute for the Note, a Substituted Promissory Note in the amount of $1,490,000, with a balloon payment of October 1, 2018, (the "Substitute Note").

D.      GP is willing to extend the balloon payment to October 1, 2018, so long as Borrowers agree to grant GP a security interest in Radabaugh's real property in Crook County, Oregon by executing a Trust Deed in favor of GP and granting GP a security interest in rock quarried on Radabaugh's real property ("Rock").

IN CONSIDERATION of GP's loan extension to Borrowers, the parties agree as follows:

1.      The above Recitals are made a part of this Agreement.

2.      The Security Agreement is amended so that the term "Collateral" means the Cattle, all Rock and the products and proceeds thereof.

3.      The Security Agreement is amended to add the following:

Borrowers will keep the Rock free at all times from liens, security interest, and encumbrances other than those in favor of GP. Borrowers will not, without the prior written consent of GP, sell or lease, or permit or suffer to be sold or leased, all or part of the Rock, except in the ordinary course of business and any and all funds received from such sale or lease of Rock will be paid to GP.

4.      Section 10. c. of the Security Agreement shall be amended to read as follows:

"Borrowers borrowing any amounts from anyone other than GP using the Cattle, or any of the Cattle, the Rock or any of the Rock as security;"

Carl M. Dutli
545 NE Seventh Street • Prineville, OR 97754 • Phone: 541-447-3910 • Fax: 541-447-7827

EXHIBIT 1 - Page 1 of 8
Case 19-60230-pcm11    Doc    Filed 12/31/18

5.        All provisions of the Security Agreement, as modified by this Modification, shall remain in full force and effect and shall continue to apply to the Collateral as defined in the Security Agreement and this Modification.

6.        Borrowers authorize GP to file with all governmental authorities, financing statements, fixture filings and continuation statements evidencing the security interests granted by Borrowers, or either of them, to GP.

**GP LLC**

By: _____
    *authorized representative*

_____
**Christian Radabaugh**

**Radabaugh Ranch LLC**

By: _____
    Christian Radabaugh, member

---

**2 – Modification of Security Agreement**

# SUBSTITUTED PROMISSORY NOTE

$1,490,000.00                    Prineville, Oregon                    April 13, 2018

The undersigned, Radabaugh Ranch LLC and Christian Radabaugh, ("Borrowers"), jointly and severally, promise to pay to the order of GP LLC ("Lender") the sum of ONE MILLION FOUR HUNDRED NINETY THOUSAND DOLLARS, ($1,490,000), together with interest at the rate of ten percent (10%) per annum calculated and compounded annually, not in advance (the "Loan"). The Loan shall be paid as follows:

a.  Borrowers shall make one interest only installment in the amount of $37,250.00 on or before July 1, 2018.

b.  The entire loan amount including principal and all interest accrued, but unpaid, shall be paid in full (hereafter the "Balloon Payment") on October 1, 2018. Payments are made when received by Lender.

c.  Borrowers are selling rock ("Rock") from a rock quarry on real property owned by Borrower Christian Radabaugh and located at 15334 and 15338 NW O'Neil Hwy, Prineville, Oregon, 97754. Borrowers shall pay to Lender 100% of the amounts received by Borrower after the date of this Note from the sale of Rock until this Promissory Note is paid in full. The amounts received by Lender from the sale of Rock may be credited by Borrowers against the amounts to be paid to Lender pursuant to a and b., above.

d.  Interest on the unpaid balance shall commence on April 1, 2018. Each payment (including payments from the sale of Rock) shall be applied by the Lender to the late payment fee, if any, then to interest, with the remaining amount applied to principal.

e.  If the interest installment is not received within ten (10) days of the due date it shall be accompanied by a late payment fee of $1,862.50. However, Lender may declare this Note immediately due and payable if the interest installment is not received within fifteen (15) days of the due date, even if such payment is accompanied by the late payment fee.

f.  If the Balloon Payment is not made on or before October 15, 2018, such payment shall be accompanied by a late payment fee of $37,250. However, Lender may declare this Note immediately due and payable if the principal balance, plus accrued interest plus the late payment fee is not paid in full on or before October 20, 2018.

g.  Each payment shall be delivered to GP LLC, at 8611 NE Ochoco Hwy, Prineville, OR, 97754.

h.  Borrowers agree to pay to Lender all loan payments, whether principal or interest, or both, without any offset, counterclaim, or deduction whatsoever.

