**KEITH D. KARNES**, OSB No.  033521
keith@rankkarneslaw.com
Rank & Karnes Law, P.C.
2701 12th St. NE
Salem, OR 97302
Tel: 503-385-8888
Fax: (503) 385-8899

**KEVIN J. RANK**, OSB No. 914034
kevin@rankkarneslaw.com
Rank & Karnes Law, P.C.
1265 Waller St SE
Salem OR  97302
Tel:  503-362-6068
Fax:  503-362-7095

**BRADY MERTZ,** OSB No. 970814
brady@bradymertz.com
Brady Mertz PC
345 Lincoln St SE
Salem OR  97302
Tel:
Fax:  503-375-2218

**RICK KLINGBEIL,** OSB No.  933326
rick@klingbeil-law.com
Rick Klingbeil PC
1826 NE Broadway
Portland OR  97232
Tel:  503-473-8565

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| IN RE: | Case No. 19−60230-pcm11 |
|---|---|
| WILLIAM J. BERMAN | |
| Debtor. | NOTICE OF MOTION FOR CLASS CERTIFICATION FOR LIMITED PURPOSE |

Plaintiffs / Class Representatives ("Class Representatives") propose to take the following action:

Plaintiffs / Class Representatives ("Class Representatives") move for class certification for a limited purpose in this matter on behalf of a proposed Class of 279 similarly situated judgment creditors listed at Docket 143 ("Hathaway Creditor Class"). Class certification is sought under Rule 7023 for the limited purposes of: (1) pursuing and defending claims based on the Hathaway Class's judgments and any supplement judgments arising from state court litigation in Hathaway et al. v. B. & J. Properties, et. al., MCCC 13C14321 ("Hathaway Class Action"); and (2) objecting to a claim for attorney fees and costs filed by the Saalfeld Griggs law firm.

**YOU ARE NOTIFIED** that unless you file an objection to this notice no later than twenty-one (21) days after the service date, **and set forth the specific grounds for the objection** and your relation to the case, with the Clerk of the Court, 405 E 8th Ave Eugene, OR 97401 and the Debtors' attorney, Keith Karnes, 2701 12th Street SE, Salem, OR 97302, the Debtor will take the proposed action or apply for an order if required, without further notice or a hearing.

Dated   March 25, 2020

/s/ Keith D. Karnes
Keith D. Karnes OSB # 033521
Attorney for Ad Hoc Group

**KEITH D. KARNES**, OSB No. 033521
keith@rankkarneslaw.com
Karnes Law Offices, PC
2701 12th St. NE
Salem, OR 97302
Tel: 503-385-8888
Fax: (503) 385-8899

**KEVIN J. RANK**, OSB No. 914034
kevin@rankkarneslaw.com
Rank & Associates, PC
1265 Waller St SE
Salem OR 97302
Tel: 503-362-6068
Fax: 503-362-7095

**BRADY MERTZ,** OSB No. 970814
brady@bradymertz.com
Brady Mertz PC
345 Lincoln St SE
Salem OR 97302
Tel: 503-385-0121
Fax: 503-375-2218

**RICK KLINGBEIL,** OSB No. 933326
rick@klingbeil-law.com
Rick Klingbeil PC
1826 NE Broadway
Portland OR 97232
Tel: 503-473-8565

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

|  |  |
|---|---|
| In re William J. Berman,<br><br>_____ Debtor. | Case No. 19-60230-pcm11<br><br>**MOTION AND MEMORANDUM FOR CLASS CERTIFICATION FOR LIMITED PURPOSE** |

Page 1 -    **MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF**
             _HATHAWAY_ **CLASS ACTION CREDITORS FOR LIMITED PURPOSE**

## Motion

Plaintiffs / Class Representatives ("Class Representatives") move for class certification for a limited purpose in this case on behalf of a proposed Class of 279 similarly situated judgment creditors listed in case number 19-60138-pcm11 at Docket 143 ("*Hathaway* Creditor Class"). Class certification is sought under Rule 7023 for the limited purposes of: (1) pursuing and defending claims based on the *Hathaway* Class's judgments and any supplement judgments arising from state court litigation in *Hathaway et al. v. B. & J. Properties, et. al.*, MCCC 13C14321 ("*Hathaway* Class Action"); and (2) objecting to a claim for attorney fees and costs filed by the Saalfeld Griggs law firm.

## Concise Statement of Material Facts

1.  The judgments and debts at issue arose from a state class action filed in the Marion County, Oregon court, *Hathaway et al. v. B. & J. Properties, et. al.*, MCCC 13C14321 ("*Hathaway* Class Action").

2.  A judgment for $4,864,951 in favor of the Class[1] was entered on October

---

[1] The Class certified in the *Hathaway* Class Action also included a Subclass of 49 Class Members who were still at the park at the time Salem RV Park raised their rent and thereby subjecting them to retaliation ("Retaliation Subclass"). Defendants' conduct, and the basis for the retaliation claims were identical for each Subclass member. To the extent certain Class Members are also Subclass Members seeking nondischargeability based on the underlying retaliation claims, each of their claims are grounded on the same conduct and each relies on the same legal theories.

There is no reason why the members of the *Hathaway* main Class should be treated any differently here than those who were both Class and Subclass Members. If the court determines that the Retaliation Subclass members cannot be handled under one Creditor Class of all 279 members, then counsel proposes that the case proceed

30, 2018.  A copy of the judgment, including a list showing each member of the proposed *Hathaway* Creditor Class, is attached as Exhibit A. (Klingbeil declaration, para. 9, Exhibit A).

3.     The circuit court in the *Hathaway* Class Action also awarded attorney fees of $923,669.95. A supplemental judgment in that amount was entered in the *Hathaway* Class Action, and additional supplemental judgments will likely be sought in the future reflecting additional attorney fees earned since the date of the initial award. (*Id.,* para. 10, Exhibit B).

4.     During the *Hathaway* Class Action, the court determined that both B. & J. Properties ("B&J") and William Berman ("Mr. Berman") were liable for the judgments entered in the case, including attorney fees, and any post-judgment interest. (*Id.,* para. 11, Exhibit C).

5.     Shortly after entry of judgment in the *Hathaway* Class Acton, both B&J and Mr. Berman filed Chapter 11 bankruptcy proceedings before this Court. B&J's filing was on January 17, 2019 and is case number 6:19-bk-60138. Mr. Berman's filing was on January 28, 2019 and is case number 6:19-bk-60230.

6.     The proposed *Hathaway* Creditor Class has filed claims in this case for a total of $4,864,951 (main judgment) and $925,161.20 (supplemental judgment), and are currently pursuing a second supplemental judgment in state court for attorney fees and

---

as a main Creditor Class and a Retaliation Creditor Subclass.  Counsel cannot, however, currently conceive of any situation where the subclass would be necessary.

costs totaling $334,814.54.

7.      The proposed *Hathaway* Creditor Class, through the same Class Representatives who served that role in the *Hathaway* Class Action, have filed an objection to a claim filed by the Saalfeld Griggs law firm.  (Case 19-60138-pcm11, Dkt. 287).

8.      The proposed class consists of the 279 judgment debtors listed in case number 19-60138-pcm11 at Docket 143.  The proposed Class Representatives are Loren Hathaway, Gennise Hathaway, and Heather Noble. Each was approved by the Marion County Circuit Court and served successfully as Class Representative in the *Hathaway* Class Action.

9.      Proposed class counsel have the necessary background, training, and experience to serve as counsel for the *Hathaway* judgment creditor class. See, Declarations of Rick Klingbeil, Brady Mertz, and Keith Karnes, filed separately.

10.      During the balloting process for the proposed Chapter 11 Plan, debtors engaged in a campaign of misrepresentation to members of the proposed *Hathaway* class who still lived at the debtor's mobile home park.  This included telling *Hathaway* class members that if they did not vote "yes" on the Bankruptcy Plan that they would have to move from the mobile home park within a short time period of either a day or a month.  Debtors also told proposed class members that the ballots "had nothing to do with" their lawsuit against debtors.  Both statements were false. (See, Klingbeil declaration, para. 12, Exhibit D - Declarations of members of the *Hathaway* class action.)

Page 4 -    **MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF**
              ***HATHAWAY* CLASS ACTION CREDITORS FOR LIMITED PURPOSE**

**Memorandum in Support**

Bankruptcy Rule 7023 directs that Rule 23 F.R.Civ.P. applies to class

proceedings in a bankruptcy case.  A class action should be certified if it meets the four

prerequisites identified in Federal Rule of Civil Procedure 23(a) and fits within one of the

three subdivisions of Federal Rule of Civil Procedure 23(b). While a court has discretion

in determining whether the moving party has satisfied each Rule 23 requirement,

*Montgomery v. Rumsfeld*, 572 F.2d 250, 255 (9th Cir. 1978), the court must conduct a

rigorous inquiry before certifying a class. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S.

147, 161 (1982).

Rule 23(a) restricts class actions to cases where "(1) the class is so numerous

that joinder of all members is impracticable; (2) there are questions of law or fact

common to the class; (3) the claims or defenses of the representative parties are typical

of the claims or defenses of the class; and, (4) the representative parties will fairly and

adequately protect the interests of the class." These requirements are often referred to

as numerosity, commonality, typicality, and adequacy of representation, respectively.

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998).

A class action must also meet the requirements of one of the subdivisions of

Rule 23(b). *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 163 (1974). One of those, Rule

23(b)(3), allows for a class action if (1) "the court finds that questions of law or fact

common to class members predominate over any questions affecting only individual

members," and, (2) "that a class action is superior to other available methods for fairly

and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

These requirements are commonly referred to as predominance and superiority.

**a. Numerosity - the Class is so Numerous that Joinder of all Members is Impracticable.**

The proposed *Hathaway* Creditor Class has 279 members. (Facts 1 and 2).  No magic number exists, but classes of forty or more are typically considered sufficiently numerous. *Holloway v. Full Spectrum Lending, et. al.,* 2007 U.S. Dist. LEXIS 59934, *7 (C.D. Cal. June 26, 2007); See also, *Jordan v. Los Angeles County*, 669 F.2d 1311, 1319 fn. 10 (9th Cir. 1980), *opinion amended* 726 F.2d 1366 (9th Cir. 1984) (collecting cases).

The practical solution is that all 279 proposed class members proceed as a class with regard to: (1) pursuing and defending the *Hathaway* Class judgments in this case, and (2) the currently-pending objection to the Saalfeld Griggs attorney fee claim.

The alternative is to require each of the 279 to act independently with respect to the pursuit of the *Hathaway* Class judgments or the objection to the Saalfeld claim, then either litigate separately or move to consolidate all 279 complaints into one action. Litigating the same issue separately 279 times would be unwieldy and wasteful. Filing separately and moving to consolidate would result in essentially the same outcome as proceeding in these two areas as a Class, but only after expending a substantial amount of time and effort to get to the same point in the litigation.

The court already has some real-life data and conduct that supports certification, and that shows the *Hathaway* Class Members should proceed on a class-wide basis. To date, Debtors have treated the 279 members in a group-wise fashion, addressing

Page 6 -   **MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF**
               ***HATHAWAY* CLASS ACTION CREDITORS FOR LIMITED PURPOSE**

issues pertaining to the *Hathaway* Class Members' claims in a manner consistent with how they would proceed after the class is certified. The Plan drafted by Debtors in this case and approved by the court is consistent with treating the 279 *Hathaway* Class Members as a class.

The numerosity requirement is satisfied.

### b. Commonality - Questions of Law or Fact are Common to the Class

The commonality requirement of Rule 23(a)(2) is "construed permissively" and requires only a common issue of law or fact, or that the defendant has engaged in a common course of conduct in relation to the potential class members. *Hanlon v. Chrysler Corp., supra.* Even if there are small variations among potential class members, that does not defeat the relatively "minimal" showing required to establish commonality. See, e.g., *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 537 (N.D. Cal. 2012); *Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 377 (N.D. Cal. 2010) (holding that the commonality requirement was satisfied by allegations that the defendant beverage supplier's "packaging and marketing materials [were] unlawful, unfair, deceptive or misleading to a reasonable consumer").

Here, all questions of law and fact are and will be identical for each of the 279 potential class members.[2] The Hathaway Class judgments all arose under substantially identical facts and circumstances, and any attack on the claims individually or collectively will be based on the same facts and legal theories. Further, the objection to

---

[2] The issue of the main Hathaway Class and the Hathaway Retaliation Subclass are discussed above, and do not defeat commonality.

the Saalfeld Griggs claim will be identical for each proposed Class Member. The factual basis and legal theories for any proposed Class Member's claim will be the same as that asserted by any other Class Member. There is no relevant or significant variation in the facts or theories asserted by any Class Member related to either pursuit or defense of the judgments, or the objection to the Saalfeld Griggs claim.

There are more than enough common facts and common issues of law to support class certification for the limited purposes now sought.

### c. Typicality - the Claims or Defenses of the Representative Parties are Typical of the Claims or Defenses of the Class.

Typicality is present where the Class Representative's claims arise from the same event, practice, or course of conduct as the Class Member's claims and rely on the same legal theories. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). As discussed above, the individual judgments for each Class Representative and each Class Member arise based on substantially the same set of facts and legal theories. Further, the objection to the Saalfeld claim is made for the same reasons, and based on the same facts and legal theories by each Class Representative and Class Member. The typicality requirement is met.

### d. Adequacy of Representation - the Representative Parties and Class Counsel will Fairly and Adequately Protect the Interests of the Proposed Class.

Representation is adequate where the Class Representatives do not possess interests that are antagonistic to the remainder of the proposed Class, and the Class

Representatives' counsel are qualified and competent to represent the Class. *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978).

Here, there is no conflict between the claims of the individual Class Representatives and the proposed Class. These Representative have already demonstrated their qualifications by serving as Class Representatives in the *Hathaway* Class Action that resulted in substantial judgments[3] for all Class Members. (Facts 1-4). There is nothing about the Hathaway Class claims in this case, or the Objection to the Saalfeld Griggs claim that changes the dynamic – the proposed Class Representatives and each member of the proposed *Hathaway* Creditor Class seek precisely the same thing, based on the same facts, and same legal theories.

Class Representatives propose approval of four attorneys as class counsel. Two of these attorneys, Rick Klingbeil and Brady Mertz, were approved by the Marion County Circuit Court and served as Class counsel in the underlying Hathaway Class Action. After 6 years of litigation, both attorneys and their staff are intimately familiar with the facts and legal issues in this case. Both have also been appointed class counsel in past federal and state class actions, and have the requisite background and experience to serve as class counsel. (Facts 1-4, 7, 8).

Because neither Mr. Klingbeil nor Mr. Mertz have extensive experience in the bankruptcy courts or bankruptcy litigation, they have recommended and the Class

---

[3] Each Hathaway Class Member received an award that represented the maximum amount available under the Landlord Tenant Act for each of their claims. In other words, there was nothing "left on the table" in the litigation.

Page 9 -    **MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF**
            ***HATHAWAY* CLASS ACTION CREDITORS FOR LIMITED PURPOSE**

Representatives have agreed to retain an attorney experienced in bankruptcy actions, Keith Karnes. Mr. Karnes is experienced and well-qualified to serve as class counsel in this matter, and to deal with any legal issues specific to bankruptcy. (Fact 8).

