Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
Motschenbacher & Blattner LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

*Of Attorneys for Debtor William J. Berman*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>WILLIAM J. BERMAN,<br><br>Debtor. | Case No. 19-60230-pcm11<br><br>DEBTOR WILLIAM J. BERMAN'S RESPONSE TO AD HOC GROUP'S MOTION FOR CLASS CERTIFICATION (Dkt. 105) |

## RESPONSE

Would-be class representatives Loren Hathaway, Gennise Hathaway and Heather Noble ("Plaintiffs") have filed a motion seeking to certify a class for the alleged "limited purpose", as applicable here, of "pursuing and defending claims based on the Hathaway Class's judgments and any supplement[al] judgments arising from state court litigation in Hathaway et al. v. B. & J. Properties, et. al., MCCC 13C14321." Plaintiffs' motion fails to meet procedural requirements and is therefore fatally flawed. Specifically, Plaintiffs failed to file a contested matter and failed to limit the class certification to a particular matter. Further, even assuming the court was in a position to determine whether the Rule 23 factors for class certification have been satisfied, there are unique facts and circumstances among the would-be class members that would defeat class certification. Thus, the motion should be denied.

Page 1 of 6
{00355517:1}

WILLIAM J. BERMAN'S RESPONSE TO AD HOC GROUP'S
MOTION FOR CLASS CERTIFICATION

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc 109    Filed 04/15/20

# ARGUMENT

## A. Plaintiff's Motion is Procedurally Defective

### 1. Plaintiffs' Failure to File a Contested Matter is Grounds for Denial

"In a contested matter, the party seeking to rely on Rule 23 must file a motion under Rule 9014." *In re Dynegy*, 770 F.3d 1064, 1069 (2nd Cir. 2014); *Mortland v. Aughney, No. C 11 00743 WHA*, 2011 WL 2653515, at *1 (N.D. Cal. July 6, 2011) (holding bankruptcy court did not err in exercising its discretion not to apply Rule 7023 because the failure of appellants to move the bankruptcy court pursuant to Rule 9014 was dispositive). Failure to file such a motion or cite to the applicable bankruptcy rule is itself grounds for denying the Motion. See, e.g., *In re Dynegy*, 770 F.3d at 1069 (purported class representative "did not follow these procedures and thus cannot assert a right to represent a class. His failure to initiate class proceedings in compliance with the proper bankruptcy procedures, despite having had more than two months to comply with the rules, rendered [him] unable to represent a class that had never been designated by the Bankruptcy Court, much less assume the role of representative of such an undesignated class"); *Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir. 1989) (party who failed to timely petition the bankruptcy court to apply the provisions of Rule 9014 and Rule 7023 ignored a mandatory requirement essential to filing a class claim in bankruptcy court and could not receive class certification); *Mull v. Motion Picture Indus. Health Plan*, No. LA CV 12 06693 VBF, 2019 WL 6655389, at *1 (C.D. Cal. July 12, 2019) (failure to cite on-point local rule or demonstrate why the movant met the rule's standard enough to deny motion); *Holy Trinity Greek Orthodox Church v. Church Mut. Ins. Co.*, No. CV 04 1700 PHX SMM, 2006 WL 8440615, at *2 (D. Ariz. Apr. 27, 2006) (same).

Page 2 of 6
{00355517:1}

WILLIAM J. BERMAN'S RESPONSE TO AD HOC GROUP'S MOTION FOR CLASS CERTIFICATION

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc 109    Filed 04/15/20

Plaintiffs did not file a Rule 9014 Motion. Instead, they appear to have assumed that this jointly administered main bankruptcy case is its own adversary proceeding, and filed the Motion as if Rule 23 automatically applies. It does not, and the Motion should be denied on this ground alone.