If any of the installments is not received when due, or within twenty (20) days thereafter, all principal and interest shall become immediately due and collectible at the option of the holder of this Note. Any part hereof may be paid without penalty; provided that additional payments shall not excuse the Borrowers from making the payments provided for in this Promissory Note until the remaining balance has been paid in full. If this Note is placed in the hands of an attorney for collection, the Borrowers promise and agree to pay Lender's reasonable attorney's fees and collection costs, even though no suit or action is filed hereon; if a suit or action is filed, the amount of such reasonable attorney's fees shall be fixed by the court, or courts in which the suit or action, including any appeal therein, is tried, heard or decided.

This Substituted Promissory Note replaces and is substituted for the Promissory Note executed April 13, 2017 by Borrowers in favor of Lender ("Note") and the Modification of Promissory Note executed October 13, 2017 by Borrowers and Lender.

Radabaugh Ranch LLC

By: _____
Christian Radabaugh, Sole Member

_____
Christian Radabaugh



After Recording Return To:
Carl M. Dutli
545 NE Seventh Street
Prineville, OR 97754

Address of Beneficiary:
GP LLC
8611 NE Ochoco Hwy
Prineville, OR 97754

# TRUST DEED

THIS TRUST DEED, made this _13TH_ day of April, 2018, between **Christian Radabaugh**, as Grantor, **Amerititle**, as Trustee, and **GP LLC,** as Beneficiary.

## WITNESSETH:

Grantor irrevocably grants, bargains, sells, and conveys to Trustee in trust, with power of sale, the property in Crook County, Oregon, (the "Property") described on Exhibit A attached hereto together with all and singular the tenements, hereditaments and appurtenances and all other rights thereunto belonging or in anywise now or hereafter appertaining, and the rents, issues and profits thereof and all fixtures now or hereafter attached to or used in connection with said Property.

FOR THE PURPOSE OF SECURING PERFORMANCE of each agreement of Grantor herein contained and payment of the sum of **$1,490,000**, with interest thereon according to the terms of a substituted promissory note of even date herewith, and any subsequent loans or advances, made by Grantor to Beneficiary. The final payment of principal and interest hereof, if not sooner paid, is to be due and payable **October 1, 2018.**

The date of maturity of the debt secured by this instrument is the date, stated above, on which the final installment of said note becomes due and payable. In the event the Property, or any part thereof, or any interest therein is sold, agreed to be sold, conveyed, assigned or alienated by the Grantor (including the Grantor granting any additional security interests in the Property, or any part thereof) without first having obtained the written consent or approval of the Beneficiary, then, at the Beneficiary's option, all obligations secured by this instrument, irrespective of the maturity dates expressed therein, or herein, shall become immediately due and payable.

To protect the security of this Trust Deed, Grantor agrees:

1.	To protect, preserve and maintain the Property in good condition and repair; not to remove or demolish any building or improvement thereon; not to commit or permit any waste of the Property.

2.	To complete or restore promptly and in good and workmanlike manner any building or improvement which may be constructed, damaged or destroyed thereon, and pay when due all costs incurred therefore.

3.	To comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the Property; if the Beneficiary so requests, to join in executing such financing statements pursuant to the Uniform Commercial Code as the Beneficiary may require and to pay for filing same in the proper public office or offices, as well as the cost of all lien searches made by filing officers or searching agencies as may be deemed desirable by the Beneficiary.