The requirements of Rule 23(a)(4) have been met.

**e. Predominance**

Under Rule 23(b)(3), a class action may be maintained where the court finds common questions of law or fact predominate and a class action is superior to other available forms of adjudication. Fed. R. Civ. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether the class is sufficiently cohesive to warrant adjudication by representation." *In re Phenylpropanolamine Prods. Liab. Litig.*, 227 F.R.D. 553, 562 (W.D. Wash. 2004) (quoting *Amchem*, 521 U.S. at 623).

Rule 23(b)(3) focuses on the relationship between the common and individual issues. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, supra at 1022 (quoting 7A Wright & Miller, *Federal Practice & Procedure* § 1778 (2d ed. 1986)).

The bases of judgments and resulting claims in this case are identical for all members of the proposed Class[4]. Any challenge or defense of the Class claims will be identical for each member of the proposed Class.

---

[4] With acknowledgment that if necessary the Court may decide that a Retaliation Subclass should be included.

Further the bases for the objection to the Saalfeld Griggs claim are identical for each class member. Each Member of the proposed Class has identical interests – i.e. increasing the likelihood of full recovery of the *Hathaway* Class judgments by objecting to the inappropriate Saalfeld Griggs claim. There are no conflicts of interest or variation in the legal and factual bases with regard to pursuit of the objection to the Saalfeld claim.

There is, therefore, a "common nucleus" of operative facts that underlie the *Hathaway* Class creditors' claims filed by the proposed Class, and supporting their objection to the Saalfeld Grtiggs claim. See *Siegel v. Chicken Delight, Inc.,* 271 F. Supp. 722, 726 (N.D. Cal. 1967) (Common questions exist and predominate when there is present a "common nucleus of operative facts"). These questions predominate over any conceivable individual issues because Defendants' practices were uniform, and therefore necessarily common, as to each of the proposed *Hathaway* Creditor Class Members.

The legal issues are also common to all proposed *Hathaway* Creditor Class Members: (1) are their claims arising from the *Hathaway* Class judgments appropriate or subject to objection? and (2) should the claim filed by Saalfeld Griggs be dismissed, modified, or disallowed in part?

These common factual and legal issues show that the core matters for the Class claims and for the objection to the Saalfeld Griggs claim are substantially identical for all proposed *Hathaway* Creditor Class Members.  Common issues of law and fact predominate.

Page 11 -  **MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF**
**                     *HATHAWAY* CLASS ACTION CREDITORS FOR LIMITED PURPOSE**

**f.  Superiority**

A class action is superior to other methods of litigation "[w]here class wide litigation of common issues will reduce litigation costs and promote greater efficiency . . ." and "no realistic alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-1235 (9th Cir. 1996).

The only potential alternative for the potential Class Members with regard to their claims is for each of the 279 proposed *Hathaway* Creditor Class Members to pursue their individual portion of the total claim arising from the *Hathaway* Class judgments. That would lead to inefficiency and a waste of time and resources.

The alternative for potential Class Members with respect to the objection to the Saalfeld Griggs claim is that each proposed Class Member file an identical objection with the court. This would be a highly inefficient process. As discussed above, if the 279 filings were consolidated after filed, the end result would be the same as now granting this limited class certification - but only after expenditure of a substantial amount of time and effort. Class-wide resolution of the *Hathaway* Class claims, and a unified pursuit of the objection of the Saalfeld Griggs claim will be fair to all parties, reduce litigation costs, and promote efficiency for the Court and the parties.

**g.  Other Considerations**

**1.      Differences in Class Member Voting on the Plan**

Debtors may assert that the variation in votes cast by *Hathaway* Creditor Class members to approve / disapprove the bankruptcy plan is a factor that weights against class certification.

Page 12 -  **MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF**
                ***HATHAWAY* CLASS ACTION CREDITORS FOR LIMITED PURPOSE**

First, whether a particular member of the *Hathaway* Creditor Class decided to approve the proposed plan or not has no bearing on the legal issues in this adversary proceeding. Whether a particular class member believed the proposed plan was to their advantage is entirely unrelated to whether the class members' legal interests in the adversary proceedings filed in this case, or any other issues that arise are common or typical. Instead, the interests of all potential class members are identical - that the adversary proceeding succeed, that their debts not be discharged by this bankruptcy, and that their judgment against Debtors are otherwise protected.

More important, the balloting was anything but an honest vote. Before voting, several class members were threatened and misled by the Debtors or their agents, and coerced to vote in support of the proposed plan based on threats and false statements related to their tenancy and the relationship of the plan to their judgment in the *Hathaway* Case. (Fact 9).

As shown on Exhibit A, Lute Ledesma's declaration, the Debtors' property managers / agents Calvin and Cindy Butcher arrived at his front door one afternoon. Mr. Ledesma was told that if he did not vote "yes" on the proposed Plan, the Park would be closed and they "would all have to move tomorrow." The Butchers requested that Mr. Ledesma come to the Park office and meet with Mr. Berman.

Mr. Ledesma came to the office as instructed, but Mr. Berman was not inside. After a discussion with Park employee Calvin Butcher, Mr. Ledesma obtained a voting form, did not complete or sign it, but instead left. As he was walking away he encountered Mr. Berman who placed his hand on Mr. Ledesma's shoulder and guided

Page 13 -  **MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF**
            ***HATHAWAY* CLASS ACTION CREDITORS FOR LIMITED PURPOSE**

him back into the Park's office. There, Mr. Berman told him that the form "has nothing to

do with the class action" but was just to keep the Park open so he doesn't "have to

move." Mr. Berman presented Mr. Ledesma with a pre-filled form, and obtained his

signature. Mr. Ledesma now feels that he was conned into signing the approval form.

He also noted that there were several other persons in the office signing their forms at

the time. (Fact 9).

Ms. Wall received similar misinformation and coercion from Park management.

She encountered Cindy Butcher in the Park office. Ms. Butcher told her that if the plan

was not accepted, "we would all have to move out in a month." The Butchers came to

Ms. Wall's space twice to try to get her to sign an approval form. At the final visit Ms.

Butcher told Ms. Wall that "we want you to accept the plan so we all can stay in the Park

and not have to move" and "this has absolutely nothing to do with the law suit." (Fact

9).

Mr. Husted was similarly told by Park employees that if he did not sign his ballot

approving the plan, he would "be forced to leave in a week because the park would shut

down." (*Id.*)

The statements made by the Park management and Mr. Berman were false.

Failure of the proposed Plan would not have required residents to move out "tomorrow,"

"within a week," or "within a month." There is currently no evidence that anyone would

have to move at all. Likely, the worst case is that the Park might be sold to others, and

Park operations would probably continue. Mr. Berman recently testified in the hearing

before this court regarding Plan approval that the Park has consistently been 100

Page 14 -  **MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF**
**              *HATHAWAY* CLASS ACTION CREDITORS FOR LIMITED PURPOSE**

percent rented, so it is unlikely a purchaser would not continue to lease spaces at the Park.

Second, the statement "this has absolutely nothing to do with the law suit" is also false, and intended to mislead. This bankruptcy proceeding came about because of the judgment rendered in the *Hathaway* Class Action, and the results of the bankruptcy proceeding and Plan are directly related to, and bear upon the collection of the judgments entered by the *Hathaway* court.

Based on the misrepresentations from Mr. Berman and Park management / Debtors' agents, *Hathaway* Class Members who cast "yes" ballots could reasonably believe the only purpose of signing the form approving the Plan was to maintain their current residence, and that their vote on the Plan had no connection with or potential effect on their judgments against the Creditors.

### 2. The Timing of This Motion is Appropriate

The court in *In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989) discussed the appropriate timing for seeking class certification in a bankruptcy proceeding. That court noted that the proper time was during pendency of an adversary proceeding, and when a contested matter arises. Here, there is a contested matter – Debtors have objected to the *Hathaway* Class claims. Therefore, this filing is now allowable and timely. See, *In re Charter Co.* at 874.

### Relief Requested

Class Representatives though counsel request an Order directing the following:

Page 15 - **MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF**
   ***HATHAWAY* CLASS ACTION CREDITORS FOR LIMITED PURPOSE**

Case 19-60230-pcm11   Doc 105   Filed 03/25/20

1.      That a Class be certified in this case, (number 19-60230-pcm11, jointly
administered with case number 19-60138-pcm11 (lead case)) for the
limited purposes of: (1) pursuing and defending the *Hathaway* Class
claims filed in both cases, and (2) litigating the objection filed in both
cases on behalf of the *Hathaway* Class to the Saalfeld Griggs claim for
attorney fees and costs;

2.      That the Classes so certified consist of each of the *Hathaway* judgment
creditors in this matter whose judgments resulted from the previous
*Hathaway* Class Action litigation, as listed in the Judgment.  (See, Fact 2,
Exhibit A for a list of proposed Class Members);

3.      That Loren Hathaway, Gennise Hathaway, and Heather Noble be
appointed as Class Representatives;

4.      That attorneys Rick Klingbeil, Brady Mertz, and Keith Karnes be appointed
as class counsel;

5.      Any further relief or Orders as deemed necessary by the Court.

**Dated:   March 25, 2020.**

/s/ Rick Klingbeil
Rick Klingbeil, OSB # 933326
Of Attorneys for Ad Hoc Group

Page 16 -  **MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF**
              ***HATHAWAY* CLASS ACTION CREDITORS FOR LIMITED PURPOSE**

**KEITH D. KARNES**, OSB No. 033521
keith@rankkarneslaw.com
Karnes Law Offices, PC
2701 12th St. NE
Salem, OR 97302
Tel: 503-385-8888
Fax: (503) 385-8899

**KEVIN J. RANK**, OSB No. 914034
kevin@rankkarneslaw.com
Rank & Associates, PC
1265 Waller St SE
Salem OR 97302
Tel: 503-362-6068
Fax: 503-362-7095

**BRADY MERTZ,** OSB No. 970814
brady@bradymertz.com
Brady Mertz PC
345 Lincoln St SE
Salem OR 97302
Tel: 503-385-0121
Fax: 503-375-2218

**RICK KLINGBEIL,** OSB No. 933326
rick@klingbeil-law.com
Rick Klingbeil PC
1826 NE Broadway
Portland OR 97232
Tel: 503-473-8565

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re B. & J. Property Investments, Inc. Debtor. | Case No. 19-60138-pcm11 **LEAD CASE** Jointly Administered with Case No. 19-60230-pcm11 |

**Page 1 -**    **DECLARATION OF RICK KLINGBEIL ISO MOTION FOR CLASS CERTIFICATION OF *HATHAWAY* CLASS ACTION CREDITORS**

|  | DECLARATION OF RICK |
| In re William J. Berman, Debtor. | **KLINGBEIL IN SUPPORT OF MOTION FOR CLASS CERTIFICATION OF *HATHAWAY* CLASS ACTION CREDITORS** |

## <u>DECLARATION OF RICK KLINGBEIL</u>

I, RICK KLINGBEIL, do hereby state and declare:

1.      I am a principal in the law firm of Rick Klingbeil, Prof. Corp. ("RKPC"), one of the law firms who represented Class Representatives and the certified Class of 279 members in the state court litigation entitled *Hathaway et al. v. B. & J. Property Investments, Inc., et al*, MCCC 13C1432.

2.      I am a member in good standing of the Oregon State Bar and have never been subject to any discipline by Oregon or any other state bar. I am admitted to practice before the state court of Oregon, the United States District Court for Oregon, and through the years have been admitted *pro hac vice* to practice in various Federal District Courts throughout the United States, including the Western District of Washington, Idaho, Minnesota, the Southern District of California, the Ninth Circuit Court of Appeals, and the U.S. Court of Appeals for the Federal Circuit in Washington, DC.

3.      I have personal knowledge of the facts set forth in this Declaration, and for those matters set forth on information and belief, I believe those to be true. If called upon to testify, I could and would testify to the same in a court of law.

**My Experience in Class Actions and Complex Litigation**

4.      I graduated from Texas A&M University with a B.S. in engineering in 1983, practiced as an engineer for four years, and then practiced as a licensed consulting engineer for approximately five years. I received my law degree from Lewis & Clark Law School in 1993. During law school, I was initially hired as a law clerk, and later after passing the Oregon State bar exam and being sworn in as an attorney in 1993, I was hired full time at the Portland, Oregon law firm of Jolles, Sokol, Bernstein. I practiced there for approximately eight years. I formed my own law firm in 2001, which I left to work for the law firm of Swanson, Thomas & Coon in approximately 2004. After two and one-half years, I left and resumed practice at my own law firm, Rick Klingbeil, PC where I have practiced for the past approximately 13 years.

5.      Over the past 24 years, the primary focus of my practice has been product liability cases on an individual and class-wide basis (see, e.g, *Shea v. Chicago Pneumatic Tool Co.*, 164 Or App 198, 206-07 (1999) rev den, 330 Or 252 (2000), civil rights litigation, consumer protection claims, complex case litigation (see, e.g., *Brehm v. Caterpillar*, 235 Or. App. 274 (Or.Ct.App. 2010), and various class action matters including *Walters v. Vitamin Shoppe, Inc.*, 3:14-cv-01173-PK, *Dobson v. Arco, Mult. Co. #05-04969 (2005))*, *Brunelle v. My Pillow, Inc.* 3:16-cv-02007-AC, and *Silva v. Rite Aid*, 3:18-cv-00306-JR.

I filed the originating complaint in the pending *In Re Google Streetview Litigation,* 5:10-md-02184-JW, (USDC ND Cal.), and in that matter participated in motion drafting, matters related to MDL certification, preservation of evidence issues, and other aspects of the litigation.

I have regularly handled matters governed by ORS §646.608, ORS Chapter 90, and similar consumer and tenant protection statutes in other states.

6.      I have tried approximately 38 cases to verdict as lead or co-lead counsel in state and federal court and resolved claims for over 600 clients through settlement during my career.

7.      Because neither I nor Brady Mertz, my co-counsel in the *Hathaway* class action litigation have sufficient experience to successfully practice in Bankruptcy Court, we have retained Oregon attorneys Keith Karnes and Kevin Rank to assist us with matters before this court.

8.      I believe that this team, consisting of myself, Brady Mertz, Kevin Rank, and Keith Karnes will be able to fully and ably represent the proposed *Hathaway* Judgment Debtor Class consisting of Class Representatives and 279 class members now before this court.

9.      The attached Exhibit A is a true and correct copy of the judgment entered in the Hathaway case, and shows each member of the *Hathaway* class action.

10.     The attached Exhibit B is a true and correct copy of the supplemental judgment for attorney fees entered in the *Hathaway* case.

11.     The attached Exhibit C is a true and correct copy a document entered at Dkt. 4/27/17 entitled *Corrected Opinion Letter* in the *Hathaway* case.

12.     The attached Exhibit D consists of true and correct copies of declarations executed by various class members regarding contact by Debtors or Debtors' agents relating to their ballots for the Debtors' Chapter 11 Plan.

**I declare under penalty of perjury under the laws of United States of America and the State of Oregon that the foregoing is true and correct, and   that**

this declaration was executed on the 14[h] day of January, 2020 at Portland, Multnomah County, Oregon.