2. <u>Plaintiffs' Failure to Limit the Class Certification Motion to a "Particular Matter" is Grounds for Denial</u>

As addressed above, because Plaintiffs filed in the lead case, they were required to file the motion as a contested matter. However, there is no basis or legal authority for certifying a class in an unknown number of unspecified contested matters at one time. To the contrary, Bankruptcy Rule 9014 provides that a court may apply Rule 7023 "in a particular matter", i.e., not for an entire case. That is why, when courts analyze whether to exercise their discretion to apply Rule 23, they do so one contested matter at a time. See, e.g., *In re Dynegy*, 770 F.3d 1064, 1069 (2nd Cir. 2014); *In re Verity Health*, 2019 WL 2903269, at *4.

Plaintiffs have not articulated why they are seeking class certification in the main case. Yet, they seek blanket class certification for the purpose of "pursuing and defending claims based on the Hathaway Class's judgments and any supplement[al] judgments arising from state court litigation in Hathaway et al. v. B. & J. Properties, et. al., MCCC 13C14321." To the extent Plaintiffs seek wholesale class certification for all future contested matters concerning the underlying state court litigation, such a request is not only at odds with Bankruptcy Rule 9014, but would also create uncertainty and could potentially jeopardize the implementation and interpretation of the confirmed plan. For example, Debtor's confirmed plan does not treat any group of creditors as a certified class. Likewise, the plan sets out when an event of default would occur with respect to any "Allowed Claim," and not with respect to a certified class. To the extent a class were certified at this time for every contested matter concerning the state court litigation going

Page 3 of 6
{00355517:1}
WILLIAM J. BERMAN'S RESPONSE TO AD HOC GROUP'S
MOTION FOR CLASS CERTIFICATION

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc 109    Filed 04/15/20

forward, it would create uncertainty as to whether a default as to any individual Allowed Claim would trigger a default as to the entire certified class. To allow such a result after the plan has been confirmed would not only prejudice Debtor, but cast the confirmed plan into doubt for all stakeholders.

Indeed, if the Court granted the relief sought by this Motion, Plaintiffs could interject on behalf of hundreds creditors in every future contested matter concerning the state court litigation, large or small, no matter how tangentially interested they are in that matter. For example, Plaintiffs may be attempting an impermissible end-run around Debtor's discharge pursuant to the Plan and Section 1141(d)(1) of the Bankruptcy Code. If successful, this would undermine the protections afforded to Debtor and all of the creditors who timely asserted claims under the Bankruptcy Code, "by permitting those who missed the bar date … to interpose claims." *In re W.R. Grace & Co.*, 389 B.R. 373, 380 (Bankr. D. Del. 2008). Congress explicitly granted debtors a discharge of all debts through confirmation of a plan in Bankruptcy Code Section 1141(d)(1). See 11 U.S.C. §§ 524(a) and 1141 (discharging claims through the date of a confirmed plan). The discharge of debt is a fundamental benefit bestowed upon debtors by Congress. See, e.g., *River City Bank v. Mathis (In re Mathis)*, 465 B.R. 325, 335 (Bankr. N.D. Ga. 2012) (noting that absent a discharge, a debtor is denied "the most fundamental benefit of filing a bankruptcy case."); *In re Brown*, 163 B.R. 596, 598 (Bankr. N.D. Fla. 1993) (stating that discharge is one of the "two key benefits" of bankruptcy). Allowing Plaintiffs to prosecute class prepetition claims, and perhaps even class administrative claims, would interfere with the uniform application of the bar dates by reinstating the discharged claims of purported class members who failed to assert claims within the time limits applicable to similarly situated creditors under the confirmed plan.

Page 4 of 6
{00355517:1}

WILLIAM J. BERMAN'S RESPONSE TO AD HOC GROUP'S
MOTION FOR CLASS CERTIFICATION

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc 109    Filed 04/15/20

Plaintiffs should not be permitted to engage in such underhanded conduct. Rather than rush to conclude that Plaintiffs should represent an entire group of creditors for all purposes related to the pursuit and defense of claims based on the Hathaway Class's judgments, the Court should take care and follow the bankruptcy rules' requirement to analyze whether to exercise its discretion to apply Rule 23 in each "particular matter" if and when the individual question is properly posed to the Court. Because the Motion lumps all future matters together—without citing to any authority for doing so—the Motion should be denied.