4.	To provide and continuously maintain insurance on the buildings now or hereafter erected on the Property against loss or damage by fire and such other hazards as the Beneficiary may from time to time require, in an amount not less than **full insurable value**, written in companies acceptable to the Beneficiary, with loss payable to the latter; all policies of insurance shall be delivered to the Beneficiary as soon as insured; if the Grantor shall fail for any reason to procure any such insurance and to deliver said policies to the Beneficiary at least fifteen days prior to the expiration of any policy of insurance now or hereafter placed on said buildings, the Beneficiary may procure the same at Grantor's expense. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected, or any part thereof, may be released to Grantor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

## WARNING:

Unless Grantor provides Beneficiary with evidence of insurance coverage as required by this Trust Deed, Beneficiary may purchase insurance at Grantor's expense to protect Beneficiary's interest. This insurance may, but need not, also protect Grantor's interest. If the improvements on the Property become damaged, the coverage purchased by Trustee may not pay any claim made by or against Grantor. Grantor may later cancel the coverage by providing evidence that Grantor has obtained property coverage elsewhere.

immediately due and payable and constitute a breach of this trust deed.

6.       To pay all costs, fees and expenses of this trust including the cost of title search as well as the other costs and expenses of the Trustee incurred in connection with or in enforcing this obligation and Trustee's and attorney's fees actually incurred.

7.       To appear in and defend any action or proceeding purporting to affect the security rights or powers of Beneficiary or Trustee; and in any suit, action or proceeding in which the Beneficiary or Trustee may appear, including any suit for the foreclosure of this deed, to pay all costs and expenses, including evidence of title and the Beneficiary's or Trustee's attorney's fees; the amount of attorney's fees mentioned in this paragraph 7 in all cases shall be fixed by the trial court and in the event of an appeal from any judgment or decree of the trial court, Grantor further agrees to pay such sum as the appellate court shall adjudge reasonable as the Beneficiary's or Trustee's attorney's fees on such appeal.

      It is mutually agreed that:

8.       In the event that any portion or all of the Property shall be taken under the right of eminent domain or condemnation, Beneficiary shall have the right, if it so elects, to require that all or any portion of the monies payable as compensation for such taking, which are in excess of the amount required to pay all reasonable costs, expenses and attorney's fees necessarily paid or incurred by Grantor in such proceedings, shall be paid to Beneficiary and applied by it first upon any reasonable costs and expenses and attorney's fees, both in the trial and appellate courts, necessarily paid or incurred by Beneficiary in such proceedings, and the balance applied upon the indebtedness secured hereby; and Grantor agrees, at its own expense, to take such actions and execute such instruments as shall be necessary in obtaining such compensation, promptly upon Beneficiary's request.

9.       At any time and from time to time upon written request of Beneficiary, payment of its fees and presentation of this deed and the note for endorsement (in case of full reconveyances, for cancellation), without affecting the liability of any person for the payment of the indebtedness, Trustee may (a) consent to the making of any map or plat of the Property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this deed or the lien or charge thereof; (d) reconvey, without warranty, all or any part of the property. The grantee in any reconveyance may be described as the "person or persons legally entitled thereto," and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof. Trustee's fees for any of the services mentioned in this paragraph shall be not less than $5.

10.      Upon any default by Grantor hereunder, Beneficiary may at any time without notice, either in person, by agent or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of the Property or any part thereof, in its own name sue or otherwise collect the rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees upon any indebtedness secured hereby, and in such order as Beneficiary may determine.

11.      The entering upon and taking possession of the Property, the collection of such rents, issues and profits, or the proceeds of fire and other insurance policies or compensation or awards for any taking or damage of the property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

12.      Upon default by Grantor: a) in payment of any indebtedness secured hereby; b) in his performance of any agreement hereunder; or c) in his default of the Promissory Note and Mortgage executed by Grantor in favor of ZB, N.A. dba Zions First National Bank or in his performance of any agreement hereunder, time being of the essence with respect to such payment(s) and/or performance(s), the Beneficiary may declare all sums secured hereby immediately due and payable. In such an event the Beneficiary at his election may proceed to foreclose this trust deed in equity as a mortgage or direct the Trustee to foreclose this trust deed by advertisement and sale, or may direct the Trustee to pursue any other right or remedy, either at law or in equity, which the Beneficiary may have. In the event the Beneficiary elects to foreclose by advertisement and sale, the Beneficiary or the Trustee shall execute and cause to be recorded his written notice of default and his election to sell the Property to satisfy the obligation secured hereby whereupon the Trustee shall fix the time and place of sale, give notice thereof as then required by law and proceed to foreclose this trust deed in the manner provided in ORS 86.735 to 86.795.