/s/ Rick Klingbeil

By _____

RICK KLINGBEIL

**KEITH D. KARNES**, OSB No. 033521
keith@keithkarnes.com
Karnes Law Offices, PC
2701 12th St. NE
Salem, OR 97302
Tel: 503-385-8888
Fax: (503) 385-8899

**KEVIN J. RANK**, OSB No. 914034
kevinr@opusnet.com
Rank & Associates, PC
1265 Waller St SE
Salem OR 97302
Tel: 503-362-6068
Fax: 503-362-7095

**BRADY MERTZ,** OSB No. 970814
brady@bradymertz.com
Brady Mertz PC
345 Lincoln St SE
Salem OR 97302
Tel: 503-385-0121
Fax: 503-375-2218

**RICK KLINGBEIL,** OSB No. 933326
rick@klingbeil-law.com
Rick Klingbeil PC
1826 NE Broadway
Portland OR 97232
Tel: 503-473-8565

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

| | |
|---|---|
| In re B. & J. Property Investments, Inc. Debtor. | Case No. 19-60138-pcm11 **LEAD CASE** <br><br> Jointly Administered with Case No. 19-60230-pcm11 |
| In re William J. Berman, Debtor. | **DECLARATION OF BRADY MERTZ IN SUPPORT OF MOTION FOR CLASS CERTIFICATION OF *HATHAWAY* CLASS ACTION CREDITORS** |

## <u>DECLARATION OF BRADY MERTZ</u>

I, BRADY MERTZ, do hereby state and declare:

     1.     I am a principal in the law firm of Brady Mertz, PC, one of the law firms who represented Class Representatives and the certified Class of 279 members in the state court litigation entitled *Hathaway et al. v. B. & J. Property Investments, Inc., et al*, MCCC 13C1432.

     2.     I am a member in good standing of the Oregon State Bar and have never been subject to any discipline by Oregon or any other state bar. I am admitted to practice before the state court of Oregon, the United States District Court for Oregon, and have been admitted *pro hac vice* to practice in the Federal District Court of Wyoming.

     3.     I have personal knowledge of the facts set forth in this Declaration, and for those matters set forth on information and belief, I believe those to be true. If called upon to testify, I could and would testify to the same in a court of law.

## My Experience in Class Actions and Complex Litigation

4.      I graduated from the University of Washington with a BA in Economics in 1990. I received my law degree from Willamette University School of Law in 1996.

5.      Over the past 22 years, the primary focus of my practice has been personal injury, medical malpractice, landlord/tenant, and various class action matters including *Hathaway v. B. & J Property Investments, Inc.*, Marion County, Oregon, Case No. 13C14321 (tried to a verdict), *Brunelle v. My Pillow, Inc.*, Case No. 3:16-cv-02007-AC, and *Walters v. Vitamin Shoppe, Inc.*, 3:14-cv-01173-PK. I assisted with and filed, along with Rick Klingbeil, the originating complaint in the pending *In Re Google Streetview Litigation*, 5:10-md-02184-JW, (USDC ND Cal.), and in that matter have participated in motion drafting, matters related to MDL certification, preservation of evidence issues, and other aspects of the litigation.

I have tried approximately 65 cases to verdict as lead or co-lead counsel in state and federal court (Bench and Jury Trials) and resolved claims for over 2,000 clients through settlement during my career.

6.      Because neither I nor Rick Klingbeil, my co-counsel in the *Hathaway* litigation, have sufficient experience to successfully practice in Bankruptcy Court, we have retained attorneys Keith Karnes and Kevin Rank to assist us with matters before this court.

7.      I believe that this team, consisting of myself, Rick Klingbeil, Kevin Rank, and Keith Karnes will be able to fully and ably represent before this Court the proposed *Hathaway* Judgment Debtor Class consisting of Class Representatives and 279 class members.

I declare under penalty of perjury under the laws of United States of America and the State of Oregon that the foregoing is true and correct, and that this declaration was executed on the 10th day of January, 2020, in Salem, Marion County, Oregon.

By _____
BRADY MERTZ

**KEITH D. KARNES**, OSB No. 033521
keith@keithkarnes.com
Karnes Law Offices, PC
2701 12th St. NE
Salem, OR 97302
Tel: 503-385-8888
Fax: (503) 385-8899

**KEVIN J. RANK**, OSB No. 914034
kevinr@opusnet.com
Rank & Associates, PC
1265 Waller St SE
Salem OR 97302
Tel: 503-362-6068
Fax: 503-362-7095

**BRADY MERTZ,** OSB No. 970814
brady@bradymertz.com
Brady Mertz PC
345 Lincoln St SE
Salem OR 97302
Tel:
Fax: 503-375-2218

**RICK KLINGBEIL,** OSB No. 933326
rick@klingbeil-law.com
Rick Klingbeil PC
1826 NE Broadway
Portland OR 97232
Tel: 503-473-8565

| | |
|---|---|
| In re B. & J. Property Investments, Inc. Debtor. | Case No. 19-60138-pcm11 **LEAD CASE** <br><br> Jointly Administered with Case No. 19-60230-pcm11 |
| In re William J. Berman, Debtor. | **DECLARATION OF KEITH KARNES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION OF *HATHAWAY* CLASS ACTION CREDITORS** |

## DECLARATION OF KEITH KARNES

I, KEITH KARNES, do hereby state and declare:

1.     I am a principal in the law firm of Rank & Karnes Law, PC. ("Rank & Karnes"). This firm focuses on bankruptcy and consumer litigation.

2.     I am a member in good standing of the Oregon State Bar and have never been subject to any discipline by Oregon or any other state bar. I am admitted to practice before the Washington State Bar, Federal District Courts of Oregon, Western Washington and Eastern Washington, the Ninth Circuit Court of Appeals and the United States Supreme Court.

3.     I have personal knowledge of the facts set forth in this Declaration, and for those matters set forth on information and belief, I believe those to be true. If called upon to testify, I could and would testify to the same in a court of law.

### My Experience in Bankruptcy Proceedings

4.     I graduated from Brigham Young University with a bachelor of arts degree in Political Science in 2000. I received my law degree from Willamette University in 2003.

5.     Since graduating from law school, I have worked almost exclusively on matters that involved financial matters for my clients. I have represented clients in chapters 7, 11, 12, and 13 of the bankruptcy code. I have further handled foreclosure defense, tax disputes and settlements, fair debt collection, and fair credit reporting cases that were litigated in state and federal court.

6.     Over the past 16 years, the primary focus of my practice has been bankruptcy and financial litigation.

7.     I have regularly handled matters before bankruptcy court, including over 15 cases where I represented a debtor-in-possession. I have further litigated several adversary proceedings or contested matters relating to dischargeability, good faith, confirmation and other bankruptcy issues.

8.     I have tried approximately a few dozen cases to verdict as lead or co-lead counsel in state and federal court and resolved claims for over hundreds of clients through settlement during my career.

7.     Brady Mertz and Rick Klingbeil approached me and, with the proposed Class Representatives' permission, sought to retain me to assist them in above-captioned proceeding before this court. They also sought to, and did retain Kevin Rank to assist them as well.

8.     I believe that this team, consisting of myself, Brady Mertz, Rick Klingbeil, and Kevin Rank will be able to fully and ably represent before this Court the proposed

*Hathaway* Judgment Debtor Class consisting of Class Representatives and 279 class members.

**I declare under penalty of perjury under the laws of United States of America and the State of Oregon that the foregoing is true and correct, and that this declaration was executed on the ⟋⟍ day of December, 2019 at Portland, Multnomah County, Oregon.**

By _____

KEITH KARNES

**KEITH D. KARNES**, OSB No. 033521
keith@keithkarnes.com
Karnes Law Offices, PC
2701 12th St. NE
Salem, OR 97302
Tel: 503-385-8888
Fax: (503) 385-8899

**KEVIN J. RANK**, OSB No. 914034
kevin@rankkarneslaw.com
Rank & Karnes Law, PC
2701 12th ST SE
Salem OR 97302
Tel: 503-362-6068
Fax: 503-362-7095

**BRADY MERTZ,** OSB No. 970814
brady@bradymertz.com
Brady Mertz PC
345 Lincoln St SE
Salem OR 97302
Tel:
Fax: 503-375-2218

**RICK KLINGBEIL,** OSB No. 933326
rick@klingbeil-law.com
Rick Klingbeil PC
1826 NE Broadway
Portland OR 97232
Tel: 503-473-8565

| In re B. & J. Property Investments, Inc. Debtor. | Case No. 19-60138-pcm11 **LEAD CASE** |
| | Jointly Administered with Case No. 19-60230-pcm11 |
| In re William J. Berman, Debtor. | **DECLARATION OF KEVIN RANK IN SUPPORT OF MOTION FOR CLASS CERTIFICATION OF *HATHAWAY* CLASS ACTION CREDITORS** |

## DECLARATION OF KEVIN RANK

I, KEVIN RANK, do hereby state and declare:

1.  I am a principal in the law firm of Rank & Karnes Law P.C.   This firm focuses on representing Individuals and corporations in Bankruptcy Court and consumer litigation.

2.  I am a member in good standing of the Oregon State Bar. I am admitted to practice before the Federal District Courts of Oregon.

3.  I have personal knowledge of the facts set forth in this Declaration, and for those matters set forth on information and belief, I believe those to be true. If called upon to testify, I could and would testify to the same in a court of law.

### Relevant Experience and Work History

4.  I graduated from Brigham Young University with a Bachelor of Arts in International Relations and a Bachelor of Science in Psychology in 1988.  I received my law degree from Willamette University in 1991.

5. Until starting my own solo practice in 1996, I worked for small general practice firms. I began working in the bankruptcy field in 1993 and have handled all aspects of bankruptcy cases.

6. Over the past 26 years, the primary focus of my practice has been bankruptcy and debtor defense in State Court.

7. I have regularly handled matters before bankruptcy court, including the representation of a debtor-in-possession. I have litigated several adversary proceedings and confirmation issues in chapter 7 and chapter 13 cases.

8. I have tried approximately 10 cases to verdict as lead or co-lead counsel in state and federal court and resolved claims for hundreds of clients through settlement during my career.

7. Brady Mertz and Rick Klingbeil approached me and, with the proposed Class Representatives' permission, sought to retain me to assist them in above-captioned proceeding before this court. They also sought to, and did retain Keith Karnes to assist them as well.

8. I believe that this team, consisting of myself, Brady Mertz, Rick Klingbeil, Keith Karnes will be able to fully and ably represent before this Court the proposed *Hathaway* Judgment Debtor Class consisting of Class Representatives and 279 class members.

**I declare under penalty of perjury under the laws of United States of America and the State of Oregon that the foregoing is true and correct, and**

that this declaration was executed on the 20th day of December 2019 at

Salem, Marion County, Oregon.

By _____
        KEVIN RANK



Verified Correct Copy of Original 12/3/2018.

1
2
3
4
5
6
7

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

# FOR THE COUNTY OF MARION

8 **LOREN HATHAWAY,** on behalf of  ) Case No. 13C14321
 himself and all others similarly situated )
9 within the state of Oregon;  )
 **GENNISE HATHAWAY,** on behalf of ) GENERAL JUDGMENT
10 herself and all others similarly situated )
 within the state of Oregon, and  )
11 **HEATHER NOBLE,** on behalf of herself )
 and all others similarly situated within )
12 the state of Oregon,  )
    )
13    Plaintiffs, )
    )
14   v.  )
    )
15 **B. & J. PROPERTY INVESTMENTS,** )
 **INC.,** an Oregon corporation; **BETTER** )
16 **BUSINESS MANAGEMENT, INC.,** )
 an Oregon Corporation doing business )
17 as Salem RV Park; and **WILLIAM J.** )
 **BERMAN,** an individual,  )
18    )
    Defendants. )
19

20    THIS MATTER was heard by the Court in multiple phases during the last 5 and ½ years,

21 with the last motion hearing before the Court regarding a Motion for Summary Judgment heard by

22 the Court on July 19, 2018. This case was originally prosecuted on behalf of the Plaintiffs by

23 Loren Hathaway and Gennise Hathaway, and then Terry Bandy and Sherry Seaman were later

24 added as class representatives (See Order Granting, in part, Leave to File Second Amended

25 Complaint, signed August 1, 2013), and all others similarly situated ("Plaintiffs/Class

26 Representatives"), and by attorneys Rick Klingbeil, Brady Mertz, and Brooks Cooper as Class

Page 1 – GENERAL JUDGMENT

Brady Mertz, PC
345 Lincoln St SE
Salem, OR 97302
503-385-0121
brady@bradymertz.com

Exhibit A
Klingbeil dec.

Verified Correct Copy of Original 12/3/2018.

1   Counsel ("Class Counsel"). Later in the case, Sherry Seaman died and Terry Bandy was

2   determined not to be a "tenant" under the Oregon Residential Landlord Tenant Act and thereby

3   both were disqualified by Order Granting Defendants' Motion to Disqualify Class Representatives

4   Sherry Seaman and Terry Bandy, signed on March 6, 2017. Ms. Seaman and Mr. Bandy were

5   replaced by Heather Noble as a Plaintiff/Class Representative, by the Order Granting Plaintiffs'

6   Motion to Appoint Heather Noble as Class Representative for the Retaliation Subclass and

7   Supplemental Findings of Fact Related to Order Certifying Class, signed on March 30, 2017.

8   Attorney Brooks Cooper withdrew his representation of the Plaintiffs/Class, and was removed as

9   Class Counsel by the Court (See Stipulated Order Supplementing the Order Certifying Class

10  Action and Special Findings of Fact and Conclusions of Law on Plaintiff's Motion to Certify Class

11  and Appoint Class Counsel Related to the Withdrawal of Brooks Cooper, signed May 1, 2017).

12  Defendants B&J Property Investments, Inc., Better Business Management, Inc. and William

13  Berman ("Defendants") have been represented by the attorneys of Saalfeld Griggs, PC and

14  primarily by attorneys Hunter Emerick and Jennifer Paul.

15          Defendant Better Business Management, Inc. is a domestic business corporation doing

16  business as Salem RV Park (hereinafter "BBM"). In connection therewith, BBM owns and

17  operates the business known as Salem RV Park, which is a Recreational Vehicle Park, but does

18  not own the real property located at 4490 Silverton Road NE, in Salem, Oregon. Salem RV Park

19  is located at 4490 Silverton Road NE, in Salem, Oregon.

20          Defendant B&J Investment Development, Inc. (hereinafter "B&J Investment") is a

21  domestic business corporation that owns and leases the property where Salem RV Park is located

22  – 4490 Silverton Road NE, in Salem, Oregon.

23          Defendant William J. Berman (hereinafter "Berman") is president and part owner of B&J

24  Investment and BBM.

25          The Plaintiffs/Classes are defined as follows pursuant to the Order Certifying Class Action

26  and Special Findings of Fact and Conclusions of Law on Plaintiffs' Motion to Certify Class and

Brady Mertz, PC
345 Lincoln St SE
Salem, OR 97302
503-385-0121
brady@bradymertz.com

Exhibit A
Klingbeil dec.

Verified Correct Copy of Original 12/3/2018.