**B.     The Rule 23 Factors Will Not Be Satisfied**

An analysis of the Rule 23 factors is not appropriate at this time for the reasons set forth above. Debtor expressly reserves his right to address each of the Rule 23 factors if and when a contested matter is identified and the Court elects to exercise its discretion to apply Bankruptcy Rule 7023, and in turn Rule 23, to that proceeding.

That said, the Court should be aware that the allegations with respect to Debtor's purported conduct at the time of plan balloting, as set out in the Motion, is not only false but irrelevant given that Debtor's plan has already been confirmed. Debtor denies the false innuendo and claims alleged by Plaintiffs, as Debtor has always made it a priority to treat his tenants with the utmost kindness, honesty, and respect. There are unique facts and circumstances that would defeat class certification and Debtor reserves the right to address each of them if and when the Court determines to apply Bankruptcy Rule 7023, and in turn Rule 23, to any particular proceeding. See *In re Ephedra Prod. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y. 2005) (class certification may be less desirable in bankruptcy than in ordinary civil litigation) (citing *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988)).

{00355517:1}

WILLIAM J. BERMAN'S RESPONSE TO AD HOC GROUP'S
MOTION FOR CLASS CERTIFICATION

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc 109    Filed 04/15/20

**C.     Reservation and Adoption**

The matters addressed herein are also currently being addressed by debtor B. & J. Property Investments, Inc. ("B&J") in Case No. 19-60138-pcm11, which is being jointly administered with this case. To the extent Debtor has not addressed any matter addressed by B&J in its opposition to Plaintiffs' motion for class certification, Debtor hereby reserves its right to adopt and does adopt B&J's arguments as his own.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Class Certification should be denied.

DATED: April 15, 2020

                                        MOTSCHENBACHER & BLATTNER LLP

                                        /s/ Nicholas J. Henderson
                                        Nicholas J. Henderson, OSB# 074027
                                        Email: nhenderson@portlaw.com
                                        117 SW Taylor Street, Suite 300
                                        Portland, Oregon 97204
                                        Telephone: (503) 417-0508
                                        Fax: (503) 417-0528

Page 6 of 6
{00355517:1}

WILLIAM J. BERMAN'S RESPONSE TO AD HOC GROUP'S MOTION FOR CLASS CERTIFICATION

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc 109    Filed 04/15/20

CERTIFICATE OF SERVICE

      I, Nicholas J. Henderson, hereby certify that I served the foregoing **WILLIAM J. BERMAN'S RESPONSE TO AD HOC GROUP'S MOTION FOR CLASS CERTIFICATION** on the following person(s) through operation of the Court's CM/ECF electronic filing system:

- TIMOTHY J CONWAY     tim.conway@tonkon.com, candace.duncan@tonkon.com; spencer.fisher@tonkon.com; leslie.hurd@tonkon.com
- KEITH D KARNES     keith@rankkarneslaw.com, patricia@rankkarneslaw.com; 9982680420@filings.docketbird.com; KarnesKR42869@notify.bestcase.com
- SHANNON R MARTINEZ     smartinez@sglaw.com, scurtis@sglaw.com
- ERICH M PAETSCH     epaetsch@sglaw.com, ktate@sglaw.com
- TERESA H PEARSON     teresa.pearson@millernash.com, MNGD-2823@millernash.com
- US Trustee, Eugene     USTPRegion18.EG.ECF@usdoj.gov

      DATED: April 15, 2020.

                                              By: /s/ Nicholas J. Henderson
                                              Nicholas J. Henderson, OSB #074027
                                              Of Attorneys for Defendant

Page 1 of 1
{00355517:1}
CERTIFICATE OF SERVICE

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 19-60230-pcm11    Doc 109    Filed 04/15/20