13.      After the Trustee has commenced foreclosure by advertisement and sale, and at any time prior to 5 days before the date the Trustee conducts the sale, the Grantor or any other person so privileged by ORS 86.753, may cure the default or defaults. If the default consists of a failure to pay, when due, sums secured by the trust deed, the default may be cured by paying the entire amount due at the time of the cure other than such portion as would not then be due had no default occurred. Any other default that is capable of being cured may be cured by tendering the performance required under the obligation or trust deed. In any case, in addition to curing the default or defaults, the person effecting the cure shall pay to the Beneficiary all costs and expenses actually incurred in enforcing the obligation of the trust deed together with Trustee's and attorney's fees not exceeding the amounts provided by law.

made by written instrument executed by Beneficiary, which, when recorded in the mortgage records of the county or counties in which the property is situated, shall be conclusive proof of proper appointment of the successor Trustee.

17.     Trustee accepts this trust when this deed, duly executed and acknowledged is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other deed of trust or of any action or proceeding in which Grantor, Beneficiary or Trustee shall be a party unless such action or proceeding is brought by Trustee.

18.     Upon payment of all sums secured hereby, Beneficiary will, at Grantor's sole expense execute all documents necessary to terminate this Trust Deed upon presentation by Grantor.

19.     Notices hereunder or otherwise required by Beneficiary may be given to Grantor at the address set forth herein or such address as is later forwarded by Grantor to Beneficiary in writing.  Notices by Beneficiary to Grantor are effective two (2) days after they are deposited with proper postage in the United States Postal Service correctly addressed.

20.     This Trust Deed constitutes a "fixture filing" under Oregon's version of the Uniform Commercial Code as to all rock and gravel ("Rock") mined or quarried from the Property including Rock currently located on the Property; Rock mined or quarried on the Property in the future and Rock removed from the Property, together with the proceeds and products thereof, together with an easement providing access to the Beneficiary across the Property to remove such Rock in the event of default of any of the obligations secured by this Trust Deed or the Security Agreement executed by Grantor and Radabaugh Ranch LLC in favor of Beneficiary.

21.     Grantor shall forever defend, indemnify and hold Beneficiary harmless from any claim, loss, or liability arising out of or in any way connected with Grantor's possession or use of the Property, Grantor's conduct with respect to the Property, or any condition of the Property.  In the event of any litigation or proceeding brought against Beneficiary and arising out of or in any way connected with any of the above events or claims, against which Grantor agrees to defend Beneficiary, Grantor shall, upon notice from Beneficiary, vigorously resist and defend such actions or proceedings through legal counsel reasonably satisfactory to Beneficiary.

The Grantor covenants and agrees to and with the Beneficiary and those claiming under him, that he is lawfully seized in fee simple of the Property and has a valid, unencumbered title thereto except as set forth hereinabove and that he will warrant and forever defend the same against all persons whomsoever.

The Grantor warrants that the proceeds of the loan represented by the above-described note and this trust deed are for business or commercial purposes.

This deed applies to, inures to the benefit of and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, personal representatives, successors and assigns.  The term Beneficiary shall mean the holder and owner, including pledgee, of the contract secured hereby, whether or not named as a Beneficiary herein.  In construing this deed and whenever the context so requires, the masculine gender includes the feminine and the neuter, and the singular number includes the plural.

IN WITNESS WHEREOF, said Grantor has hereunto set his hand the day and year first above written.