1   Appoint Class Counsel, signed June 12, 2015: 1. **Main Class** - Any tenant of Salem RV Park,
2   who paid for electricity or a meter reading charge for electricity, during the 10 years immediately
3   prior to the filing of the complaint on April 12, 2013, (between April 12, 2003 and April 12, 2013),
4   and such person did not or should not have discovered the facts giving rise to the ORLTA Claims,
5   within one year prior to filing the complaint (on or before April 12, 2012); and, 2. **Retaliation**
6   **Sub-Class** – any tenants of Salem RV Park who resided at the park on April 12, 2013, and who
7   have paid rent on or after July 29, 2013, excluding any tenant that moved into the park for the first
8   time on or after July 29, 2013.

9   <u>Excluded</u> from the Main Class and Retaliation Sub-Class, and pursuant to the defined
10  exclusions contained in the Order Certifying Class Action and Special Findings of Fact and
11  Conclusions of Law on Plaintiffs' Motion to Certify Class and Appoint Class Counsel, signed June
12  12, 2015, include the following:

13

14      1. Any Tenant who meets the criteria set forth in ORS 90.100(48): (a) The occupant rents
15      the unit for vacation purposes only, not as a principal residence; (b) The occupant has a
16      principal residence other than at the unit; and (c) The period of authorized occupancy does
17      not exceed 45 days; and,

18      2. any person, firm, trust, corporation, officer, director, or other individual or entity in
19      which one or both defendant share a controlling interest or which is related to or affiliated
20      with either defendant, any current employee of either defendant, and the legal
21      representatives, heirs, successors-in-interest or assigns of any excluded party, and the trial
22      judge in this matter.

23  Those tenants that otherwise meet the above definitions of the Main Class and/or
24  Retaliation Subclass, but who did not timely submit a valid claim form on or before 11:59 pm,
25  June 15, 2017, are subject to and bound by this final General Judgment, but shall not be entitled to
26  receive any subsequent distributions pursuant to the final General Judgment.

Brady Mertz, PC
345 Lincoln St SE
Salem, OR 97302
503-385-0121
brady@bradymertz.com

Exhibit A
Klingbeil dec.

Verified Correct Copy of Original 12/3/2018.

1        This Court further excluded claims and/or reduced and limited claims of those tenants as

2 detailed in the Order on Claim Form Objections, signed on April 3, 2018, which is expressly

3 incorporated herein by this reference.

4        Pursuant to ORCP 32L, the following individuals timely filed exclusionary forms on or

5 before 11:59 pm on June 15, 2017, thereby specifically excluding themselves from this class

6 action. Such individuals are not bound by this final General Judgment:

7     i.     Philip Lee Barrett and Cynthia June Barrett;

8     ii.     Donald Rodney Blankenship;

9     iii.     Charles Conoy Godfrey;

10     iv.     Christel Godfrey;

11     v.     Mary P. Kennedy;

12     vi.     Dennis Leroy Lemon;

13     vii.     Steven Reston Miller;

14     viii.     Andrea Moore;

15     ix.     Brett Raymond Penter;

16     x.     Lindsey Marie Spencer, heir of Kathy Sifferman;

17     xi.     Dale Allen Schicker;

18     xii.     Glen M. Weber;

19     xiii.     Ronald Cliffard Williams and Linda Lee Williams; and,

20     xiv.     Elizabeth Josephine Worthington.

21        Attached as **Exhibit 1** to this General Judgment, and incorporated herein by this reference,

22 is a document titled *Hathaway Case Damages Summary* that provides a total damages summary

23 for the Main Class and the Retaliation Sub-Class collectively, and includes information regarding

24 the specific damages awarded to each individual class and retaliation subclass member.

25

26

Brady Mertz, PC
345 Lincoln St SE
Salem, OR 97302
503-385-0121
brady@bradymertz.com

Page 4 – GENERAL JUDGMENT

Exhibit A
Klingbeil dec.

Verified Correct Copy of Original 12/3/2018.

1   The Plaintiffs/Classes claim reasonable attorney fees, costs and disbursements pursuant to

2   ORS 90.255, which shall be determined pursuant to ORCP 68 and addressed in a supplemental

3   order and judgment. Based upon the foregoing,

4   **NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** as follows:

5   1. Defendants are permanently enjoined from charging the Plaintiffs/Class Members a

6      higher per kilowatt/hour rate to tenants than it is billed by PGE in each month of

7      residence, in violation of ORS 90.315(4);

8   2. Defendants are permanently enjoined from charging the Plaintiffs/Class Members for

9      a meter reading fee to each tenant, in each month of residence, which violates ORS

10     90.315(4);

11  3. Plaintiffs/Class Members Loren Hathaway, Gennise Hathaway, and Heather Noble and

12     the Main Class members have judgment against the Defendants, and each of them, in

13     the sum of $3,900,501.00, together with post-judgment interest, accruing at the rate of

14     nine (9) percent per annum from date of entry of judgment until paid; and,

15  4. Plaintiff/Class Member Heather Noble and the Retaliation Sub-Class members have

16     judgment against the Defendants, and each of them, in the sum of $964,450.00, together

17     with post-judgment interest, accruing at the rate of nine (9) percent per annum from the

18     date of entry of judgment until paid.

19

20                                **MAIN CLASS: MONEY AWARD**

21  1. Judgment Creditors:                    Loren Hathaway, Gennise Hathaway, and
                                               Heather Noble and the "Main Class" members as
22                                             defined above.

23  2. Judgment Creditors' addresses:         Loren Hathaway
                                               PO Box 451
24                                             Montesano, Washington 98563

25                                             Gennise Hathaway
26                                             PO Box 451

Brady Mertz, PC
345 Lincoln St SE
Salem, OR 97302
503-385-0121
brady@bradymertz.com

Exhibit A
Klingbeil dec.

|    |                              |                                      |
|----|------------------------------|--------------------------------------|
| 1  |                              | Montesano, Washington 98563          |
| 2  |                              | Heather Noble                        |
| 3  |                              | 4490 Silverton Rd. NE #40<br>Salem, OR 97305 |
| 4  |                              |                                      |
| 5  | 3. Judgment Creditors' attorneys: | Brady Mertz, OSB #970814          |
|    |                              | 345 Lincoln St. SE                   |
| 6  |                              | Salem, OR 97302                      |
| 7  |                              | (503) 385-0121<br>brady@bradymertz.com |
| 8  |                              | Rick Klingbeil, OSB #933326          |
| 9  |                              | 1826 NE Broadway                     |
|    |                              | Portland, OR 97232                   |
| 10 |                              | (503) 473-8565<br>rick@klingbeil-law.com |
| 11 |                              |                                      |
| 12 | 4. Judgment Debtors:         | B&J Property Investments, Inc.<br>4490 Silverton Rd. NE |
| 13 |                              | Salem, OR 97305                      |
| 14 | DOB:                         | N/A                                  |
| 15 | SSN/EIN:                     | 93-1143149                           |
| 16 | Driver's License:            | N/A                                  |
| 17 |                              | Better Business Management, Inc.     |
| 18 |                              | 4490 Silverton Rd. NE                |
| 19 |                              | Salem, OR 97305                      |
| 20 | DOB:                         | N/A                                  |
| 21 | SSN/EIN:                     | 93-1193126                           |
| 22 | Driver's License:            | N/A                                  |
| 23 |                              | William Berman                       |
| 24 |                              | 3602 Eldorado Loop S.<br>Salem, OR 97302 |
| 25 | DOB:                         | N/A                                  |
| 26 |                              |                                      |

Page 6 – GENERAL JUDGMENT

Brady Mertz, PC
345 Lincoln St SE
Salem, OR 97302
503-385-0121
brady@bradymertz.com

Exhibit A
Klingbeil dec.

| | | |
|---|---|---|
| 1 | SSN/EIN: | XXXX |
| 2 | Driver's License: | XXXX |
| 3 | 5. Judgment Debtor's attorneys: | Hunter Emerick, OSB #841361 |
| 4 | | Jennifer Paul, OSB #104791 |
| | | 250 Church St. SE, Suite 200 |
| 5 | | PO Box 470 |
| | | Salem, OR 97308 |
| 6 | | (503) 399-1070 |
| 7 | 6. Other persons or public bodies | |
| | who are entitled to any portion | |
| 8 | of a payment made on this | |
| 9 | judgment: | None |
| 10 | 7. Principal Amount of Judgment: | $3,900,501.00 |
| 11 | 8. Pre-judgment interest: | None |
| 12 | 9. Post-judgment interest: | 9% simple interest, per annum, on any unpaid |
| 13 | | principal of the money award in paragraph 7 from the date of entry of judgment until such money award is |
| 14 | | paid |
| 15 | 10. Costs and disbursements: | To be determined via ORCP 68 |
| 16 | 11. Attorney fees: | To be determined via ORCP 68 |
| 17 | | **RETALIATION CLASS: MONEY AWARD** |
| 18 | 12. Judgment Creditors: | |
| 19 | | Heather Noble and the "Sub-Class" members as defined above. |
| 20 | | |
| 21 | | Judgment Creditors' addresses: Heather Noble |
| 22 | | 4490 Silverton Rd. NE #40 Salem, OR 97305 |
| 23 | | |
| 24 | 13. Judgment Creditors' attorneys: | Brady Mertz, OSB #970814 |
| 25 | | 345 Lincoln St. SE Salem, OR 97302 |
| 26 | | (503) 385-0121 brady@bradymertz.com |

Brady Mertz, PC
345 Lincoln St SE
Salem, OR 97302
503-385-0121
brady@bradymertz.com

Case 19-60230-pcm11    Doc 105    Filed 03/25/20

Exhibit A
Klingbeil dec.

Rick Klingbeil, OSB #933326
1826 NE Broadway
Portland, OR 97232
(503) 473-8565
rick@klingbeil-law.com

14. Judgment Debtors:

B&J Property Investments, Inc.
4490 Silverton Rd. NE
Salem, OR  97305

    DOB:                        N/A

    SSN/EIN:            93-1143149

    Driver's License:     N/A

Better Business Management, Inc.
4490 Silverton Rd. NE
Salem, OR  97305

    DOB:                        N/A

    SSN/EIN:            93-1193126

    Driver's License:     N/A

William Berman
3602 Eldorado Loop S.
Salem, OR  97302

    DOB:

    SSN/EIN:            XXXX

    Driver's License:     XXXX

15. Judgment Debtor's attorneys:

Hunter Emerick, OSB #841361
Jennifer Paul, OSB #104791
250 Church St. SE, Suite 200
PO Box 470
Salem, OR  97308
(503) 399-1070

16. Other persons or public bodies

Page 8 – GENERAL JUDGMENT

Exhibit A
Klingbeil dec.

Verified Correct Copy of Original 12/3/2018.

1   who are entitled to any portion
    of a payment made on this
2   judgment:                          None

3   17. Principal Amount of Judgment:  $964,450.00

4   18. Pre-judgment interest:         None

5   19. Post-judgment interest:        9% simple interest, per annum, on any unpaid
6                                      principal of the money award in paragraph 17 from
                                       the date of entry of judgment until such money award
7                                      is paid

8   20. Costs and disbursements:       To be determined via ORCP 68

9   21. Attorney fees:                 To be determined via ORCP 68

10

11

12

13                                        _Graves_
                                          10/30/18
14

15

16

17

18

19

20

21

22

23

24

25

26

Page 9 – GENERAL JUDGMENT

Brady Mertz, PC
345 Lincoln St SE
Salem, OR 97302
503-385-0121
brady@bradymertz.com

Exhibit A
Klingbeil dec.

Verified Correct Copy of Original 12/3/2018.

# Certificate of Compliance with UTCR 5.100

This submission is ready for judicial signature because:

X 1. Each Opposing Party affected by this order or judgment has stipulated to the order or judgment, as shown by each opposing party's signature on the document being submitted.

⊔ 2. Each Opposing Party affected by this order or judgment has approved the order or judgment, as shown by signature on the document being submitted or by written confirmation or approval sent to me.

⊔ 3. I have served a copy of this order or judgment on all parties entitled to service and:

⊔ a. No objection has been served on me.

⊔ b. I received objections that I could not resolve with the opposing party despite reasonable efforts to do so. I have filed a copy of the objections I received and indicated which objections remain unsolved.

⊔ c. After conferring about objections (Opposing Party) agreed to independently file any remaining objection.

⊔ 4. The relief sought is against an opposing party who has been found in default.

⊔ 5. An order of default is being requested with this proposed judgment.

⊔ 6. Service is not required pursuant to subsection (3) of this rule, or by statute, rule or otherwise.

⊔ 7. This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of the Crime Victims Assistance Section as required by subsection (4) of this rule.

DATED this 16th day of October, 2018.


/s/ Brady Mertz
Brady Mertz, OSB #970814
Attorney for Plaintiffs/Class

/s/ Jennifer Paul
Jennifer Paul, OSB #104791
Attorney for Defendants

Brady Mertz, PC
345 Lincoln St SE
Salem, OR 97302
503-385-0121
brady@bradymertz.com

Exhibit A
Klingbeil dec.