_____

**Christian Radabaugh**

STATE OF OREGON    )
                   ) ss.
County of Crook    )

Personally appeared the above named **Christian Radabaugh** and acknowledged the foregoing instrument to be his voluntary act and deed, before me this _12_ day of April, 2018.

_____
Notary Public for Oregon
My Commission Expires: 12-20-2019

OFFICIAL STAMP
JULIE LYNNE ROCKWOOD
NOTARY PUBLIC - OREGON
COMMISSION NO. 945760
MY COMMISSION EXPIRES DECEMBER 20, 2019

EXHIBIT 1 - Page 7 of 8
Case 19-60230-pcm11    Doc    Filed 12/31/18

**Exhibit "A"**

Located in Crook County, Oregon:

In Township 14 South, Range 14 East of the Willamette Meridian, Crook County, Oregon:

Section 27:   All
Section 34:   The North half of the Northeast quarter (N1/2NE1/4)

EXCEPTING FROM the above described lands, the following:

1.   A tract of land deeded to School District No. 18 by deed dated January 22, 1904 and recorded April 1, 1904 in Book 10 of Deeds at page 570, Records of Crook County, Oregon.

2.   Right of way deeded to Deschutes Irrigation and Power Company by deed dated November 1, 1906 and recorded in Book 13 of Deeds at page 474, and Book 23 of Deeds at page 11, Records of Crook County, Oregon.

3.   Right of way deeded to Prineville Irrigation Company by deed dated June 27, 1892 and recorded May 16, 1893 in Book 5 of Deeds at page 66, Records of Crook County, Oregon.

4.   Right of way deeded to the City of Prineville, Oregon, by deed dated January 27, 1917 and recorded November 13, 1917 in Book 40 of Deeds at page 23, Records of Crook County, Oregon.

5.   Right of way deeded to Crooked River Central Ditch Co., by deed dated July 12, 1926 and recorded July 19, 1926 in Book 45 of Deeds at page 376, Records of Crook County, Oregon.

6.   Right of way deeded to the State of Oregon, by and through its State Highway Commission, by deed dated July 5, 1950 and recorded July 18, 1950 in Book 64 of Deeds at page 318, Records of Crook County, Oregon.

7.   Right of way deeded to Low Line Ditch Co., a corporation, by deed dated February 23, 1905 and recorded February 16, 1951 in Book 65 of Deeds at page 399, Records of Crook County, Oregon.

EXHIBIT 1 - Page 8 of 8
Case 19-60230-pcm11    Doc    Filed 12/31/18

CERTIFICATE OF SERVICE

<u>In re Christian S. Radabaugh Sr.</u>
Ch 11 Bankruptcy Case No. 18-34244-pcm11

## CERTIFICATE - TRUE COPY

DATE:                    December 31, 2018

DOCUMENT:          NOTICE OF INTENT, MOTION FOR ORDER AUTHORIZING
                             INTERIM DISTRIBUTIONS OF SALE PROCEEDS; AND MOTION
                             TO SHORTEN TIME

                             DECLARATION OF CHRISTIAN S. RADABAUGH SR. IN SUPPORT
                             OF DEBTOR'S MOTION FOR ORDER AUTHORIZING INTERIM
                             DISTRIBUTIONS OF SALE PROCEEDS

I hereby certify that I prepared the foregoing copy of the foregoing named document and have
carefully compared the same with the original thereof and it is a correct copy therefrom and of
the whole thereof.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing document(s) to be served for delivery by
the United States Postal Service, via First Class United States Mail, postage prepaid, with
sufficient postage thereon to the parties listed on the attached mailing matrix.  I caused these
documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a
certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United
States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4).

I hereby further certify that the foregoing was served on all CM/ECF participants through the
Court's Case Management/Electronic Case File system on the date set forth below.

          Dated: December 31, 2018

                                        MOTSCHENBACHER & BLATTNER LLP

                                        By: <u>/s/ Nicholas J. Henderson</u>
                                        Nicholas J. Henderson, OSB #074027
                                        Of Attorneys for Debtor-in-Possession
                                        Christian S. Radabaugh Sr.