# HATHAWAY CASE DAMAGES SUMMARY

## Total - All Class Members

Electricity =     $3,900,501

Retaliation =       $964,450

## TOTAL = $4,864,951

| Class Member | Amount Due - Electricity | Amount Due - Retaliation (to 8/2018) | Total Due - Electricity and Retaliation |
|---|---|---|---|
| Acuff.Luke | $5,840 | $0 | $5,840 |
| Adams.Jerry | $16,800 | $0 | $16,800 |
| Alcorn.Tim | $21,450 | $0 | $21,450 |
| Alexander. DevonAnne | $4,150 | $0 | $4,150 |
| Angulo.Shirley | $6,600 | $0 | $6,600 |
| Anson.Alan | $19,200 | $0 | $19,200 |
| Aranda.Michael | $8,250 | $0 | $8,250 |
| Armstrong.Latricia | $5,200 | $0 | $5,200 |
| Baarstad.Gregg | $6,300 | $0 | $6,300 |
| Baldwin.Michael | $21,700 | $0 | $21,700 |
| Barley.Bob.Donna | $7,150 | $0 | $7,150 |
| Beach.Tom.Terri | $4,620 | $0 | $4,620 |
| Bean.Christopher | $11,200 | $0 | $11,200 |
| Beck.Dana | $3,200 | $0 | $3,200 |
| Bigelow.Stephen.Debbie | $3,200 | $0 | $3,200 |
| Bird.Daniel | $10,530 | $0 | $10,530 |
| Bishop.Scott.Bonnie | $770 | $0 | $770 |
| Blair.Sandra | $7,400 | $0 | $7,400 |

1

Exhibit 1
Page 1 of 12
August 29, 2018

Exhibit A
Klingbeil dec.

| | | | |
|---|---|---|---|
| **Bloom.Christopher** | $16,520 | $0 | **$16,520** |
| **Boatman.Robinson** | $25,240 | $0 | **$25,240** |
| **Bonner.Gene** | $1,500 | $0 | **$1,500** |
| **Botts.Marty** | $8,250 | $0 | **$8,250** |
| **Bozarth.Marlin** | $6,520 | $0 | **$6,520** |
| **Branan.Shawn** | $3,200 | $0 | **$3,200** |
| **Brooks.Lindy** | $18,830 | $0 | **$18,830** |
| **Brooks.Liz** | $2,520 | $0 | **$2,520** |
| **Brown.Gerald** | $18,640 | $0 | **$18,640** |
| **Brown.Russell** | $11,250 | $0 | **$11,250** |
| **Burrell.Michele** | $12,600 | $0 | **$12,600** |
| **Burrows.Alfred.Elise** | $2,840 | $0 | **$2,840** |
| **Bush.Delpha** | $2,250 | $0 | **$2,250** |
| **Cain.Shirley** | $4,200 | $0 | **$4,200** |
| **Campbell.Michael** | $8,170 | $0 | **$8,170** |
| **Carns.Debra** | $3,850 | $0 | **$3,850** |
| **Castelan.Angel.Cecilia** | $6,030 | $0 | **$6,030** |
| **Cavilee.Tamara** | $1,340 | $0 | **$1,340** |
| **Charlson.Edward** | $50,600 | $35,400 | **$86,000** |
| **Christensen.Donald.Lee** | $37,600 | $0 | **$37,600** |
| **Clack.James.Alice** | $9,020 | $0 | **$9,020** |
| **Clark.Allen** | $7,020 | $0 | **$7,020** |
| **Clawson.Whitewater.Jennifer** | $2,520 | $0 | **$2,520** |
| **Coats.Clayton** | $3,650 | $0 | **$3,650** |
| **Collins.Leonard** | $2,280 | $0 | **$2,280** |

Exhibit 1
Page 2 of 12
August 29, 2018

Exhibit A
Klingbeil dec.

| | | | |
|---|---|---|---|
| Comstock. Robert | $2,960 | $0 | $2,960 |
| Crandall.Betty | $22,090 | $0 | $22,090 |
| Crook.Alex.Janet | $6,450 | $0 | $6,450 |
| Crum-Francis.Duenna | $12,820 | $0 | $12,820 |
| Cupp.Joyce | $33,980 | $0 | $33,980 |
| Daikoku.Yoshifumi | $13,130 | $0 | $13,130 |
| Dan.Michael .Tammy | $1,540 | $0 | $1,540 |
| Darnell.Jessica | $1,160 | $0 | $1,160 |
| Davis.John | $23,760 | $0 | $23,760 |
| Deforge. Maurice.RoseDiane | $2,570 | $0 | $2,570 |
| Degood.Johnny | $3,300 | $0 | $3,300 |
| Dickson .Jacob | $8,410 | $0 | $8,410 |
| Diggs.Ted | $63,450 | $43,580 | $107,030 |
| Doan.Thacker.Heather | $7,330 | $0 | $7,330 |
| Drain.Phillip | $2,440 | $0 | $2,440 |
| Drake.Kellie | $22,580 | $0 | $22,580 |
| Dugdale .Elbert | $13,200 | $0 | $13,200 |
| Elkins.Annie | $3,750 | $0 | $3,750 |
| Ellis. Nathan. Susie | $8,084 | $0 | $8,084 |
| Engle.Janet | $2,030 | $0 | $2,030 |
| Erickson .Larry | $2,200 | $0 | $2,200 |
| Erikson.Lowell | $29,900 | $0 | $29,900 |
| Fehrlen.Judy | $1,800 | $0 | $1,800 |
| Fisher.Michael.Gene | $12,130 | $0 | $12,130 |
| Fisher.Shawn .Russell | $7,810 | $0 | $7,810 |

Verified Correct Copy of Original 12-5-2018

Exhibit 1
Page 3 of 12
August 29, 2018

Exhibit A
Klingbeil dec.

Case 19-60230-pcm11     Doc 105     Filed 03/25/20

Verified Correct Copy of Original 12/5/2018

| | | | |
|---|---|---|---|
| **Forester.William** | $3,250 | $0 | **$3,250** |
| **Fowler.Angeline.Michael** | $6,080 | $0 | **$6,080** |
| **Frum.Rick** | $26,400 | $18,480 | **$44,880** |
| **Frye.Jim.Angeline** | $68,550 | $16,560 | **$85,110** |
| **Garrison .Richard** | $610 | $0 | **$610** |
| **Gatchet.John** | $3,600 | $0 | **$3,600** |
| **Gibson .Aaron** | $6,100 | $0 | **$6,100** |
| **Gladwill .Gail** | $15,000 | $0 | **$15,000** |
| **Goldblatt.David** | $4,200 | $11,100 | **$15,300** |
| **Gonzales.Jesus** | $2,220 | $0 | **$2,220** |
| **Goodin.Vonnie** | $5,440 | $0 | **$5,440** |
| **Graham.John** | $50,550 | $17,760 | **$68,310** |
| **Graham.Rick** | $6,780 | $0 | **$6,780** |
| **Gray.Scott** | $44,020 | $0 | **$44,020** |
| **Grimes.Michelle** | $9,020 | $0 | **$9,020** |
| **Guajardo.Eiberto & Naomi** | $7,000 | $2,220 | **$9,220** |
| **Hager.Michael** | $3,980 | $0 | **$3,980** |
| **Hahn.Robin.David** | $38,730 | $0 | **$38,730** |
| **Hamilton.Lillian** | $6,160 | $0 | **$6,160** |
| **Harlow.Melvin** | $610 | $0 | **$610** |
| **Harris.Kerry** | $4,200 | $0 | **$4,200** |
| **Harstad .Harold** | $6,900 | $0 | **$6,900** |
| **Hatchell.Jackman** | $45,780 | $45,460 | **$91,240** |
| **Hathaway.Loren.Gennise** | $6,640 | $0 | **$6,640** |
| **Hatlestad.Larry** | $8,550 | $0 | **$8,550** |

Exhibit 1
Page 4 of 12
August 29, 2018    Exhibit A
Klingbeil dec.

| | | | |
|---|---|---|---|
| Hawkins.Jim | $8,400 | $0 | $8,400 |
| Hawkins.John | $8,050 | $0 | $8,050 |
| Hayes. Pamela | $550 | $0 | $550 |
| Headrick.Carl | $15,080 | $0 | $15,080 |
| Heitz.Randy | $2,310 | $0 | $2,310 |
| Hendrick.Wayne | $25,440 | $0 | $25,440 |
| Hinds.Susan | $10,440 | $0 | $10,440 |
| Holland .Thomas | $29,450 | $0 | $29,450 |
| Howard.Jack | $20,630 | $2,960 | $23,590 |
| Howell.Trystin | $550 | $0 | $550 |
| Hubble.Mark | $9,900 | $0 | $9,900 |
| Hunter.Chris | $12,800 | $0 | $12,800 |
| Husted.Tim | $45,850 | $39,040 | $84,890 |
| Jackson. Raymond | $690 | $0 | $690 |
| Jackson.Thomas | $4,620 | $0 | $4,620 |
| Jacobs.Martin | $10,400 | $0 | $10,400 |
| James .Jason .Jenner | $32,600 | $0 | $32,600 |
| Jarman.Matthew | $6,840 | $0 | $6,840 |
| Jenson. Evelyn.Robert | $5,370 | $0 | $5,370 |
| Johnson.James | $4,400 | $0 | $4,400 |
| Johnson.Sam | $7,200 | $0 | $7,200 |
| Joiner .Cindy | $1,950 | $0 | $1,950 |
| Jolley.James | $17,460 | $0 | $17,460 |
| Jones.Bruce.Linda | $28,860 | $0 | $28,860 |
| Jones.Chris | $4,900 | $740 | $5,640 |

Verified Correct Copy of Original 12-5-2018

Exhibit 1
Page 5 of 12
August 29, 2018

Case 19-60230-pcm11   Doc 105   Filed 03/25/20

Exhibit A
Klingbeil dec.

| | | | |
|---|---|---|---|
| Jordan.Heath .Sonja | $5,600 | $0 | $5,600 |
| Keim.Ryan | $3,500 | $0 | $3,500 |
| Kelly.Jill | $5,200 | $0 | $5,200 |
| Kepford .Bruce | $3,930 | $0 | $3,930 |
| Kern.Shelli.Anthony | $4,440 | $0 | $4,440 |
| Klinger.Colby. Danielle | $8,700 | $7,380 | $16,080 |
| Korb.Shanon | $1,200 | $0 | $1,200 |
| Kurczewski.John | $1,600 | $0 | $1,600 |
| Kurtz.Joseph.Wayne | $11,830 | $0 | $11,830 |
| Lagerwey.Rachelle | $6,520 | $0 | $6,520 |
| Lambert-Yoder.Mary | $3,300 | $0 | $3,300 |
| Landrum.Lori | $8,000 | $0 | $8,000 |
| Lane.James | $30,310 | $0 | $30,310 |
| Lane.Steve | $78,980 | $42,090 | $121,070 |
| Lankford.Nathan | $1,950 | $0 | $1,950 |
| Larson.Lee.Erma | $2,190 | $0 | $2,190 |
| Latta.Jimmy | $1,220 | $0 | $1,220 |
| Leaf.Tabitha | $23,840 | $0 | $23,840 |
| Ledesma.Lute | $69,600 | $17,760 | $87,360 |
| Lee.Tae | $7,020 | $0 | $7,020 |
| Legler.April | $8,000 | $0 | $8,000 |
| Lent. Frank.Shirley | $10,110 | $0 | $10,110 |
| Lipchitz.Morris | $9,100 | $13,800 | $22,900 |
| Lisonbee.Gerald | $9,880 | $0 | $9,880 |
| Lofton.Herman | $11,250 | $0 | $11,250 |

Verified Correct Copy of Original 12-5-2018

Exhibit 1
Page 6 of 12
August 29, 2018

Exhibit A
Klingbeil dec.

| | | | |
|---|---|---|---|
| Longoria.John | $3,100 | $0 | $3,100 |
| Louthan.Christina | $1,260 | $0 | $1,260 |
| Loveless.Kathy | $7,300 | $0 | $7,300 |
| Lucas. Phyllis | $7,590 | $0 | $7,590 |
| Luebbers.Dominic | $6,300 | $0 | $6,300 |
| Lyman.Donna | $4,550 | $0 | $4,550 |
| Malone.Ronald | $23,400 | $26,910 | $50,310 |
| Martin.Don | $10,950 | $0 | $10,950 |
| Martirano.Frank | $20,310 | $0 | $20,310 |
| Maxwell.David | $22,650 | $4,920 | $27,570 |
| McCallister.Dale | $83,580 | $0 | $83,580 |
| McCallister.Dusty | $4,460 | $0 | $4,460 |
| McColly.Michael | $3,250 | $0 | $3,250 |
| McMillian.Steve | $7,000 | $0 | $7,000 |
| Mespalt.Malcolm | $10,820 | $33,060 | $43,880 |
| Meyer.Karen | $4,080 | $0 | $4,080 |
| Millar.Deborah | $16,020 | $0 | $16,020 |
| Miller.Kirk | $9,270 | $0 | $9,270 |
| Miller.Steven | $3,300 | $0 | $3,300 |
| Miltimore.Richard.Sheryl | $31,730 | $15,540 | $47,270 |
| Mitchell.Jack.Frances | $8,820 | $8,040 | $16,860 |
| Moe, Charro | $770 | $0 | $770 |
| Moore.April.Frank | $1,950 | $0 | $1,950 |
| Moore.Robert | $2,600 | $0 | $2,600 |
| Morris.Gary | $8,620 | $0 | $8,620 |

Exhibit 1
Page 7 of 12
August 29, 2018

Exhibit A
Klingbeil dec.

| | | | |
|---|---|---|---|
| Moyer.Ramon | $7,000 | $0 | **$7,000** |
| Mueller, Julie | $1,500 | $0 | **$1,500** |
| Myers.Leah | $2,040 | $0 | **$2,040** |
| Neal.David.Karen | $22,170 | $0 | **$22,170** |
| Nelson.David | $21,300 | $0 | **$21,300** |
| Nelson.Tyler | $6,050 | $0 | **$6,050** |
| Nichols.Gloria (Balcom) | $12,570 | $0 | **$12,570** |
| Nichols.Linda | $8,610 | $0 | **$8,610** |
| Noble.Heather.Richard | $36,720 | $50,020 | **$86,740** |
| Ogbin.Ray | $3,500 | $0 | **$3,500** |
| Ornelas-Dominquez.Jose | $40,200 | $0 | **$40,200** |
| Osborne.Debra | $11,300 | $0 | **$11,300** |
| Palmer.Tommy.Norma | $52,250 | $42,090 | **$94,340** |
| Paquin.Paul | $17,650 | $0 | **$17,650** |
| Payton.Charles.Peggy | $1,910 | $0 | **$1,910** |
| Pilkenton.Brian | $7,200 | $0 | **$7,200** |
| Porter.Clarence.Barbara | $3,780 | $0 | **$3,780** |
| Porter.Rebeka | $5,680 | $0 | **$5,680** |
| Pothoff.Kevin | $43,250 | $0 | **$43,250** |
| Prentiss.Gordon | $83,490 | $22,940 | **$106,430** |
| Prewett.Robert | $26,830 | $10,660 | **$37,490** |
| Pulver.Kevin | $19,140 | $0 | **$19,140** |
| Quintall.Deborah .Douglas | $48,550 | $20,720 | **$69,270** |
| Reeves.Daniel | $6,450 | $0 | **$6,450** |
| Reid.Kenneth | $6,950 | $0 | **$6,950** |

Verified Correct Copy of Original 12/5/2018

8

Exhibit 1
Page 8 of 12
August 29, 2018   Exhibit A
Klingbeil dec.

| | | | |
|---|---|---|---|
| Reitzer.George | $2,900 | $0 | $2,900 |
| Rex.Coquille | $1,400 | $0 | $1,400 |
| Reyes.Michelle (Sanders) | $2,300 | $0 | $2,300 |
| Richter .Lakosta | $8,170 | $0 | $8,170 |
| Riggs. Larry | $17,620 | $0 | $17,620 |
| Riley.Diana | $15,200 | $0 | $15,200 |
| Riley.Lisa | $26,400 | $2,520 | $28,920 |
| Rizzotto.Gary | $9,380 | $0 | $9,380 |
| Roberts.Sherry..Boehm.Glen | $29,860 | $2,370 | $32,230 |
| Robertson.Darin | $17,460 | $0 | $17,460 |
| Robinson.Vernon | $25,240 | $0 | $25,240 |
| Rogers.Tina | $8,400 | $3,000 | $11,400 |
| Romp.Rollie | $16,200 | $0 | $16,200 |
| Rook.Wendianne | $2,600 | $0 | $2,600 |
| Runkle.Shelia | $7,250 | $0 | $7,250 |
| Sadler.Thomas.Parrott | $15,960 | $0 | $15,960 |
| Schlenker.Kaweheonalani.David | $6,290 | $0 | $6,290 |
| Schmuck.James | $15,160 | $0 | $15,160 |
| Schunke.Roxie | $19,400 | $39,040 | $58,440 |
| Scott.Tamara | $11,440 | $6,700 | $18,140 |
| Seaman.Sherry | $38,820 | $27,520 | $66,340 |
| Search.Leroy..Heisinger.Esther | $1,980 | $0 | $1,980 |
| Shaw.Patrick | $82,330 | $42,780 | $125,110 |
| Shellenberger.Jim.Cindy | $2,130 | $0 | $2,130 |
| Simmons.Lonny..Deb | $4,720 | $0 | $4,720 |