{00232800:4}

Label Matrix for local noticing
0979-3
Case 18-34244-pcm11
District of Oregon
Portland
Mon Dec 31 09:24:43 PST 2018

3 Springs Ranch
6661 S 3 SPRINGS RANCH RD
Powell Butte, OR 97753-2000

Agco Finance, LLC
PO Box 2000
Johnston, IA 50131-0020

Alves Family Trust
2312 Condor Dr.
Redmond, OR 97756-1263

Bank Of America
4909 Savarese Circle
F11-908-01-50
Tampa, FL 33634-2413

Capital Bank
Attn: Bankruptcy
1 Church St. # 300
Rockville, MD 20850-4190

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Central Oregon Ranch Supply
PO Box 103
Redmond, OR 97756-0010

Chase Card Services
Correspondence Dept
Po Box 15298
Wilmington, DE 19850-5298

Coleen Severence
15334 NE O'Neill HWY
Redmond, OR 97756

Crook County Property Taxes
200 NE 2nd St Ste 100
Prineville, OR 97754-1911

Edward Fitch
Fitch Law Group
210 SW 5th St., Ste. #2
Redmond, OR 97756-2136

Edward P. Fitch
210 SW 5th Street, Suite 2
Redmond, OR 97756-2136

SARAH FLYNN
DOJ-Ust
C/O Johnson, Linda D
700 Stewart Street
Seattle, WA 98101-4439

Federal Ag. Mortgage Corp. Programs
500 Fifth Street
Ames, IA 50010-6063

Francis Hansen & Martin
Attn: Martin Hansen
1148 NW Hill St
Bend, OR 97703-1914

GP LLC
8611 NE Ochoco Hwy
Prineville, OR 97754-7975

MARTIN E HANSEN
1148 NW Hill St
Bend, OR 97703-1914

NICHOLAS J HENDERSON
Motschenbacher & Blattner, LLP
117 SW Taylor Street
Ste 300
Portland, OR 97204-3029

Harvey C. Thun
3790 SW Gene Sarazan Dr.
Redmond, OR 97756-7403

(p) INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

IRS
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Jacolyn Alves
2312 Condor Dr.
Redmond, OR 97756-1263

HOWARD M LEVINE
1000 SW Broadway #1400
Portland, OR 97205-3066

Les Schwab Tires
PO Box 646
Riley, OR 97758

Mid Oregon Fcu
Po Box 6479
Bend, OR 97708-6479

Midstate Fertilizer
120 SW Glacier Ave.
Redmond, OR 97756-2829

ODR Bkcy
955 Center St NE
Salem, OR 97301-2555

ODR Bkcy
955 Center NE, #353
Salem, OR 97301-2555

Christian S. Radabaugh Sr.
15334 NE O'Neil Hwy
Redmond, OR 97756

```
TROY SEXTON                          Synchrony Bank/Lowes                 Terrence B O'Sullivan
Motschenbacher & Blattner, LLP       Attn: Bankruptcy Dept               Merrill O Sullivan, LLP
117 SW Taylor St                     Po Box 965060                       805 SW Industrial Way, Suite 5
Ste 300                              Orlando, FL 32896-5060              Bend, OR 97702-1093
Portland, OR 97204-3029

US Trustee, Portland                 (p)WELLS FARGO BANK NA              Western Heavy Haul
620 SW Main St #213                  1 HOME CAMPUS                       PO Box 672
Portland, OR 97205-3026              MAC X2303-01A                       Prineville, OR 97754-0668
                                     DES MOINES IA 50328-0001


Zions Agricultural Finance
500 5th Street
Ames, IA 50010-6063
```

        The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
        by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
IRS                                  Wells Fargo Bank
Attn: Attorney General of United States   Attn: Bankruptcy Dept
10th Constitution NW #4400           Po Box 6429
Washington, DC 20530                 Greenville, SC 29606
```

        The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)GP LLC                            End of Label Matrix
                                     Mailable recipients    36
                                     Bypassed recipients     1
                                     Total                  37
```