Verified Correct Copy of Original 12-5-2018

Exhibit 1
Page 9 of 12
August 29, 2018
Exhibit A
Klingbeil dec.

| | | | |
|---|---|---|---|
| Smiley.Trevor | $600 | $0 | $600 |
| Smith.Cathy | $800 | $0 | $800 |
| Smith.Larry | $83,040 | $34,780 | $117,820 |
| Smith.Robin | $1,560 | $0 | $1,560 |
| Solberg.Lucas.Gail | $2,130 | $7,100 | $9,230 |
| Speer.Jeremiah | $4,200 | $0 | $4,200 |
| Springer.Bobby | $5,670 | $17,420 | $23,090 |
| Stahler.Christina | $30,860 | $0 | $30,860 |
| Stanley.Heather | $15,400 | $0 | $15,400 |
| Stanley.Mike | $1,220 | $0 | $1,220 |
| St.Arnold. Krysten | $5,040 | $0 | $5,040 |
| Stava.Debra | $3,250 | $0 | $3,250 |
| Stevens.Martha | $4,200 | $0 | $4,200 |
| Stoehr.Susan | $33,000 | $0 | $33,000 |
| Straw.David | $4,147 | $15,040 | $19,187 |
| Streeter.Karen | $16,550 | $2,070 | $18,620 |
| Stuck.Gene | $2,010 | $0 | $2,010 |
| Sullivan.Delores | $2,800 | $0 | $2,800 |
| Sweet.Pamela | $17,580 | $2,560 | $20,140 |
| Tanner.Michael | $48,680 | $3,700 | $52,380 |
| Tate.Melanie | $7,560 | $3,350 | $10,910 |
| Temple.David.Nancy | $4,550 | $0 | $4,550 |
| Tewey.Kevin.Bonnie | $2,560 | $0 | $2,560 |
| Thacker.Jim | $8,010 | $0 | $8,010 |
| Tiedman.Alan.Rosalie | $15,750 | $15,010 | $30,760 |

Verified Correct Copy of Original 12/5/2018

Exhibit 1
Page 10 of 12
August 29, 2018

Exhibit A
Klingbeil dec.

| | | | |
|---|---|---|---|
| Trujillo.Arlene | $11,850 | $0 | $11,850 |
| Tucker.Chad | $3,750 | $7,040 | $10,790 |
| Vachter.Ken..Moon.Penny | $6,210 | $0 | $6,210 |
| Vandyke.Don&Peggy | $84,170 | $30,340 | $114,510 |
| Vazquez .Alberto | $5,500 | $0 | $5,500 |
| Vazquez .Conrado | $8,140 | $0 | $8,140 |
| Velquez-Campos, Eluviel | $21,350 | $0 | $21,350 |
| Vincent.Edie | $3,850 | $0 | $3,850 |
| Vinofgradoff-Ellis-Grosser.Dawn | $21,870 | $0 | $21,870 |
| Vordertstrasse.Dennis&Marilyn | $2,760 | $0 | $2,760 |
| Wall.Deborah | $58,860 | $48,980 | $107,840 |
| Walls.Anthony&Beverly | $22,250 | $0 | $22,250 |
| Waterman.Bud&Ginny | $6,150 | $0 | $6,150 |
| Watson.Myrna | $2,340 | $0 | $2,340 |
| Watson.Tiffany | $10,630 | $9,350 | $19,980 |
| White.Norma | $23,580 | $0 | $23,580 |
| Williams.Ann.Michelle | $16,190 | $0 | $16,190 |
| Williams.Arland | $59,260 | $0 | $59,260 |
| Williamson.Roger & Heather | $75,730 | $39,040 | $114,770 |
| Willis.Dafni | $14,030 | $0 | $14,030 |
| Willis.Gerald | $650 | $0 | $650 |
| Wilson.Paul | $4,200 | $0 | $4,200 |
| Wilson.Ronald | $18,830 | $0 | $18,830 |
| Wilson.Sara | $3,660 | $0 | $3,660 |
| Wilson.Sherry | $2,600 | $0 | $2,600 |

Verified Correct Copy of Original 12/5/2018

Exhibit 1
Page 11 of 12
August 29, 2018

Exhibit A
Klingbeil dec.

Case 19-60230-pcm11    Doc 105    Filed 03/25/20

Verified Correct Copy of Original 12/5/2018.

| | | | |
|---|---|---|---|
| Windham.Nancy | $4,400 | $0 | $4,400 |
| Winkle.Kevin&Kelly | $16,790 | $31,570 | $48,360 |
| Wise.Alyssa | $3,000 | $4,740 | $7,740 |
| Wolf.Jeri | $4,200 | $0 | $4,200 |
| Wolf.Nancy (Higgins) | $7,200 | $0 | $7,200 |
| Wolfe.Kathy | $4,440 | $0 | $4,440 |
| Wooldridge.Craig | $8,000 | $19,200 | $27,200 |
| Wright.George | $16,710 | $0 | $16,710 |
| Wright.Valerie | $28,820 | $0 | $28,820 |
| Wrolson.Henry | $2,200 | $0 | $2,200 |
| Young.Doug | $45,530 | $0 | $45,530 |
| | Amount Due - Electricity | Amount Due - Retaliation | Total Due - Electricity and Retaliation |
| **Totals:** | **$3,900,501** | **$964,450** | **$4,864,951** |

Exhibit 1
Page 12 of 12
August 29, 2018

Exhibit A
Klingbeil dec.

STATE OF OREGON
Marion County Circuit Courts

JAN 02 2020

FILED

Verified Correct Copy of Original 1/2/2020.

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

# FOR THE COUNTY OF MARION

| | |
|---|---|
| **LOREN HATHAWAY,** on behalf of himself and all others similarly situated within the state of Oregon; **GENNISE HATHAWAY,** on behalf of herself and all others similarly situated within the state of Oregon, and **HEATHER NOBLE,** on behalf of herself and all others similarly situated within the state of Oregon, <br><br> Plaintiffs, <br><br> v. <br><br> **B. & J. PROPERTY INVESTMENTS, INC.,** an Oregon corporation; **BETTER BUSINESS MANAGEMENT, INC.,** an Oregon Corporation doing business as Salem RV Park; and **WILLIAM J. BERMAN,** an individual, <br><br> Defendants. | Case No. 13C14321 <br><br> SUPPLEMENTAL JUDGMENT |

THIS MATTER was heard by the Court during a hearing in front of The Honorable Dennis Graves on December 3, 2018 regarding Class Counsel's ORCP 68 Petition for Attorney Fees and Costs. Plaintiffs did not appear but were represented by their attorneys, Mr. Brady Mertz and Mr. Rick Klingbeil. Defendants did not appear but were represented by their attorney, Mr. Hunter B. Emerick. The Court reviewed the parties' memoranda, took evidence, heard testimony and the attorneys' arguments. After the hearing, the Court took this matter under advisement, and issued a written opinion on February 12, 2019 and a Supplemental Opinion on October 8, 2019, and

Page 1 – SUPPLEMENTAL JUDGMENT

Brady Mertz, PC
345 Lincoln St SE
Salem, OR 97302
503-385-0121
brady@bradymertz.com

Verified Correct Copy of Original 1/2/2020.

1  issued an Order Granting Attorneys Fees, Costs and Disbursements on the 11th day of December,

2  2019.

3      At this time, because of the bankruptcy proceedings, commenced in the United States

4  Bankruptcy Court for the District of Oregon by Defendant B&J Property Investments, Inc. (case

5  no. 19-60138-pcm11) and by Defendant William J. Berman, (case no. 19-60230-pcm11), this

6  Supplemental Judgment DOES NOT create a judgment lien on the real property or other assets of

7  Defendants B&J Property Investments, Inc. or William J. Berman. Any purported lien, statutory

8  or otherwise with respect to this supplemental judgment, is invalid and of no force or effect at this

9  time.

10  **NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** as follows:

11     1. Plaintiffs/Class Members Loren Hathaway, Gennise Hathaway, and Heather Noble and

12        the Main Class members are the prevailing parties in this matter, and are awarded

13        $600.00 for a prevailing party fee.

14     2. Plaintiffs/Class Members Loren Hathaway, Gennise Hathaway, and Heather Noble and

15        the Main Class members have judgment against the Defendants, and each of them, in

16        the sum of $923,669.95, for attorney fees.

17     3. Plaintiffs/Class Members Loren Hathaway, Gennise Hathaway, and Heather Noble and

18        the Main Class members are awarded their costs and disbursements in the sum of

19        $891.25.

20     4. Plaintiffs/Class Members Loren Hathaway, Gennise Hathaway, and Heather Noble and

21        the Main Class members are awarded post-judgment interest at the rate of 9% simple

22        interest, except to the extent as otherwise determined by the US Bankruptcy Court for

23        the District of Oregon in case numbers 19-60230-pcm11 and 19-60132-pcm11.

24

25                              **MONEY AWARD**

26  1. Judgment Creditors:                  Loren Hathaway, Gennise Hathaway, and

Page 2 – SUPPLEMENTAL JUDGMENT

Brady Mertz, PC
345 Lincoln St SE
Salem, OR 97302
503-385-0121
brady@bradymertz.com

Exhibit B
Klingbeil Declaration

1

Heather Noble as representatives for the Plaintiffs Classes.

2

2. Judgment Creditors' addresses:

3

Loren Hathaway
PO Box 451
Montesano, Washington 98563

4

5

Gennise Hathaway
PO Box 451
Montesano, Washington 98563

6

7

Heather Noble
4490 Silverton Rd. NE #40
Salem, OR  97305

8

9

10

3. Judgment Creditors' attorneys:

Brady Mertz, OSB #970814
345 Lincoln St. SE
Salem, OR  97302
(503) 385-0121
brady@bradymertz.com

11

12

13

Rick Klingbeil, OSB #933326
1826 NE Broadway
Portland, OR 97232
(503) 473-8565
rick@klingbeil-law.com

14

15

16

17

4. Judgment Debtors:

B&J Property Investments, Inc.
4490 Silverton Rd. NE
Salem, OR  97305

18

19

DOB:                                N/A

20

SSN/EIN:                        93-1143149

21

Driver's License:              N/A

22

23

Better Business Management, Inc.
4490 Silverton Rd. NE
Salem, OR  97305

24

25

DOB:                                N/A

26

SSN/EIN:                        93-1193126

Brady Mertz, PC
345 Lincoln St  SE
Salem, OR  97302
503-385-0121
brady@bradymertz.com

Page 3 -- SUPPLEMENTAL JUDGMENT

Exhibit B
Klingbeil Declaration

| | | |
|---|---|---|
| 1 | Driver's License: | N/A |
| 2 | | William Berman |
| 3 | | 4490 Silverton Rd. NE |
| | | Salem, OR 97305 |
| 4 | | |
| 5 | SSN/EIN: | XXXX |
| 6 | Driver's License: | XXXX |

7.   5. Judgment Debtor's attorneys:   Hunter Emerick, OSB #841361
8.                                      Jennifer Paul, OSB #104791
                                        250 Church St. SE, Suite 200
9.                                      PO Box 470
                                        Salem, OR 97308
10.                                     (503) 399-1070

11.  6. Other persons or public bodies
12.     who are entitled to any portion
        of a payment made on this
13.     judgment:                       None

14.  7. Principal Amount of Judgment:   $925,161.20 (for attorney fees, costs and
15.                                     disbursements, and prevailing party fee)

16.  8. Pre-judgment interest:          None

17.  9. Post-judgment interest:         9% simple interest, per annum, on any unpaid
18.                                     principal of the money award in line 7 from the date
                                        of entry of judgment until such money award is
19.                                     satisfied, except to the extent as otherwise
                                        determined by the US Bankruptcy Court for the
20.                                     District of Oregon in case numbers 19-60230-pcm11
                                        and 19-60132-pcm11.

21

22

23

24   *Donald D Alvar*

25   *for Dennis Graves*

26

Brady Mertz, PC
345 Lincoln St SE
Salem, OR 97302
503-385-0121
brady@bradymertz.com

Page 4 – SUPPLEMENTAL JUDGMENT

Exhibit B
Klingbeil Declaration

Verified Correct Copy of Original 1/2/2020

1

2

**Certificate of Compliance with UTCR 5.100**

3

This submission is ready for judicial signature because:

4

⊔ 1. Each Opposing Party affected by this order or judgment has stipulated to the order or judgment, as shown by each opposing party's signature on the document being submitted.

5

⊠ 2. Each Opposing Party affected by this order or judgment has approved the order or judgment, as shown by signature on the document being submitted or by written confirmation or approval sent to me.

6

7

⊔ 3. I have served a copy of this order or judgment on all parties entitled to service and:

8

⊔ a. No objection has been served on me.

9

⊔ b. I received objections that I could not resolve with the opposing party despite reasonable efforts to do so. I have filed a copy of the objections I received and indicated which objections remain unsolved.

10

11

⊔ c. After conferring about objections (Opposing Party) agreed to independently file any remaining objection.

12

13

⊔ 4. The relief sought is against an opposing party who has been found in default.

14

⊔ 5. An order of default is being requested with this proposed judgment.

15

⊔ 6. Service is not required pursuant to subsection (3) of this rule, or by statute, rule or otherwise.

16

17

⊔ 7. This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of the Crime Victims Assistance Section as required by subsection (4) of this rule.

18

DATED this _19th_ day of December 2019.

19

20

21

/s/ Brady Mertz
Attorney for Plaintiff, OSB #970814

22

23

24

25

26

Brady Mertz, PC
345 Lincoln St SE
Salem, OR 97302
503-385-0121
brady@bradymertz.com

Exhibit B
Klingbeil Declaration



Verified Correct Copy of Original 10/16/2018
Verified Correct Copy of

DONALD D. ABAR
Circuit Court Judge
PHONE: (503) 585-4939
FAX: (503) 588-5114

**CIRCUIT COURT OF OREGON**
**THIRD JUDICIAL DISTRICT**
**MARION COUNTY COURTHOUSE**
**P.O. BOX 12869**
**SALEM, OR 97309-0869**

April 27, 2018

CORRECTED OPINION LETTER

Rick Klingbeil
Attorney at Law
1826 NE Broadway
Portland, OR 97232

Brady Mertz
Attorney at Law
345 Lincoln Street SE
Salem, Oregon 97302

Hunter Emerick
Saalfeld Griggs PC
PO Box 470
Salem, Oregon 97308

Jennifer Paul
Saalfeld Griggs PC
PO Box 470
Salem, Oregon 97308

      RE:    Loren Hathaway et al vs. B & J Property Investments, Inc. et al
              Case # 13C14321

Counsel,

      This will acknowledge receipt of counsels' written closing arguments dated January 15, 2018. I have reviewed them as well as my trial notes and the Exhibits. Additionally, I have reviewed the relevant law and the record of this bifurcated bench trial.

      In Defendant's written closing argument, the Court is urged that the appropriate burden of proof in this "piercing the corporate veil phase" of the trial is clear and convincing evidence. Defense counsel does not cite any law or secondary support for that argument. The Court has not found any specific Oregon law on point and absent any, the standard burden of proof typically used in Oregon civil cases is a preponderance of the evidence. Nevertheless, I am sufficiently persuaded by the evidence in this portion of the trial to apply a clear and convincing standard.

      In the earlier portion of this bifurcated trial, this court ruled in favor of the Plaintiff class; and that Better Business Management, Inc.'s (hereinafter referred to as BBM) violation of ORS 90.315(4)(c) and ORS 90.385(1) was caused by William Berman, individually, and the

Exhibit C
Klingbeil dec.

Verified Correct Copy of Original 10/16/2018.
Verified Correct Copy of Original 4/27/2018.

shareholders of B & J and BBM. The sole issue in this second half of the trial is whether BBM's sister corporation, B & J Property Investment, Inc.'s, (hereinafter referred to as B & J) corporate veil should be pierced. In the earlier liability and damages portion of the trial, the court found that BBM was liable to the Plaintiff class for damages in excess of $4,000,000.00. The court also learned that BBM does not have assets totaling nearly that much. The significant assets are held by BBM's sister corporation, B & J Property Investments, Inc. Hence the Plaintiff class is seeking to "pierce" the corporate veil of B & J.

The controlling case on piercing the corporate veil in Oregon is *Amfac Foods, Inc., vs. International Systems and Controls Corporation*, 294 Or 94, 654 P2d 1092 (1982). Prior to the *Amfac* appellate decision by the Oregon Supreme Court, the trial court in *Amfac* below had tried that piercing case using a standard of "finding injustice by the subsidiary corporation" (of the corporate parent who's veil was attempted to be pierced). The Supreme Court enunciated a test to be followed in the retrial of *Amfac* and corporation piercing cases to follow. The Court also reviewed the historically murky realm of veil piercing law in Oregon and established a new three prong test. Under Oregon's current law, a plaintiff must prove:

A. That a shareholder exercised actual control over corporation (in this case BBM);
B. The shareholder engaged in wrongful conduct with respect to the entity BBM; and
C. The shareholder's wrongful conduct caused the complained of injury by the BBM corporation or the corporation's inability to pay the amount owed the Plaintiff class.

This Court must find that the Plaintiff class proved each of the above three prongs to pierce the B & J corporate veil.

Before applying the *AMFAC* test, I must rule on a defense Motion taken under advisement during trial.

At the conclusion of Plaintiffs' case in chief, Defendants' counsel made an ORCP 54B Motion for dismissal of Plaintiffs' agency claims as follows:

(1) BBM as an agent of B & J; and
(2) BBM as an agent of William Berman.

Mr. Emerick argued that actual and/or apparent agency had not been proven. After review of the evidence and the law, the Motion is allowed. Mr. Emerick made the same ORCP 54 Motion as to Plaintiffs' claim of intentional misrepresentation by William Berman on behalf of both BBM and B & J. That Motion is also allowed.

## CONCLUSION "A" OF AMFAC TEST

I conclude that the shareholders of B & J Property Investments, Inc. and William Berman, individually, did exercise complete control of BBM.

2

Exhibit C
Klingbeil dec.

### Factual Findings in Support of Conclusion "A"

The evidence revealed that Debra Berman's father, Eugene Jones, initially formed B & J Property Investments, Inc. The primary asset of B & J was Salem RV Park (referred hereinafter at SRVP), (which includes storage units). Mr. Jones' stock in B & J was transferred to his daughter, Debra Berman, and her husband, William Berman. Mr. and Mrs. Berman each owned 50% of the stock of B & J.

After Mr. Berman became President of B & J, he and his wife incorporated BBM solely according to his testimony, to provide as a "corporate shield" for the assets of B & J. In addition to William and Debra Berman becoming the sole shareholders and officers of BBM and B & J, William Berman was the registered agent of both corporations. Both corporations also used the same corporate address. Pursuant to a Lease dated January 29, 1996 (Ex. 46) BBM leased SRVP from B & J to manage SRVP (158 spaces), under the Oregon Landlord Tenant Act, as well as 261 storage units on SRVP property. That Lease (Ex. 47) was extended in 2008, and subsequently amended and extended in 2013 through 2015 (Ex's. 48-50).

In 2015, B & J refinanced its loans from U.S. Bank through Columbia Credit Union. The loan from Columbia to B & J was approximately $2,400,000.00. The shareholders of B & J and Mr. Berman as President, required that BBM pledge the rental income from its property management duties to guarantee payment of the B & J loan. That action by BBM was certainly not in any way to the benefit of BBM and not an arms-length transaction between B & J and BBM. But it is an extreme example of the control exerted over BBM.

(B & J's shareholders and its President's requirement of BBM is further evidence of wrongful conduct by Mr. Berman and the shareholders of B & J toward BBM). Discussed under Conclusion B below.

Debra Berman testified that there was never a "safety net of money" set aside by BBM in the event of a liability claim. (Ex. 62, P.10 of 11) BBM did not purchase or attempt to obtain errors and omissions coverage for the officers and directors of BBM or B & J. Hence, the reason for this portion of the bifurcation trial in which Plaintiffs seek to pierce the corporate veil of B & J.

### CONCLUSION "B" OF AMFAC TEST

I conclude that the shareholders of B & J Property Investments, Inc., and William Berman, individually, did engage in wrongful conduct with respect to BBM.

### Factual Findings in Support of Conclusion "B"

William and Debra Berman were the sole shareholders of B & J and BBM during all

3

Exhibit C
Klingbeil dec.

Verified Correct Copy of Original 10/16/2018.
Verified Correct Copy of Original 4/27/2018.

relevant times of Plaintiffs' claims. As President of both corporations and a shareholder, Mr.
Berman, caused BBM to violate ORS 90.315(4)(c) through his own contrived plan to "avoid
losing money on electrical charges" that BBM owed to its utility provider. He directed BBM
staff to charge tenants a higher rate per KWH than the utility provider charged by BBM. The
evidence revealed that Mr. Berman instructed staff to inform tenants they would be charged .12¢
per KWH, which they were told was the same rate the utility charged BBM. That was patently
false. He also, without consistent disclosure in class members' Rental Agreements, charged each
tenant $10 monthly as a meter reading fee ($10 x 157 tenant spaces = $1,570.00 monthly). Also,
contrary to this court's Order dated January 15, 2015, BBM retaliated under ORS 90.385(1)
against the Plaintiff class by ceasing to charge an elevated KWH rate and the monthly meter
reading fee and; instead, simply raised the monthly rental amount an approximately equal
amount. The shareholders of BBM and Mr. Berman, as President, engaged in BBM's misconduct
by their actions described herein. The Court does not find William Berman's contrived rationale
for BBM's meter reading fee and excess utility charges as explained in his testimony, to be
credible. His hearsay testimony, which was uncorroborated in an Offer of Proof is similarly not
credible.

## CONCLUSION "C" OF AMFAC TEST

I conclude that the shareholders of B & J Property Investments, Inc.'s and William
Berman, individually, caused the complained of injury by the BBM Corporation or BBM's
inability to pay the amount owed to the Plaintiff class.

### Factual Findings in Support of Conclusion "C"

1. Undercapitalization.

BBM was initially capitalized in 1995 for $500.00. There was never additional
capitalization paid by the two shareholders. As I understand current Oregon case law, as
enunciated in *Stirling-Wanner vs. Pocket Novels, Inc., et al*, 129 Or App 341, 879 P2d 210
(1994), undercapitalization must be considered solely at the formation of a corporation.
Therefore, in this case, the Court is limited to considering whether $500.00 was sufficient
capitalization in 1995 given the reasonably anticipated liabilities and operational expenses for a
property management company for a property like SRVP. I conclude that William Berman,
individually, and as President of B & J, did engage in improper conduct with respect to the
Plaintiff class through his control of BBM.

No law was cited by counsel in this case which would allow a court to reconsider the
undercapitalization question as over time the reasonably anticipated liabilities of a corporation
change. That policy seems counterintuitive since there have been significant changes in the
Oregon Residential Landlord Tenant Act, Chapter 90, Oregon Revised Statutes. Those changes
in the past forty plus years certainly could result in increased reasonably anticipated liability for
a property management company. Nevertheless, I find that BBM was undercapitalized given its
management duties of SRVP with regard to potential liability under the Oregon Landlord Tenant
Act (as enacted by the 1973 Oregon Legislature and later amended prior to 1995) as well as

4

Exhibit C
Klingbeil dec.

Verified Correct Copy of Original 10/16/2018.
Verified Correct Copy of Original 4/27/2018.

potential liability with regard to management of the large number of storage units. For example, the retaliation statute, ORS 90.385(1) was in the 1993 Act.

2. Milking.

Shareholders in Oregon corporations have been held liable for a corporation's debts because they have milked the corporation of funds. See *Amfac*, supra 294 Or 94, 109 (1982); *Oregon Public Employee's Retirement Board vs. Simat, Helliesen & Eichner, et al*, 191 Or App 408, 83 P3d 350 (2004). Plaintiffs argue that the terms of the original 1996 Lease between B & J and BBM (Ex. 46), and the successive iterations, extensions and amendments of those Leases (Ex's. 47-50) reveal that the shareholders of B & J and Mr. Berman individually set about to milk the assets of BBM from execution of the first property management Lease between B & J and BBM.

The initial 1996 Lease between B & J and BBM (Ex 46) called for BBM to pay B & J a monthly flat fee rent of $22,000.00 plus 90% of BBM's net income from the previous calendar month's use of the leased premises. That percentage was to be paid on the 7th of each month for the preceding month's management of SRVP.

A later Lease in 2013, (Ex. 48) contained a significant change which required BBM to substantially increase the monthly flat fee rent to $29,000.00 plus paying B & J the same 90% of BBM's net monthly income. There was no stated rationale in the 2013 or 2014's corporate minutes for the flat fee increase, or in the trial testimony of the shareholders of both corporations, Mr. and Mrs. Berman.

John Hawkins, CPA was called as an expert witness for Plaintiffs. He considered the common ownership of BBM and B & J as he reviewed and analyzed the financial and corporate records of the two corporations. He testified that BBM made nominal profit over the first few years, looking at a snapshot of its first 10 years from inception. However, after the 2013 amendment to the Lease (Ex. 48) when BBM's flat monthly rent was increased to $29,000.00, BBM lost money over the following 6 years. Also, looking at BBM's retained earnings, that number has been negative since 2014. He further testified that the cash assets that once existed in BBM, began to be stripped out of that corporation in salary payments to its officers and shareholders, William and Debra Berman (Ex. 108); as well as increased lease payments to its sister corporation, B & J.[1] The last taxable income for BBM was $3,829.00 in 2009, well before the filing of the current lawsuit in 2013.

Another example of William Berman and B & J milking BBM relates to the payment of Defendants' William Berman's attorney fees. William Berman testified that initially all attorney fees were paid by BBM even though William Berman individually and B & J were named as

---

[1] (Information from BBM Annual Meeting Minutes for 2014 (Ex. 57), 2015 (Ex. 58) and 2016 (Ex. 59)

      2014 – Net loss ($68,003) Officer salaries $48,000.00

      2015 – Net loss ($85,972) Officer salaries $48,000.00

      2016 – Net loss ($33,111) Officer salaries $48,000.00

5

Exhibit C
Klingbeil dec.

Verified Correct Copy of Original 10/16/2018.
Verified Correct Copy of Original 4/27/2018.

Defendants. That is a clear example of milking and commingling of corporate and personal funds.

The first mention of the pending litigation is found in the 2014 corporate minutes of BBM (Ex. 57). In the 2015 BBM corporate minutes (Ex. 58) there is a mention of a $200,000.00 loan from William and Debra Berman, individually to BBM. In his testimony, Mr. Berman stated that loan was to provide cash to BBM for the payment of attorney fees for all named defendants. BBM was required to sign a Promissory Note with interest and a payment schedule. In earlier years when the Bermans individually borrowed money from BBM, no such formalities were required by BBM.

William Berman testified that B & J eventually paid $70,000.00 on behalf of B & J's attorney fees (Ex. 1a, P. 23 of 24). Even though Mr. Berman was named as an individual Defendant, he never personally contributed any funds toward attorney fees which I find is clear evidence of milking. I also find that using BBM corporation's corporate funds for the payment of Mr. Berman's personal attorney fees is evidence of commingling. Rather than using personal funds to pay for personal expenses, Mr. Berman used corporate funds.

Defendants called Spencer Powell as a witness to testify whether the B & J / BBM leases, amendments and extensions (Ex's. 46 – 55) were "reasonable and equitable" to BBM as the property manager of SRVP. Mr. Powell is an MAI general real estate appraiser and has been since the early 1990's. He testified that he has appraised RV parks and storage unit properties using accepted appraisal approaches. However, he emphasized that he did <u>not</u> do an appraisal of SRVP even though the written Services Agreement dated October 13, 2017 to engage Mr. Powell stated he was hired to prepare an appraisal report (emphasis added). He testified that the scope of his work under the Services Agreement changed on approximately October 20, 2017. After that date he was no longer hired to do a traditional appraisal but instead only to evaluate whether the BBM/B & J Lease was "reasonable and equitable" to BBM.

Defense counsel made an oral Motion during trial to Decertify Mr. Powell as an expert witness for the reason that he did not prepare a formal appraisal report as described in ORS 674.100(b) and expanded upon in the USPAP. The Court took that matter under advisement since it had not been raised before trial in a Motion in Limine. Setting that Motion aside temporarily, Mr. Powell testified despite his thorough research, he could not find any comparable leases to the Lease in question. He further testified in his many years as an appraiser, he had <u>never</u> been engaged to determine whether a property management lease was reasonable and equitable (emphasis added).

Regardless of the argument made by defense counsel concerning the requirement to prepare a formal appraisal report, because of the lack of comparable properties and leases, and this being the first time Mr. Powell was requested to determine whether a lease is reasonable and equitable in its terms, I conclude Mr. Powell is not an expert witness given the limited scope of his employment. I give his testimony no weight in arriving at this decision. I find that under ORS 674.100(b), Mr. Powell's testimony did not meet the definition of "real estate appraisal activity." Because of that finding, defense counsels' Motion is denied.

6

Exhibit C
Klingbeil dec.

Verified Correct Copy of Original 10/16/2018
Verified Correct Copy of Original 4/27/2018

Spencer Taylor was called to testify as an expert property manager by Plaintiffs. He holds an MBA and JD degrees, and has held a real estate broker's license since 1990. He owns and operates a property management company which began in 1997 and manages approximately 800 units, including residential and commercial properties. Mr. Taylor has managed Section 8 housing, which he likened to SRVP in that the rents are comparatively lower than stick houses and generally require a full service management company, including on-site employees. Mr. Taylor was considered as an expert witness by the court and testified regarding the current market price for management services for a property such as SRVP. He stated that would be 7% to 8% of the gross rents collected (including laundry revenue) plus an additional $40,000.00 charge for maintenance. A review of Ex's. 15 and 115 reveal that BBM's property management fees were never cumulatively equal to those fees.

Mr. Taylor reviewed the Leases between B & J and BBM as being "not typical" property management agreements in that they do not clearly spell out a property management fee nor do they provide for the management company being paid extra funds for maintenance expenses. I find, by its terms, the commercial leases between B & J and BBM were not arm's length transactions between the two sister corporations but instead written to allow the milking of BBM by B & J.

I conclude from the factual findings set forth in this letter, William Berman's wrongful conduct as President of B & J caused the Plaintiff class' injury by BBM and the resultant inability of BBM to pay Plaintiffs' damages. Counsel for the Plaintiff class is awarded attorney fees pursuant to ORS 90.225 and ORCP 32 as well as reasonable costs and disbursements. Attorney fees shall be presented pursuant to ORCP 68 and a cost bill should be filed for costs and disbursements.

Counsel for the Plaintiff class should prepare a form of Order and/or Judgment for my review by May 1, 2018. I appreciate all counsels' extensive work thus far on this long and complex case.

Sincerely,

Dennis J. Graves
Senior Circuit Court Judge

DJG/sjl

7

Case 19-60230-pcm11    Doc 105    Filed 03/25/20

Exhibit C
Klingbeil dec.



Verified Correct Copy of Original 10/16/2018
Verified Correct Copy of

DONALD D. ABAR
Circuit Court Judge
PHONE: (503) 585-4939
FAX: (503) 588-5114

# CIRCUIT COURT OF OREGON
## THIRD JUDICIAL DISTRICT
### MARION COUNTY COURTHOUSE
P.O. BOX 12869
SALEM, OR 97309-0869

STATE OF OREGON
Marion County Circuit Courts

JUL 25 2018

FILED

July 25, 2018

Rick Klingbeil
Attorney at Law
1826 NE Broadway
Portland, OR 97232

Brady Mertz
Attorney at Law
345 Lincoln Street SE
Salem, Oregon 97302

Hunter Emerick
Saalfeld Griggs PC
PO Box 470
Salem, Oregon 97308

Jennifer Paul
Saalfeld Griggs PC
PO Box 470
Salem, Oregon 97308

> RE:   Loren Hathaway et al vs. B & J Property Investments, Inc. et al
>        Case # 13C14321

Counsel,

Counsel for Defendants filed Defendants' Objections to Findings of Fact and Conclusions of Law, et al. I have reviewed that in regard to the Court's Opinion Letter and Corrected Opinion Letter dated April 27, 2018.

Defense counsel is correct in their Objections that the Court did not rule on three of Defendants' Rule 54B Motions. I have now reviewed the audio record of the trial and rule as follows:

> Rule 54B Motion re: Capitalization – Denied.
> Rule 54B Motion re: Milking – Denied.
> Rule 54B Motion re: Corporate Formalities – Denied.

Exhibit C
Klingbeil dec.

Verified Correct Copy of Original 10/16/2018.
Verified Correct Copy of Original 7/25/2018.

Defense counsel was also correct that the Court erroneously stated in its Opinion Letter that William Berman was found to be individually liable in an earlier proceedings in this case. Nevertheless, based upon the evidence in the second bifurcated trial, summarized in the Findings of Fact and Conclusions of Law in my April 27, 2018 Opinion Letter, I do find Mr. William Berman is individually liable. I do not find Debra Berman is individually liable.

Sincerely,

*Donald S Allen for Judge Graves*

Dennis J. Graves
Senior Circuit Court Judge

DJG/sjl

Exhibit C
Klingbeil dec.

**KEITH D. KARNES**, OSB No.  033521
keith@keithkarnes.com
Karnes Law Offices, PC
2701 12th St. NE
Salem, OR 97302
Tel: 503-385-8888
Fax: (503) 385-8899

**KEVIN J. RANK**, OSB No. 914034
kevinr@opusnet.com
Rank & Associates, PC
1265 Waller St SE
Salem OR  97302
Tel:  503-362-6068
Fax:  503-362-7095

**BRADY MERTZ,** OSB No. 970814
brady@bradymertz.com
Brady Mertz PC
345 Lincoln St SE
Salem OR  97302
Tel: 503-385-0121
Fax:  503-375-2218

**RICK KLINGBEIL,** OSB No.  933326
rick@klingbeil-law.com
Rick Klingbeil PC
1826 NE Broadway
Portland OR  97232
Tel:  503-473-8565

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| In re B. & J. Property Investments, Inc. Debtor. | Case No. 19-60138-pcm11 **LEAD CASE** <br><br> Jointly Administered with Case No. 19-60230-pcm11 |
|---|---|

**Page 1  -    DECLARATION OF LUTE LEDESMA ISO MOTION FOR CLASS CERTIFICATION OF *HATHAWAY* CLASS ACTION CREDITORS**

Exhibit D
Klingbeil declaration

| | |
|---|---|
| In re William J. Berman, Debtor. | **DECLARATION OF LUTE LEDESMA IN SUPPORT OF MOTION FOR CLASS CERTIFICATION OF *HATHAWAY* CLASS ACTION CREDITORS** |

## <u>DECLARATION OF LUTE LEDESMA</u>

I, **LUTE LEDESMA**, do hereby state and declare:

      1.      I am one of the class members in the state court litigation entitled *Hathaway et al. v. B. & J. Property Investments, Inc., et al*, MCCC 13C1432. I currently have a judgment against the Defendants in that case for $87,360, plus interest.

      2.      I have lived, and still live at the mobile home park located at 4490 Silverton Road NE, Salem, Oregon that was previously named "Salem RV Park," and was recently changed to "Salem Estates RV Park."

      3.      I have personal knowledge of the facts set forth in this Declaration, and for those matters set forth on information and belief, I believe those to be true. If called upon to testify, I could and would testify to the same in a court of law.

      4.      One afternoon Calvin and Cindy Butcher, management employees of the Salem Estates RV Park ("Park") knocked on my door. They told me that they were about two to four signatures short, and if they didn't get them, the Park would be closed down, and that we'll all have to move tomorrow.

      5.      They then asked me if I still had the form they gave me last month, and if I did, please fill it out with a yes vote, and sign it. They told me that the form has nothing

Exhibit D
Klingbeil declaration

to do with the class action, it has to do with just keeping the Park open to keep us from having to move.

6.     I told them I did not have the form. They told me to come down to the office, and that Bill Berman would explain what's going on, and I could sign the form down there.

7.     A few minutes later, I arrived at the Park office. Calvin and a front desk employee were there, but not Bill Berman. A couple of other people were there signing, and Calvin was explaining that the form had nothing to do with the class action, but was necessary to keep the Park open.

8.     I took the blue form and left. I saw Bill Berman and his wife outside the office. Mr. Berman out his hand on my shoulder and guided me back to the office. He told me that the form has nothing to do with the class action, but was just to keep the Park open so we didn't have to move.

9.     Bill had me sign the form which was already filled out, and that I had to sign. I did not want to sign it, but under the circumstances, I did. I felt like I was conned into signing the form.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Exhibit D
Klingbeil declaration

10.     If Mr. Berman and his employee Calvin Butcher had told me the truth, including that the Park was not going to be closed and I would not have to move out tomorrow (or in the near future), and that the form was actually concerning the judgment I had against the Park, I would not have signed the form approving the bankruptcy Plan.

**I declare under penalty of perjury under the laws of United States of America and the State of Oregon that the foregoing is true and correct, and   that this declaration was executed on the _/0_ day of January, 2020 at Salem, Marion County, Oregon.**

By ~~_____~~
LUTE LEDESMA

Exhibit D
Klingbeil declaration

**KEITH D. KARNES**, OSB No. 033521
keith@keithkarnes.com
Karnes Law Offices, PC
2701 12th St. NE
Salem, OR 97302
Tel: 503-385-8888
Fax: (503) 385-8899

**KEVIN J. RANK**, OSB No. 914034
kevinr@opusnet.com
Rank & Associates, PC
1265 Waller St SE
Salem OR 97302
Tel: 503-362-6068
Fax: 503-362-7095

**BRADY MERTZ,** OSB No. 970814
brady@bradymertz.com
Brady Mertz PC
345 Lincoln St SE
Salem OR 97302
Tel: 503-385-0121
Fax: 503-375-2218

**RICK KLINGBEIL,** OSB No. 933326
rick@klingbeil-law.com
Rick Klingbeil PC
1826 NE Broadway
Portland OR 97232
Tel: 503-473-8565

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF OREGON

| | |
|---|---|
| In re B. & J. Property Investments, Inc.<br>Debtor. | Case No. 19-60138-pcm11<br>**LEAD CASE**<br><br>Jointly Administered with<br>Case No. 19-60230-pcm11 |

**Page 1 -   DECLARATION OF DEBORAH WALL ISO MOTION FOR CLASS
CERTIFICATION OF *HATHAWAY* CLASS ACTION CREDITORS**

Exhibit D
Klingbeil declaration

| In re William J. Berman, Debtor. |
|---|

**DECLARATION OF DEBORAH WALL IN SUPPORT OF MOTION FOR CLASS CERTIFICATION OF *HATHAWAY* CLASS ACTION CREDITORS**

<u>**DECLARATION OF DEBORAH WALL**</u>

I, DEBORAH WALL, do hereby state and declare:

      1.      I am one of the class members in the state court litigation entitled *Hathaway et al. v. B. & J. Property Investments, Inc., et al*, MCCC 13C1432. I currently have a judgment against the Defendants in that case for $107,840, plus interest.

      2.      I have lived, and still live at the mobile home park located at 4490 Silverton Road NE, Salem, Oregon that was previously named "Salem RV Park," and was recently changed to "Salem Estates RV Park."

      3.      I have personal knowledge of the facts set forth in this Declaration, and for those matters set forth on information and belief, I believe those to be true. If called upon to testify, I could and would testify to the same in a court of law.

      4.      The day after I received a package with a blue ballot, I was approached by Cindy (I believe her last name is "Butcher") at the Park office. It is my understanding and belief that Calvin Butcher is employed by the Salem RV Park, and I sometimes see Cindy working and/or helping Calvin Butcher at the Salem RV Park office.

      5.      Cindy wanted me to sign the blue ballot accepting the bankruptcy plan, and return it to the office. I told her I needed to read it before I did anything.

      5.      I did not sign or return it to the office as requested.

      6.      Cindy told me "if the plan is not accepted, we would all have to move out in a month."

Exhibit D
Klingbeil declaration

7.      After that, I saw Calvin and Cindy pull up to my place in a vehicle, but because of the way my car was parked, they could not get to my front door.  It appeared that Cindy had papers in her hand.

8.      I called the office to see what they wanted. I was told by Sandy at the office that she did not know why they came by.  I told her to tell them to call me if they needed in my space.

9.      Calvin and Cindy then came back to my space.  Cindy told me that "they had people coming to the office and I needed to come up right away."

10.     I asked Cindy how they wanted me to sign the ballot.  She told me that "we want you to accept the plan so we all can stay in the park and not have to move."

11.     Cindy also told me twice, "this has absolutely nothing to do with the lawsuit."

**I declare under penalty of perjury under the laws of the United States of America and the State of Oregon that the foregoing is true and correct, and that this declaration was executed on the __20th__ day of January, 2020 at Salem, Marion County, Oregon.**

By _____
                Deborah Wall

**KEITH D. KARNES**, OSB No. 033521
keith@keithkarnes.com
Karnes Law Offices, PC
2701 12ᵗʰ St. NE
Salem, OR 97302
Tel: 503-385-8888
Fax: (503) 385-8899

**KEVIN J. RANK**, OSB No. 914034
kevinr@opusnet.com
Rank & Associates, PC
1265 Waller St SE
Salem OR 97302
Tel: 503-362-6068
Fax: 503-362-7095

**BRADY MERTZ,** OSB No. 970814
brady@bradymertz.com
Brady Mertz PC
345 Lincoln St SE
Salem OR 97302
Tel: 503-385-0121
Fax: 503-375-2218

**RICK KLINGBEIL,** OSB No. 933326
rick@klingbeil-law.com
Rick Klingbeil PC
1826 NE Broadway
Portland OR 97232
Tel: 503-473-8565

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re B. & J. Property Investments, Inc. Debtor. | Case No. 19-60138-pcm11 **LEAD CASE** <br><br> Jointly Administered with Case No. 19-60230-pcm11 |

**Page 1 -**   **DECLARATION OF TIMOTHY HUSTED ISO MOTION FOR CLASS CERTIFICATION OF *HATHAWAY* CLASS ACTION CREDITORS**

Exhibit D
Klingbeil declaration

| In re William J. Berman, Debtor. | **DECLARATION OF TIMOTHY HUSTED IN SUPPORT OF MOTION FOR CLASS CERTIFICATION OF *HATHAWAY* CLASS ACTION CREDITORS** |
|---|---|

## DECLARATION OF TIMOTHY HUSTED

I, TIMOTHY HUSTED, do hereby state and declare:

1. I am one of the class members in the state court litigation entitled *Hathaway et al. v. B. & J. Property Investments, Inc., et al*, MCCC 13C1432. I currently have a judgment against the Defendants in that case for $66,340, plus interest.

2. I have lived, and still live at the mobile home park located at 4490 Silverton Road NE, Space 18, Salem, Oregon that was previously named "Salem RV Park," and was recently changed to "Salem Estates RV Park."

3. I have personal knowledge of the facts set forth in this Declaration, and for those matters set forth on information and belief, I believe those to be true. If called upon to testify, I could and would testify to the same in a court of law.

4. The day after I received a package with a blue ballot, I was approached by Calvin Butcher at the Park office. It is my understanding and belief that Calvin and his wife Cindy Butcher are employed by the Park, and I sometimes see him working at the Park office.

5. Calvin wanted me to sign the blue ballot accepting the bankruptcy plan, and return it to the office.

6. Calvin Butcher told me if I "didn't sign the ballot approving the plan, then the park residents would be forced to leave in a week because the park would shut down."

I declare under penalty of perjury under the laws of United States of America and the State of Oregon that the foregoing is true and correct, and that this declaration was executed on the ___ day of January, 2020 at Salem, Marion County, Oregon.

By _____
Timothy Husted

Exhibit D
Klingbeil declaration

## CERTIFICATE OF SERVICE

I, Keith Karnes, certify that I served the forgoing document via ECF which will in turn serve:

TIMOTHY J CONWAY      tim.conway@tonkon.com,
candace.duncan@tonkon.com;spencer.fisher@tonkon.com;leslie.hurd@tonkon.com
NICHOLAS J HENDERSON      nhenderson@portlaw.com,
tsexton@portlaw.com;mperry@portlaw.com;hendersonnr86571@notify.bestcase.com


SHANNON R MARTINEZ      smartinez@sglaw.com, scurtis@sglaw.com
ERICH M PAETSCH      epaetsch@sglaw.com, ktate@sglaw.com
TERESA H PEARSON      teresa.pearson@millernash.com, MNGD-2823@millernash.com

TROY SEXTON      tsexton@portlaw.com,
nhenderson@portlaw.com,mperry@portlaw.com,troy-sexton-4772@ecf.pacerpro.com

US Trustee, Eugene      USTPRegion18.EG.ECF@usdoj.gov

And I further served the following via first class mail, postage prepaid, addressed to:




Fischer, Hayes, Joye & Allen, LLC
3295 Triangle Dr #200
Salem, OR 97302




Dated March 25, 2020.

/s/ Keith D. Karnes
Keith D. Karnes OSB # 033521